Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| **BLENDTEC INC., a Utah corporation,**<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC., a Delaware corporation, MAVORCO HOLDINGS, LLC, a Delaware limited liability company, MAVORCO IP, LLC, a Delaware limited liability company, and MAVORCO OPERATIONS, LLC, Delaware limited liability company,**<br><br>Defendants. | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND SUCCESSOR LIABLIITY**<br><br>Civil No. 2:25-cv-00096-DBP<br><br>Judge  Dustin B. Pead |

Plaintiff Blendtec, Inc. ("Plaintiff" or "Blendtec"), by and through its counsel, alleges and complains against Defendant Blendjet Inc. ("Blendjet"), Defendant Mavorco Holdings, LLC, Defendant Mavorco IP, LLC, and Mavorco Operations, LLC (collectively "Mavorco") as follows:

## NATURE OF THE ACTION

This is an action (1) to stop Mavorco and Blendjet, which is temporarily operating on behalf of Mavorco, from infringing Blendtec's federally registered trademarks and engaging in unfair competition in violation of the Lanham Act, and (2) to impose successor liability on Mavorco for the trademark infringement of its predecessor in interest, Blendjet.

## THE PARTIES

1.      Blendtec is a Utah corporation with its principal place of business at 1206 South 1680 West, Orem, Utah, 84058. Blendtec manufactures and sells commercial and consumer blending machines.

2.      Upon information and belief, Blendjet is a Delaware corporation with its principal place of business at 5159 Commercial Circle, Suite B, Concord, CA, 94520. Until on or about January 13, 2025, Blendjet manufactured and sold consumer blending machines on its own behalf. Since on or about January 13, 2025, Blendjet has manufactured and sold consumer blending machines on behalf of Mavorco.

3.      Upon information and belief, Mavorco Holdings, LLC, is a Delaware limited liability company formed on or about December 10, 2024.

4.      Upon information and belief, Mavorco IP, LLC, is a Delaware limited liability company formed on or about December 10, 2024.

5.      Upon information and belief, Mavorco Operations, LLC, is a Delaware limited liability company formed on or about December 10, 2024.

6.      Upon information and belief, the Mavorco entities were incorporated for the sole purpose of purchasing Blendjet's assets and continuing the business operations of Blendjet. Upon

information and belief, on or about January 13, 2025, one or more of the Mavorco entities purchased all assets of Blendjet.

## JURISDICTION AND VENUE

7.      This is an action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq*. (the "Lanham Act"). This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and 1338, as it involves claims arising under the Lanham Act. Subject matter jurisdiction is also conferred on this Court by 28 U.S.C. § 1332(a) on the basis of diversity citizenship. There is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds the jurisdictional amount. This Court has supplemental jurisdiction over the factually-related state law claims in this dispute pursuant to 28 U.S.C. § 1367.

8.      Upon information and belief, this Court has personal jurisdiction over Blendjet because Blendjet has established minimum contacts with this forum. On information and belief, Blendjet regularly and continuously transacts business in the State of Utah, including by regularly soliciting business in Utah and selling its goods and services to residents and consumers located in the state of Utah. By virtue of these actions, Blendjet has purposefully availed itself of the privilege of conducting business in this State and in this judicial district.

9.      Upon information and belief, this Court has personal jurisdiction over the Mavorco entities because they have established minimum contacts with this forum. On information and belief, Mavorco purchased Blendjet's assets on January 13, 2025, including Blendjet's website, social media accounts, trademarks, and inventory. On information and belief, Mavorco regularly

and continuously transacts business in the State of Utah, including by regularly soliciting business in Utah and selling its goods and services to residents and consumers located in the state of Utah. By virtue of these actions, Mavorco has purposefully availed themselves of the privilege of conducting business in this State and in this judicial district.

10.     Venue is proper in this Court under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### Blendtec's Products and Trademark Rights

11.     Blendtec is a Utah Corporation, with its headquarters in Orem, Utah. Founded in 1975, Blendtec has manufactured and sold a variety of consumer and professional grade blenders and related accessories since that time. Blendtec has enjoyed widespread success in the blender industry. Blendtec offers a premium brand blender that has been among the top selling blenders in the United States for decades.

