**EXHIBIT A**

Brett Foster (#6089)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>    Defendant. | **MOTION TO CONSOLIDATE**<br><br>Civil No. 2:21-cv-00668-TC-DBP<br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Pursuant to Rule 42 of the Federal Rules of Civil Procedure and Local Rule DUCivR 42-1, Plaintiff Blendtec, Inc. ("Plaintiff") hereby respectfully moves the Court to consolidate Civil Action No. 2:25-cv-00096-DBP (the "2025 Action") into the above-captioned case (the "2021 Action"), so that both matters be administered as one matter for all appropriate purposes.

**I.    INTRODUCTION**

The 2021 Action and the 2025 Action present essentially the same trademark infringement lawsuit involving identical trademarks. The same issues of law exist in both suits—*i.e.*, whether there is a likelihood of confusion between "BLENDJET" and the Blendjet swirl design mark and "BLENDTEC" and the Blendtec swirl design mark. Both cases present similar issues of fact—

1

*e.g.*, evidence of actual consumer confusion in the form of hundreds of calls, emails, and warranty inquiries from confused consumers calling Blendtec about Blendjet blenders. Both actions have the same plaintiff (Blendtec) and share a common defendant (Blendjet). The 2025 Action also includes as defendants newly formed companies (collectively, "Mavorco") that are assignees of the marks at issue in the 2021 Action and have stepped into the shoes of Blendjet for purposes of those marks. The defendants in the 2025 Action will undoubtedly raise the exact same defenses as Blendjet raised in the 2021 Action. The 2021 Action and 2025 Action not only raise common factual and legal issues among substantially the same parties, judicial efficiency and avoidance of inconsistent judgments and duplicative litigation will be served by consolidation. The Court should grant this motion and consolidate the 2025 Action into the 2021 Action.

## II. RELEVANT FACTS

In November 2021, Blendtec, a blender manufacturer, sued Blendjet Inc. ("Blendjet") for trademark infringement related to Blendjet's use of "BLENDJET" and a Swirl design mark on blenders. The parties' respective marks are set forth below:



The deadline for serving written discovery has passed in the 2021 Action, but fact discovery has not closed and no depositions have been taken.

On or about January 13, 2025, Blendjet transferred its assets, including the trademarks at issue in the 2021 Action, to a newly formed company, Mavorco. On or about the same day, Blendjet effectuated a formal assignment of its trademarks to Mavorco at the USPTO. Blendtec has been advised that Mavorco will operate the business of Blendjet without interruption. Blendtec

has also been advised that, although Blendjet intends to dissolve soon, it is continuing to operate on behalf of Mavorco in the interim. Both parties are using the Blendjet trademark and swirl design mark in connection with blenders. As such, on February 11, 2025, Blendtec filed a trademark infringement lawsuit against Mavorco and Blendjet related to the continuing infringement of Blendtec's trademarks. At issue in the 2025 Action are the identical trademarks that are at issue in the 2021 Action:

 

### III. ARGUMENT

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a)(1).[1] The Court's determination of whether to consolidate cases "is discretionary and will not be reversed on appeal absent clear error or exigent circumstances." *Dreger v. Progressive Leasing LLC*, 2024 WL 1347358, at *1 (D. Utah Mar. 29, 2024). "District courts generally take a favorable view of consolidation." *Owen-Brooks v. Dish Network Corp.*, 2023 WL 5747618, at *1 (D. Colo. Aug. 2, 2023). *See also Scurmont, LLC v. Firehouse Restaurant Group*,

---

[1] Prior to revisions to the Local Rules that went into effect on December 1, 2024, DUCivR 42-1 provided additional guidance by expressly permitting a party to file a motion to consolidate if the cases "involve the same patent, trademark, or copyright." Although that language has been removed from the Local Rule by the 2024 amendment to DUCivR 42-1, the 2024 amendment was meant only to "improve readability." United States District Court District of Utah General Order 24-003.

The court may enter an order of consolidation *sua sponte*, or a motion may be filed in the lower-numbered case, with notice being given to the court in the higher-numbered case. *Id*. DUCivR 42-1(b).

3

Inc., 2010 WL 11433200, at *2 (D.S.C. Jan. 8, 2010) ("Consolidation under Rule 42(a) . . . is a procedural device designed to promote judicial economy.") (granting consolidation in trademark infringement actions). "Initially, the court should decide if the actions involve a common question." *Dreger v. Progressive Leasing LLC*, 2024 WL 115854, at *2 (D. Utah Jan. 10, 2024). "If a common question of law or fact exists, the court should then weigh the interests of judicial convenience in consolidating cases against the delay, confusion, and prejudice that consolidation might cause." *Id.* (citation omitted). As set forth below, both considerations fully support consolidation.

### A. The Parties, Legal Issues, and Nexus of Facts All Support Consolidation.

The 2021 Action and 2025 Action involve common issues. Both actions are trademark infringement lawsuits alleging that the use of "BLENDJET" and a Swirl design mark in connection with blenders infringes Blendtec's "BLENDTEC" and Swirl design mark used in connection with blenders. The exact same trademarks are at issue in both cases, and both cases present an identical legal question—whether Defendants' use of their marks creates a likelihood of confusion with respect to Blendtec's marks.[2] The cases clearly involve common questions of law and fact. *See, e.g., As Am. As Doughnuts, Inc. v. Patton*, 2011 U.S. Dist. LEXIS 103440, *2 (D. Utah 2011) (consolidation appropriate where "these actions both involve the 'Spudnuts' trademark"); *Scurmont*, 2010 WL 11433200, at *1 (finding cases "clearly involve common questions of law and fact" where the "central determination to be made in both cases is whether Scurmont has infringed upon any of FRG's trademarks"); *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 1998 WL 832692, at *3 (S.D.N.Y. Dec. 1, 1998) ("the overlap among the core trademark claims in both

---

[2] The respective Complaints contain substantially the same factual allegations.

