Brett L. Foster (#6089)
Mark Miller (#9563)
Tamara L. Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 South Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>　　　Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP, LLC**, a Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, a Delaware limited liability company,<br><br>　　　Defendants. | **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Civil Case No. 2:25-cv-00096-DBP<br>Judge Dustin B. Pead |

Pursuant to Rule 65 of the Federal Rules of Civil Procedure and the Lanham Act, 15 U.S.C. § 1116, and upon consideration of Plaintiff Blendtec Inc.'s Motion for Preliminary Injunction and all the papers and other documents submitted therewith, the Court has determined that:

1

1.      Plaintiff has shown it is likely to succeed on the merits of its claim for infringement of its trademarks, by demonstrating that (i) it is the owner of valid protectable trademarks (*i.e.*, the "Blendtec Marks"); and (ii) Defendants are using confusingly similar marks (*i.e.*, the "Blendjet Marks");

2.      Plaintiff is entitled to a presumption of irreparable harm if an injunction is not issued enjoining Defendants' infringing conduct, and Defendants have not rebutted that presumption;

3.      Plaintiff has shown a significant amount of actual consumer confusion, thus independently establishing irreparable harm to Plaintiff's reputation and goodwill;

4.      The balance of hardships favors granting a preliminary injunction; and

5.      A preliminary injunction would serve the public interest by preventing consumer confusion and protecting Plaintiff's intellectual property rights in its Blendtec Marks.

**THEREFORE, IT SI HEREBY ORDERED** that:

1.      Plaintiff's Motion for a Preliminary Injunction is **GRANTED**.

2.      Defendants, and each of their respective officers, agents, servants, employees, and attorneys, and any other persons who are in active concert or participation with any one of them, **ARE HEREBY PRELIMINARILY ENJOINED AND RESTRAINED** pending the final hearing and determination in this action from (a) continuing to sell, advertise, or promote any product or service using the Blendjet Marks, or any other marks that are confusingly similar to the Blendtec Marks; and (b) continuing to use, advertise, promote, or redirect any other websites to the www.blendjet.com domain.

3. Within _____ days of the date of this Order, Defendants shall remove or destroy all signs, posters, pictures, billboards, advertisements, or other printed matter that displays the Blendjet Marks in any manner;

4. Within _____ days of the date of this Order, Defendants shall remove all internet posts, pictures, or other material (including but not limited to on Defendants' websites, Facebook, Twitter, Instagram, YouTube and any other social media pages) that display the Blendjet Marks in any manner.

5. Pursuant to 15 U.S.C. § 1116(a), Defendants shall file with the Court and serve upon Plaintiff, within thirty (30) days of service of this Order, a written certification under oath setting forth in detail the manner and form in which Defendants have complied with this injunction;

6. Plaintiff shall post a bond in the amount of $_____;

7. This Order is effective immediately upon service on Defendants; and

8. Unless otherwise ordered, this Order shall remain in effect until the final hearing and determination of this action, and during the pendency of any appeals.

IT IS SO ORDERED.

Dated this _____ day of _____, 2025.

BY THE COURT:

_____
U.S. DISTRICT JUDGE