12.     Blendtec manufactures and sells both residential and commercial blenders and accessories. Among the residential blender accessories sold by Blendtec is the Blendtec GO, which is a travel bottle accessory that offers a single-serve blend-in-cup option for use with Blendtec's blenders.

13.     Blendtec operates a website at www.blendtec.com where consumers can learn about and shop for Blendtec blenders and accessories. Blendtec also sells its blenders through retail stores such as Bed Bath & Beyond, Best Buy, Williams Sonoma, Home Depot, and others.

14.     On September 18, 1999, Blendtec filed with the United States Patent and Trademark Office ("USPTO") U.S. Trademark Application Serial No. 75-801,328 to register BLENDTEC as a trademark in connection with blenders.

15.    As a result of this application, Blendtec had constructive use priority in the BLENDTEC Mark based on its September 18, 1999 application date.

16.    On February 27, 2001, the USPTO issued to K-Tec, Inc. U.S. Registration No. 2,431,060 ("the '060 Registration") for the BLENDTEC mark for use in connection with blenders for use in the field of food and drink preparation (the "BLENDTEC Mark"). K-Tec, Inc. is the owner of the '060 Registration. The BLENDTEC Mark is registered on the Principal Register. Blendtec claims a first use in commerce of the BLENDTEC Mark on May 22, 1999. A true and correct copy of the '060 Registration is attached hereto as **Exhibit A**.

17.    On December 22, 2010, Blendtec filed with the USPTo U.S. Trademark Application Serial No. 85-203,654 to register its swirl design logo (reproduced below) as a trademark in connection with blenders.



18.    As a result of this application, Blendtec had constructive use priority in the swirl design mark based on its December 22, 2010 application date.

19.    On November 1, 2011, the USPTO issued to K-Tec, Inc. U.S. Registration No. 4,050,765 ("the '765 Registration") for the Swirl Design mark for use in connection with electric food blenders for use in the field of food and drink preparation (the "Swirl Design Mark"). K-Tec, Inc. is the owner of the '765 Registration. The Swirl Design Mark is registered on the Principal

Register. Blendtec claims a first use in commerce of the BLENDTEC mark in March 2000. A true and correct copy of the '060 Registration is attached hereto as **Exhibit B**.

20.     Continuously since 1999, Blendtec has used its BLENDTEC mark in advertising and marketing its blenders and related accessories, including on the internet as shown by the following screenshots:

https://www.blendtec.com    ⋮

## Blendtec: A Superior Blending Experience

**Blendtec** takes pride in its products. From mills, to mixers, to the world's most advanced blender - **Blendtec's** are made with your needs in mind.

21.     For many years, Blendtec has continuously promoted its products on its website using the BLENDTEC Mark and Swirl Design Mark as shown by the screen shots below:



[www.blendtec.com](www.blendtec.com).

22.     Blendtec also uses its marks to promote its products on social media. The following screen shot is an advertisement Blendtec published on FaceBook on January 27, 2025, where Blendtec has over 171,000 followers:



https://www.facebook.com/Blendtec/videos/551444354612379.

    23.    The following screen shot shows an advertisement published by Blendtec on Instagram on December 24, 2025, where Blendtec has nearly 95,000 followers:



https://www.instagram.com/p/DDXR6eEsfIP/

24.    Blendtec has published 170 videos, that have cumulatively had nearly 3,700,000 views, to its YouTube channel, where it has produced its famous Will-it-Blend YouTube series which has been recognized as one of the most successful internet marketing campaigns in history.

25.    Blendtec's advertising efforts, including the famous Will-it-Blend YouTube series and media appearances, including The Tonight Show with Lay Leno, The Today Show, and on the Discovery Channel, and its commercial accomplishments have contributed to its reputation and

goodwill, making Blendtec a well-known and recognized name in the field of blenders throughout the United States and globally.

26.    Blendtec enjoys success and a highly regarded reputation in its field due in large part to its use of, and rights in, the BLENDTEC Mark and the Swirl Design Mark.