4

actions compels consolidation").

Further, Plaintiff Blendtec and Defendant Blendjet are parties in both suits. The only variation in parties is Mavorco, a newly formed entity incorporated for the sole purpose of acquiring Blendjet's assets, including the trademarks at issue in the lawsuits, and operating Blendjet without interruption. As assignee of the marks, Mavorco "steps into the shoes" of Blendjet with respect to both the rights and the burdens of the trademark. *Dodart v. Young Again Prods., Inc.*, 2006 U.S. Dist. LEXIS 72122, *46-47 (D. Utah 2006). *See also* McCarthy, J., *3 McCarthy on Trademarks and Unfair Competition* § 18:15 ("An assignee, by following in the footsteps of the assignor, acquires not only all the favorable rights and priorities of the assignor, but also any burdens and limitations on use that were incumbent upon the assignor."). Because Mavorco has stepped into the shoes of Blendjet, it is closely aligned with Blendjet with respect to the trademark claims. In any event, the parties need not be identical in both cases for consolidation to be proper. Consolidation is proper in cases that involve "substantially the same parties or property." *Stern v. Acad. Mortg. Corp.*, 2024 WL 3046174, at *2 (D. Utah Jun. 10, 2024) (granting consolidation). *See also A.V. by Versace,* 1998 WL 832692, at *3 ("For the purposes of consolidation, Rule 42 does not require that the actions comprise of *identical* parties and claims, only that they involve a common question of law or fact.") (emphasis in original).

The parties, facts, and law are sufficiently aligned to allow the cases to proceed in tandem as one matter. There is no legal or factual justification for requiring more than one judge to learn the same facts, the same law, and adjudicate the same claims separately.

### B. The Benefits of Consolidation Outweigh any Perceived Costs.

As the cases involve common issues, the next consideration is whether the potential costs

5

of consolidation outweigh the benefits. The benefits of consolidation are clear. Keeping the cases separate will result in duplicative and burdensome discovery, will require separate trials, and will cost all parties significantly more. As stated by one case that consolidated trademark infringement actions involving the same trademark:

> "It is undisputed that the two cases at issue here raise the same questions of law and fact. Thus, the two actions will likely utilize the same fact witnesses and the same documents and exhibits. The burden of requiring witnesses to be deposed twice or requiring the parties or third parties to produce documents twice could be alleviated by consolidating the cases only for purposes of discovery. However, in addition to the reasons discussed above, separate trials on the same issues would be an unnecessary, wasteful burden on the parties and witnesses as well as the Court."

*Scurmont*, 2010 WL 11433200, at *2.

Separate actions will also require increased judicial time and resources. Consolidation would promote judicial efficiency in managing pretrial motions and trial across the two cases. As identical issues are presented in both cases, consolidation of the cases would also not be overly complex or cumbersome for the Court. Blendtec's requested relief, if granted, would not interfere with the other matter, as both cases request the same remedies. Consolidation would also avoid the potential that the cases reach incompatible judgments. *See, e.g., id.*, at *2 ("Clearly, trying [trademark infringement cases involving the same marks] separately is not a reasonable option because of the risk of inconsistent verdicts, the waste of judicial resources, as well as the unnecessary costs to all involved.").

Although the deadline to serve written fact discovery has passed in the 2021 Action, fact discovery remains open, and no depositions have been taken. Expert discovery has not yet commenced and defendants in the 2025 Action will have the opportunity to participate in upcoming depositions and dispositive motions. Thus, the cases are not at such disparate procedural

6

postures that consolidation would be inappropriate. *See, e.g., Russell v. Werner Enters.*, 2016 WL 3912910, at *4 (D. Ariz. 2016) (consolidation proper where "discovery has not yet concluded, and the parties are continuing to schedule depositions"). In any event, "the fact that the cases are at different discovery stages is not fatal to the consolidation motion." *Pathway Innovations & Techs., Inc. v. Learning Glass Sols., Inc.*, 2023 WL 6035706, at *4 (S.D. Cal. Jan. 26, 2023). "Cases at different stages of litigation are routinely consolidated." *Id*. (citations omitted). *See also Biochem Pharma, Inc. v. Emory Univ.*, 148 F. Supp. 2d 11, 14 (D.D.C. 2001) ("Piecemeal litigation in the complex and technical area of patent and trademark law is especially undesirable. Rather, all of the parties' related patent and trademark infringement claims should be decided in the same court."). The benefits afforded by consolidation far outweigh any potential costs or delay.

## IV. CONCLUSION

As the 2021 Action and 2025 Action involve common issues of law and fact and the benefits of consolidation outweigh any costs of consolidation, the Court should grant this Motion and consolidate the later filed action into the 2021 Action.

DATED this 20th day of February, 2025.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Tamara L. Kapaloski (#13471)
*Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2025, a true and correct copy of the foregoing was served on the following counsel of record via the Court's CM/ECF system:

Martin R. Bader: mbader@sheppardmullin.com
Jesse A. Salen: jsalen@sheppardmullin.com
Patrick M. McGill: patrick@mcgillco.com
Nathan D. Thomas: nthomas@parsonsbehle.com
Elizabeth M. Butler: ebutler@parsonsbehle.com

/s/ Tamara L. Kapaloski

8