27.    Blendtec has made significant expenditures and sacrifices to achieve the success it now enjoys. Blendtec enforces its rights in the BLENDTEC Mark and Swirl Design Mark to ensure Blendtec's continued success and excellent reputation.

28.    As a result of Blendtec's continuous use of its trademarks, including advertising and selling services under its marks, the BLENDTEC Mark and Swirl Design Mark have become assets of substantial value to Blendtec as distinctive indications of the origin and quality of Blendtec's services. Blendtec uses the BLENDTEC Mark and Swirl Design Mark in interstate commerce in connection with the sale and advertising of its blenders and related accessories nationwide and throughout the world.

**Blendjet Begins Using BLENDJET and a Swirl Design in Connection with Blenders**

29.    On information and belief, in or about October 2017, decades after Blendtec began using the BLENDTEC Mark in commerce, Blendjet began using the BLENDJET mark in connection with selling portable blenders.

30.    On September 20, 2018, Blendjet filed with the USPTO an application to register the mark BLENDJET (US Ser. No. 88-125,709) with the USPTO.

31.    On May 14, 2019, the USPTO issued Reg. No. 5,750,510 for the BLENDJET mark in International Class 7 in connection with "Electric food processors; Food processors, electric;

Electric mixers; Electric food blenders; Electric hand-held mixers for household purposes; Hand-held electric-powered food processors" (the "BLENDJET Mark").

32.    On June 19, 2019, Blendjet filed with the USPTO an application to register a swirl design (US Ser. No. 88-480,647) with the USPTO.

33.    On December 31, 2019, the USPTO issued Reg. No. 5,950,040 for Blendjet's Swirl Design in International Class 7 in connection with Electric food processors; Electric mixers; Electric mixers for household purposes; Electric hand-held mixers for household purposes; Food processors, electric; Hand-held electric-powered food processors" (the "Blendjet Swirl Mark"). Collectively, the BLENDJET Mark and the Blendjet Swirl Mark will be referred to herein as the "Infringing Marks."

34.    At the time that Blendjet began using the Infringing Marks and filed applications to register the Infringing Marks, it was aware of Blendtec and its trademarks.

35.    Blendjet has sold millions of Blendjet blenders, including nationwide direct to consumer through its website at www.blendjet.com as well as through retail stores, including in Utah, such as Target, Walmart, and Home Depot.

36.    Blendtec has received hundreds, if not thousands, of calls from confused consumers who believed that the Blendjet blender they had purchased was put out by Blendtec or was the portable product being offered by Blendtec.

37.    Most of the the confused consumer calls that Blendtec has received were warranty inquiries made to Blendtec related to faulty or defective Blendjet blenders.

38.    In December of 2023, Blendjet issued a massive recall of nearly 5,000,000 Blendjet blenders after the Consumer Product Safety Commission found that the "recalled blenders can

overheat or catch fire and the blender blades can break off, posing fire and laceration hazards to consumers." https://www.cpsc.gov/Recalls/2024/BlendJet-Recalls-4-8-Million-BlendJet-2-Portable-Blenders-Due-to-Fire-and-Laceration-Hazards.

39.    Thereafter, Blendtec received numerous calls regarding the recall from consumers who mistakenly believed that the recalled blenders were Blendtec blenders.

**Mavorco Purchases Blendjet's Assets and Begins Selling
Portable Blenders under the Blendjet and Swirl Design Marks.**

40.    Upon information and belief, in late November 2024, Sandton Capital Partners ("Sandton"), which holds itself out as a "capital partner," specializing in "helping management teams effectively navigate . . . transition periods," including through "asset purchases," purchased a loan from Wells Fargo secured by all of Blendjet's assets, including the Infringing Marks.

41.    Upon information and belief, on December 10, 2024, the Mavorco entities were formed in Delaware.

42.    Upon information and belief, the Mavorco entities were formed for the sole purpose of acquiring Blendjet's assets and continuing Blendjet's operations.

43.    Upon information and belief, the intent of Blendjet, Sandton, and Mavorco, was to transfer Blendjet's assets to Mavorco which would continue to operate Blendjet without interruption, including under the same name, trademarks, domain, website, social media accounts, and with an identity of owners and employees.

44.    Upon information and belief, on or about January 13, 2025, Sandton foreclosed on the Blendjet assets and sold them to Mavorco.

45.    Upon information and belief, on or about January 13, 2025, Mavorco acquired all assets of Blendjet, including the www.blendjet.com domain, Blendjet's website, the Infringing

Marks, and Blendjet's social media accounts.

46.     Upon information and belief, Mavorco is currently continuing the operations of Blendjet without interruption, including by using the Blendjet name and selling portable blenders under the Infringing Marks.

47.     Upon information and belief, Mavorco intends to continue the operations of Blendjet without interruption into the future.

48.     Upon information and belief, Blendjet Inc. intends to dissolve and cease to exist as an ongoing entity within the next 90 days.

**The Use by Mavorco and Blendjet of Marks that are
Substantially Similar to Blendtec's Marks Have Caused
and Will Continue to Cause Confusion in the Marketplace**

49.     There is substantial similarity between the parties' respective trademarks and respective products.

50.     The Infringing Marks are imitations of the BLENDTEC Mark and the Swirl Design Mark.

51.     Defendants use the BLENDJET Mark and the Blendjet Swirl Mark in connection with manufacturing and selling portable blenders and related accessories. The screenshots below show Blendjet blenders being promoted and offered for sale on Mavorco's website at www.blendjet.com:





52.     The blenders of both Blendtec and Mavorco are available to purchase online, including at the parties' respective websites (www.blendtec.com and www.blendjet.com). The parties display their respective marks at the top of their respective websites as follows:



53.     Consumers are likely to see the parties' products when searching online for blenders, as both parties advertise heavily online, including through Google ads, Facebook, Instagram, and Twitter, among others.

54.     The following screenshots show Blendtec's Facebook profile followed by Blendjet's Facebook profile as of February 6, 2025:



55.    The following are examples of Facebook advertisements for a Blendtec blender and a Blendjet blender from January 21, 2025, and February 4, 2025, respectively:





56.    In addition, consumers can also view and purchase both Blendjet and Blendtec blenders at the same third-party retail sites at the same time, including for example Walmart.

57.    The following screenshot shows a Blendjet blender and a Blendtec blender available for purchase on www.walmart.com as of February 6, 2025:



https://www.walmart.com/ip/BlendJet-2-Orbiter-Lid-the-Original-Portable-Blender-16-oz-Mint/5341842003?classType=REGULAR&from=/search.



https://www.walmart.com/ip/Blendtec-Classic-575-Blender-90-oz-WildSide-and-75-oz-FourSide-Blender-Jar-Kitchen-Blender-Bundle-Poppy-Red/184214576?classType=REGULAR&from=/search

58.    As the foregoing shows, Mavorco's Blendjet blenders and Blendtec's Blendtec blenders are sold in the same places and are marketed in a similar manner to largely the same group of consumers. Thus, it is likely that Defendants' use of substantially similar marks on similar products will cause consumer confusion.

59.    In fact, as stated above, Blendtec has received hundreds, if not thousands, of calls from confused consumers believing they had purchased a Blendjet blender, including defective or recalled blenders, from Blendtec.

60.    Defendants' unauthorized use in commerce of the Infringing Marks as alleged herein is likely to confuse or deceive consumers as to the origin, source, sponsorship, or affiliation of Blendjet goods and services, and is likely to cause consumers to believe, contrary to fact, that Blendjet goods and services are sold, authorized, endorsed, or sponsored by Blendtec, or that Blendjet is in some way affiliated with or sponsored by Blendtec. As a result, Defendants' conduct therefore constitutes trademark infringement in violation of the Lanham Act.

61.    Upon information and belief, Defendants' use of the Infringing Marks to promote and sell substantially similar goods is an intentional attempt to trade off Blendtec's reputation and goodwill and to drive consumers from Blendtec to Blendjet. Defendants' use of the Infringing Marks is also confusingly similar to Blendtec's BLENDTEC Mark and Design Swirl Mark and is likely to cause consumer confusion and a false association between Blendjet blenders and the products offered by Blendtec, falsely leading consumers to believe that the services emanate from the same source or that Blendtec and Blendjet are affiliated.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement Under § 32 of the**
**Lanham Act Against Mavorco and Blendjet)**

62.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

63.    Blendtec is the owner of the '060 Registration for the BLENDTEC Mark, which is registered on the Principal Register.

64.    Blendtec is also the owner of the '765 Registration for the Swirl Design Mark, which is registered on the Principal Register.

65.    Blendtec has been using the BLENDTEC Mark since at least May 22, 1999, and

has been using the Swirl Design Mark since at least October 7, 2010, in connection with its blenders and related accessories.

66.     Mavorco and Blendjet are using the Infringing Marks in commerce as alleged herein.

67.     The use by Mavorco and Blendjet of the Infringing Marks is confusingly similar to Blendtec's BLENDTEC Mark and Blendtec's Swirl Design Mark.

68.     The actions as described herein of Blendjet and Mavorco constitute trademark infringement of Blendtec's '060 and '765 Registrations under 15 U.S.C. § 1114, in that use of the Infringing Marks creates a likelihood of confusion among the consuming public as to the source of the goods, as to the origin or association of the parties, or is likely to cause mistake or to deceive.

69.     Upon information and belief, Blendjet and Mavorco were aware of Blendtec's BLENDTEC Mark and Design Swirl Mark when it committed the acts as alleged herein.

70.     Upon information and belief, Blendjet and Mavorco committed their acts of infringement in willful and flagrant disregard of Blendtec's lawful rights.

71.     Defendants will, if not enjoined by this Court, continue their acts of trademark infringement as set forth above.

72.     Defendants' trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Blendtec's registered BLENDTEC Mark and Design Swirl Mark, as well as damages and irreparable injury to Blendtec's business, goodwill, and reputation. Blendtec has no adequate remedy at law because damages are continuing and difficult to ascertain. On information and belief, Defendants' continued use of the Infringing Marks is deliberate, willful, fraudulent, and constitutes knowing infringement of Blendtec's mark, and

makes this case exceptional.

73.    By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Blendtec is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendants, their officers, agents, assigns, and employees from using the Infringing Marks or any other confusingly similar marks in the advertising, marketing, or sale of blenders or related products.

74.    By virtue of the foregoing, Blendtec is entitled to an award of treble damages and attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

75.    By virtue of the foregoing, Blendtec is entitled to monetary damages, together with interest thereon, against Defendants.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition and False Designation of Origin**
**Under § 43 of the Lanham Act Against Mavorco and Blendjet)**

76.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

77.    Blendtec has been using the BLENDTEC Mark and name for its blenders and related accessories continuously since at least September of 1999, and has been using its Design Swirl Mark and logo for its blenders and related accessories continuously since at least October of 2010. As a result, Blendtec has developed common law rights in those marks.

78.    Blendtec's trade name "Blendtec" is distinctive and has acquired secondary meaning.

79.    Defendants' actions of using the Infringing Marks as described herein in their advertising, marketing, and selling of products and services constitutes a violation of Section 43(a)

of the Lanham Act (15 U.S.C. § 1125(a)), on the ground that it creates a likelihood of confusion among prospective purchasers as to the source, origin, or association of the parties, and further on the grounds that such usage induces, or is likely to induce, prospective purchasers and other to believe that Defendants' products are offered by, manufactured, endorsed, or approved by, or are otherwise connected in some way with, Blendtec.

80.     Upon information and belief, Blendjet and Mavorco were aware of Blendtec's BLENDTEC Mark and Design Swirl Mark when they committed their acts of infringement.

81.     Upon information and belief, Defendants intend to cause confusion and mistake and intend to deceive the buyers of their services and products into believing that they are buying products or services produced by, marketed by, sponsored by, approved of, or licensed by Blendtec.

82.     Defendants' actions as alleged herein infringe Blendtec's common law trademark rights under federal common law, Utah law, and constitute acts of unfair competition.

83.     Defendants will, if not enjoined by this Court, continue their acts of trademark infringement as set forth above. Such improper acts have caused and will continue to cause Blendtec immediate and irreparable harm.

84.     By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Blendtec is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendants, and their officers, agents, assigns, and employees, from using the Infringing Marks or any other confusingly similar marks in the advertising, marketing, or sale of blenders and related accessories.

85.     By virtue of the foregoing, Blendtec has suffered damages, the exact amount of

which it has not yet been able to determine.

86.     By reason of the foregoing, and pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Blendtec is entitled to injunctive relief, treble damages, together with interest thereon, in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**(Violations of Utah Deceptive Trade Practices Act,**
**Utah Code Ann. 13-11a-3, Against Mavorco and Blendjet)**

87.     Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

88.     Blendtec is the owner of the distinctive BLENDTEC Mark and the Swirl Design Mark, which are registered with the USPTO on the Principal Register.

89.     The BLENDTEC Mark and the Swirl Design Mark are valid and subsisting trademarks in full force and effect.

90.     Defendants willfully and knowingly used, and continue to use the Infringing Marks in interstate commerce to advertise, promote, and sell blenders and related accessories.

91.     Defendants' advertisements and promotions of products unlawfully using the Infringing Marks have been disseminated to the relevant purchasing public.

92.     Defendants sells their products under the Infringing Marks without Blendtec's consent.

93.     By using the Infringing Marks, Defendants passed off their goods as those of Blendtec, and have caused a likelihood of confusion or misunderstanding as to the source of its products and services and has thereby engaged in a deceptive trade practice under Utah law.

94.    Upon information and belief, Defendants knowingly made a false representation as to the source, sponsorship, approval, or certification of goods by its use of the Infringing Marks with knowledge of Blendec's BLENDTEC Mark and Swirl Design Mark.

95.    The foregoing misconduct of Defendants constitutes deceptive trade practices in violation of Utah Code Annotated § 13-11a-3 and § 13-11a-4.

96.    Defendants' unauthorized sale of blenders and related accessories bearing the Infringing Marks and unauthorized use of the Infringing Marks in advertising materially damages the value of the BLENDTEC Mark and the Swirl Design Mark and causes significant damage to Blendtec and its business relations.

97.    As a result of Defendants' actions, Blendtec is entitled to recover damages to fairly and reasonably compensate it for Defendants' conduct.

98.    Blendtec is also entitled to prevent, restrain, and enjoin Defendants from current and future uses of the Infringing Marks.

99.    Blendtec is also entitled to an award of its attorneys' fees for being required to file and prosecute this action.

100.    Blendtec has no adequate remedy at law, has suffered and is continuing to suffer irreparable harm as a result of Defendants' acts, and therefore is entitled to permanent injunctive relief to enjoin Defendants from further misconduct.

## FOURTH CLAIM FOR RELIEF
### (Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101)

101.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

102.    Blendtec owns superior trademark rights in its BLENDTEC Mark and its Swirl Design Mark, which are distinctive in Utah, and constitute valuable intellectual property.

103.    Defendants began using the Infringing Marks without the consent of Blendtec after Blendtec began using the BLENDTEC Mark and Swirl Design Mark.

104.    Defendants' unauthorized use of the BLENDJET Mark in connection with blenders and related accessories is likely to cause injury to Blendtec, and Blendtec is entitled to damages in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF
### (Federal Common Law Successor Liability Against Mavorco)

105.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

106.    Upon information and belief, Mavorco was incorporated and exists solely to continue the operations of Blendjet.

107.    Upon information and belief, upon its incorporation, Mavorco had knowledge of the Blendtec marks and Blendtec's infringement allegations against Blendjet and took Blendjet's assets and marks subject to that knowledge.

108.    Upon information and belief, there is substantial continuity in the operation of Blendjet's business before and after the asset transfer.

109.    Upon information and belief, Mavorco owns the Infringing Marks and continues to sell Blendjet blenders under the Infringing Marks.

110.    Upon information and belief, Mavorco owns and continues to operate the www.blendjet.com domain and Blendjet's website, where Mavorco continues to promote and advertise Blendjet blenders without interruption.

111.    Upon information and belief, Mavorco owns Blendjet's social media accounts where Mavorco continues to advertise Blendjet blenders without interruption.

112.    Upon information and belief, some or all Blendjet officers, employees, and/or shareholders became or will become officers, employees, and/or shareholders of Mavorco.

113.    Upon information and belief, Blendjet has no assets and is currently operating solely on behalf of Mavorco, under a lease, with Blendjet to make a full accounting to Mavorco.

114.    Upon information and belief, Blendjet intends to dissolve within the next 90 days.

115.    Upon information and belief, Mavorco is a mere continuation of Blendjet or is a successor under a *de facto* merger and is liable for any judgment or other liability found against Blendjet.

116.    As a result of the foregoing, Mavorco, as Blendjet's successor, is liable to Blendtec for the actions of Blendjet complained of herein.

## SIXTH CLAIM FOR RELIEF
**(Successor Liability Against Mavorco)**

117.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

118.    In or about late November, 2024, a transfer of all of Blendjet's assets was made to Sandton, for inadequate consideration such that little or no value was received by Blendjet to satisfy the claims of its unsecured creditors, including Plaintiff.

119.    On information and belief, following the transfer of assets from Blendjet to Sandton, Sandton continued to conduct the same business as Blendjet without interruption, using the same name and marks, assets, domain name, websites, social media accounts, and some or

many of the same owners, employees and officers.  Sandton further held itself out to the public as a continuation of the business conducted by Blendjet.

120.    On information and belief, Sandton assumed only those liabilities of Blendjet that were necessary for a continuation of the business.

121.    On or about December 10, 2024, the Mavorco entities were incorporated in Delaware.

122.    On information and belief, the Mavorco entities were formed for the sole purpose of continuing the business operations of Blendjet.

123.    On information and belief, on or around January 13, 2025, Sandton and Mavorco orchestrated a sham foreclosure that caused all former Blendjet assets to be transferred from Sandton to Mavorco. On information and belief, little or no value was received by Sandton or Blendjet to satisfy the claims of unsecured creditors, including Plaintiff.

124.    Since that time, Mavorco has continued the same business as Blendjet, without interruption, using the same name and marks, assets, domain name, websites, social media accounts, and some or many of the same owners, employees and officers. Mavorco has further held itself out to the public as a continuation of the business operations of Blendjet.

125.    Mavorco assumed only those liabilities of Blendjet that were necessary for a continuation of the business.

126.    Upon information and belief, since the asset transfer, the intent has at all times been for Blendjet to dissolve and it will dissolve and cease to exist as an ongoing entity within the next 90 days.

127.    Mavorco is a mere continuation of the business of Blendjet or is a successor of Blendjet by a result of a *de facto* merger, and Mavorco therefore may be held liable to Plaintiff as the successor-in-interest to Blendjet.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment in its favor against Defendant as follows:

1.    Enjoining Defendants, and all other persons participating or acting in concert with them, from all acts of trademark infringement, unfair competition, and/or any other wrongful conduct alleged in this Complaint;

2.    An order from the Court directing Defendants to provide an accounting of all revenues and profits gained by Defendants while engaging in the acts complained of in this Complaint;

3.    Awarding Plaintiff its actual damages and any additional damages that the Court deems just and equitable under the circumstances;

4.    Awarding Plaintiff treble damages and attorneys' fees for Defendant's deliberate and willful misconduct;

5.    Awarding Plaintiff punitive damages for Defendant's deliberate and willful misconduct;

6.    An order finding Mavorco to be successor-in-interest to Blendjet and therefore liable for all amounts owed to Plaintiff by Blendjet;

7.    Awarding Plaintiff prejudgment and post-judgment interest;

8.    Awarding Plaintiff allowable costs; and

9.       Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury for all issues so triable pursuant to Fed. R. Civ. P. 38(b) and 38(c) and under the United States Constitution.

Dorsey & Whitney LLP

DATED this 11th day of February, 2025.

By: /s/ *Brett L. Foster*
Brett L. Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
DORSEY & WHITNEY LLP
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*