**<u>EXHIBIT 1</u>**



**BRETT FOSTER**
**Partner**
**(801) 933-4082**
**foster.brett@dorsey.com**

January 9, 2025

**VIA EMAIL AND FEDERAL EXPRESS**

Rael Nurick
(rnurick@sandtoncapital.com)
Sandton Capital Partners
16 West 46th Street, 11th Floor
New York, NY 10036
Tel: 212-444-7207
Tel: 917-952-5510

Tom Wood
(twood@sandtoncapital.com)
Sandton Capital Partners
16 West 46th Street, 11th Floor
New York, NY 10036
Tel: 212-444-7201
Tel: 917-584-4390

Re:    Notice of Trademark Infringement Claims Related to the BLENDJET Marks

Dear Mr. Nurick and Mr. Wood,

We represent Blendtec Inc. ("Blendtec") in connection with its intellectual property matters, including a lawsuit that is pending against Blendjet Inc. ("Blendjet") in the United States District Court for the District of Utah (Case No. 2:21-cv-00668-TC-DBP).

We recently discovered that Sandton Capital Partners ("Sandton") has entered a business transaction with Blendjet. We understand that, in connection with this, Sandton has acquired an interest in Blendjet's assets, including its BLENDJET mark and its Swirl Design mark, and that there may be an intention to operate Blendjet as a going concern.

We write to put you on notice of Blendtec's ongoing lawsuit against Blendjet, to the extent that you are not already aware. A copy of our Complaint is attached to this letter as **Exhibit A**. Among other claims, Blendtec has asserted trademark infringement claims against Blendjet related to Blendjet's use of its BLENDJET trademark as well as its Swirl Design trademark ("the Accused Marks") on Blendjet's blender products. The parties' respective trademarks are set forth below:





Blendtec has vigorously prosecuted its claims against Blendjet and will continue to do so. Blendjet's use of the Accused Marks has injured, and will continue to injure, Blendtec, and has caused a great deal of consumer confusion in the marketplace. Discovery has revealed a substantial amount of evidence of consumer confusion between the parties' marks, including many consumers who contacted Blendtec to return defective or recalled Blendjet blenders. This has significantly harmed Blendtec's reputation and goodwill in the marketplace, and Blendtec is confident that it will obtain injunctive relief against Blendjet, among other things.

Given the recent and potential future transactions involving Sandton, we wanted to provide you with notice of Blendtec's claims – and notice that those claims will carry over to any use of the BLENDJET and Swirl Design marks by any other entity in the event Sandton is considering use of these marks with a new entity. We also want to indicate that given the recent transaction, it would be a good time to discuss an amicable resolution of these claims. Blendtec's executives would welcome discussions with Sandton's executive team along these lines. Please reach out to me at your earliest convenience and I can put you in touch with the Blendtec team.

Sincerely,

DORSEY & WHITNEY LLP
Brett Foster

Enclosure

**EXHIBIT A**

Brett Foster (#6089)
Grant Foster (#7202)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
foster.brett@dorsey.com
foster.grant@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

---

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>   Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br><br>   Defendant. | **COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS**<br><br>Civil No. 2:21-cv-00668-DAO<br><br>Judge  Daphne A. Oberg |

Plaintiff Blendtec, Inc. ("Plaintiff" or "Blendtec"), by and through its counsel, alleges and complains against Defendant Blendjet Inc. ("Blendjet") as follows:

### **THE PARTIES**

1.  Blendtec is a Utah corporation with its principal place of business at 1206 South 1680 West, Orem, Utah, 84058. Blendtec manufactures and sells commercial and consumer blending machines.

1

2.      Upon information and belief, Blendjet is a Delaware corporation with its principal place of business at 5159 Commercial Circle, Suite B, Concord, CA, 94520. Blendjet manufactures and sells consumer blending machines.

## JURISDICTION AND VENUE

3.      This is an action arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051, *et seq.* (the "Lanham Act"). This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § 1331 and § 1338, as it involves claims arising under the Lanham Act. Subject matter jurisdiction is also conferred on this Court by 28 U.S.C. § 1332(a) on the basis of diversity citizenship. There is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds the jurisdictional amount. This Court has supplemental jurisdiction over the factually-related state law claims in this dispute pursuant to 28 U.S.C. § 1367.

4.      Upon information and belief, this Court has personal jurisdiction over Blendjet because Blendjet has established minimum contacts with this forum. On information and belief, Blendjet regularly and continuously transacts business in the State of Utah, including by regularly soliciting business in Utah and selling its goods and services to residents and consumers located in the state of Utah. By virtue of these actions, Blendjet has purposefully availed itself of the privilege of conducting business in this State and in this judicial district.

5.      Venue is proper in this Court under 28 U.S.C. § 1391.

## GENERAL ALLEGATIONS

### Blendtec's Products and Trademark Rights

6.      Blendtec is a Utah Corporation, with its headquarters in Orem, Utah. Founded in

1975, Blendtec has manufactured and sold a variety of consumer and professional grade blenders and related accessories since that time. Blendtec has enjoyed widespread success in the blender industry. Blendtec offers a premium brand blender that has been among the top selling blenders in the United States for decades.

7.      Blendtec manufactures and sells both residential and commercial blenders and accessories. Among the residential blender accessories sold by Blendtec is the Blendtec GO, which is a travel bottle accessory that offers a single-serve blend-in-cup option for use with Blendtec's blenders.

8.      Blendtec operates a website at www.blendtec.com where consumers can learn about and shop for Blendtec blenders and accessories. Blendtec also sells its blenders through retail stores such as Bed Bath & Beyond, Best Buy, Williams Sonoma, Home Depot, and others.

9.      On September 18, 1999, K-Tec, Inc., a parent to Blendtec at the time, filed with the United States Patent and Trademark Office ("USPTO") U.S. Trademark Application Serial No. 75-801,328 to register BLENDTEC as a trademark in connection with blenders.

10.     As a result of this application, Blendtec had constructive use priority in the BLENDTEC Mark based on its September 18, 1999 application date.

11.     On February 27, 2001, the USPTO issued to K-Tec, Inc. U.S. Registration No. 2,431,060 ("the '060 Registration") for the BLENDTEC mark for use in connection with blenders for use in the field of food and drink preparation (the "BLENDTEC Mark"). Blendtec is the owner of the '060 Registration. The BLENDTEC Mark is registered on the Principal Register. Blendtec claims a first use in commerce of the BLENDTEC Mark on May 22, 1999. A true and correct copy of the '060 Registration is attached hereto as **Exhibit A**.

12.     On December 22, 2010, K-Tec, Inc. filed with the USPTO U.S. Trademark Application Serial No. 85-203,654 to register its swirl design logo (reproduced below) as a trademark in connection with blenders.



13.     As a result of this application, Blendtec had constructive use priority in the swirl design mark based on its December 22, 2010 application date.

14.     On November 1, 2011, the USPTO issued to K-Tec, Inc. U.S. Registration No. 4,050,765 ("the '765 Registration") for the Swirl Design mark for use in connection with electric food blenders for use in the field of food and drink preparation (the "Swirl Design Mark"). Blendtec is the owner of the '765 Registration. The Swirl Design Mark is registered on the Principal Register. Blendtec claims a first use in commerce of the BLENDTEC mark in March 2000. A true and correct copy of the '765 Registration is attached hereto as **Exhibit B**.

15.     Continuously since 1999, Blendtec has used its BLENDTEC mark in advertising and marketing its blenders and related accessories, including on the internet as shown by the following screenshots:

https://www.blendtec.com    ⋮

**Blendtec: A Superior Blending Experience**

**Blendtec** takes pride in its products. From mills, to mixers, to the world's most advanced blender - **Blendtec's** are made with your needs in mind.

16.     For many years, Blendtec has continuously promoted its products on its website using the BLENDTEC Mark and Swirl Design Mark as shown by the screen shots below:



17.     Blendtec also uses its marks to promote its products on social media. The following screen shot is an advertisement Blendtec published on FaceBook:

4875-1878-1699\1



18.     The following screen shot shows an advertisement published by Blendtec on Instagram:



19.     Blendtec also uses the BLENDTEC Mark and Swirl Design Mark on its YouTube channel, where it has produced its famous Will-it-Blend YouTube series which has been recognized as one of the most successful internet marketing campaigns in history.

20.     Blendtec's advertising efforts, including the famous Will-it-Blend YouTube series and media appearances, including The Tonight Show with Jay Leno, The Today Show, and on the Discovery Channel, and its commercial accomplishments have contributed to its reputation and goodwill, making Blendtec a well-known and recognized name in the field of blenders throughout the United States and globally.

21. Blendtec enjoys success and a highly regarded reputation in its field due in large part to its use of, and rights in, the BLENDTEC Mark and the Swirl Design Mark.

22. Blendtec has made significant expenditures and sacrifices to achieve the success it now enjoys. Blendtec enforces its rights in the BLENDTEC Mark and Swirl Design Mark to ensure Blendtec's continued success and excellent reputation.

23. As a result of Blendtec's continuous use of its trademarks, including advertising and selling services under its marks, the BLENDTEC Mark and Swirl Design Mark have become assets of substantial value to Blendtec as distinctive indications of the origin and quality of Blendtec's services. The BLENDTEC Mark and the Swirl Design Mark are famous marks. Blendtec uses the BLENDTEC Mark and Swirl Design Mark in interstate commerce in connection with the sale and advertising of its blenders and related accessories nationwide and throughout the world.

### Blendjet Begins Using BLENDJET and a Swirl Design in Connection with Blenders

24. On information and belief, in or about October 2017, eighteen years after Blendtec began using the BLENDTEC Mark in commerce, and after Blendtec's trademarks became famous, Blendjet began using the BLENDJET mark in connection with selling portable blenders.

25. On September 20, 2018, Blendjet filed with the USPTO an application to register the mark BLENDJET (US Ser. No. 88-125,709) with the USPTO.

26. On information and believe, Blendjet was aware of Blendtec's BLENDTEC Mark and Swirl Design Mark, and did not disclose them to the USPTO during the prosecution of the BLENDJET trademark application. The USPTO examiner did not search for or discover

Blendtec's BLENDTEC Mark and Swirl Design Mark during the prosecution of the BLENDJET trademark application.

27.     On May 14, 2019, the USPTO issued Reg. No. 5,750,510 for the BLENDJET mark in International Class 7 in connection with "Electric food processors; Food processors, electric; Electric mixers; Electric food blenders; Electric hand-held mixers for household purposes; Hand-held electric-powered food processors" (the "BLENDJET Mark").

28.     On June 19, 2019, Blendjet filed with the USPTO an application to register a swirl design (US Ser. No. 88-480,647) with the USPTO.

29.     On information and believe, Blendjet was aware of Blendtec's BLENDTEC Mark and Swirl Design Mark, and did not disclose them to the USPTO during the prosecution of the Blendjet's swirl design trademark application. The USPTO examiner did not search for or discover Blendtec's BLENDTEC Mark and Swirl Design Mark during the prosecution of the BLENDJET trademark application.

30.     On December 31, 2019, the USPTO issued Reg. No. 5,950,040 for Blendjet's Swirl Design in International Class 7 in connection with Electric food processors; Electric mixers; Electric mixers for household purposes; Electric hand-held mixers for household purposes; Food processors, electric; Hand-held electric-powered food processors" (the "Blendjet Swirl Mark"). Collectively, the BLENDJET Mark and the Blendjet Swirl Mark will be referred to herein as the "Infringing Marks."

### Blendjet's Use of Marks that are Substantially Similar to Blendtec's Marks Are Likely to Cause Confusion in the Marketplace

31.     There is substantial similarity between the parties' respective trademarks and respective products.

4875-1878-1699\1

32.     The Infringing Marks are imitations of the BLENDTEC Mark and the Swirl Design Mark.

33.     Blentec uses its BLENDTEC Mark and Swirl Design Mark in connection with manufacturing and selling blenders and related accessories.

34.     Blendjet uses the BLENDJET Mark and the Blendjet Swirl Mark in connection with manufacturing and selling portable blenders and related accessories. The screenshot below shows a Blendjet blender being promoted and offered for sale on Blendjet's website at www.blendjet.com:



35.     Both parties' blenders are available to purchase online, including at the parties' respective websites (www.blendtec.com and www.blendjet.com). The parties' display their respective marks at the top of their respective websites as follows:



36.     Consumers are likely to see the both parties' products when searching online for blenders. For example, a Google search for "blender" results in the following with both a Blendtec blender and a Blendjet blender:

37.     Blendjet and Blendtec blenders are also both available for purchase in retail stores, including Bed Bath & Beyond and Walmart.

38.     Both parties market their products online, including through Google ads, Facebook, Instagram, and Twitter, among others, and the ads for the products look similar:

11









4875-1878-1699\1

39.     As the foregoing shows, both parties' blenders are sold in the same places and are marketed in a similar manner to largely the same group of consumers. Thus, it is likely that Blendjet's use of substantially similar marks on similar products will cause consumer confusion.

40.     In fact, on or about March 30, 2019, Blendtec became aware of Blendjet's use of the BLENDJET Mark and the Blendjet Swirl Mark after a customer emailed Blendtec and stated that: "This is just a friendly notice from a loyal Blendtec customer. I was on pinterest today and saw a promoted pin for 'blendjet' that also has a logo just like yours."

41.     Blendjet's unauthorized use in commerce of the Infringing Marks as alleged herein is likely to confuse or deceive consumers as to the origin, source, sponsorship, or affiliation of Blendjet's goods and services, and is likely to cause consumers to believe, contrary to fact, that Blendjet's goods and services are sold, authorized, endorsed, or sponsored by Blendtec, or that Blendjet is in some way affiliated with or sponsored by Blendtec. As a result, Blendjet's conduct therefore constitutes trademark infringement in violation of the Lanham Act.

42.     Upon information and belief, Blendjet's use of the Infringing Marks to promote and sell substantially similar goods is an intentional attempt to trade off Blendtec's reputation and good will and to drive consumers from Blendtec to Blendjet. Blendjet's use of the Infringing Marks is also confusingly similar to Blendtec's BLENDTEC Mark and Design Swirl Mark and is likely to cause consumer confusion and a false association between Blendjet's products and the products offered by Blendtec, falsely leading consumers to believe that the services emanate from the same source or that Blendtec and Blendjet are affiliated.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement Under § 32 of the Lanham Act)**

43.     Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if

fully set forth herein.

44.     Blendtec is the owner of the '060 Registration for the BLENDTEC Mark, which is registered on the Principal Register.

45.     Blendtec is also the owner of the '765 Registration for the Swirl Design Mark, which is registered on the Principal Register.

46.     Blendtec has been using the BLENDTEC Mark since at least May 22, 1999, and has been using the Swirl Design Mark since at least October 7, 2010, in connection with its blenders and related accessories.

47.     Blendjet is using the Infringing Marks in commerce as alleged herein.

48.     Blendjet's use of the Infringing Marks is confusingly similar to Blendtec's BLENDTEC Mark and Blendtec's Swirl Design Mark.

49.     Blendjet's actions as described herein constitute trademark infringement of Blendtec's '060 and '765 Registrations under 15 U.S.C. § 1114, in that Blendjet's use of the marks creates a likelihood of confusion among the consuming public as to the source of the goods, as to the origin or association of the parties, or is likely to cause mistake or to deceive.

50.     Upon information and belief, Blendjet was aware of Blendtec's BLENDTEC Mark and Design Swirl Mark when it committed the acts as alleged herein.

51.     Upon information and belief, Blendjet committed its acts of infringement in willful and flagrant disregard of Blendtec's lawful rights.

52.     Blendjet will, if not enjoined by this Court, continue its acts of trademark infringement as set forth above.

53.     Blendjet's trademark infringement has caused and continues to cause damage and

4875-1878-1699\1

irreparable injury to the value and goodwill of Blendtec's registered BLENDTEC Mark and Design Swirl Mark, as well as damages and irreparable injury to Blendtec's business, goodwill, and reputation. Blendtec has no adequate remedy at law because damages are continuing and difficult to ascertain. On information and belief, Blendjet's continued use of the Infringing Marks is deliberate, willful, fraudulent, and constitutes knowing infringement of Blendtec's mark, and makes this case exceptional.

54.     By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Blendtec is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Blendjet, its officers, agents, assigns, and employees from using the Infringing Marks or any other confusingly similar marks in the advertising, marketing, or sale of blenders or related products.

55.     By virtue of the foregoing, Blendtec is entitled to an award of treble damages and attorneys' fees under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

56.     By virtue of the foregoing, Blendtec is entitled to monetary damages, together with interest thereon, against Blendjet.

<u>**SECOND CLAIM FOR RELIEF**</u>
**(Unfair Competition and False Designation of Origin Under § 43 of the Lanham Act)**

57.     Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

58.     Blendtec has been using the BLENDTEC Mark and name for its blenders and related accessories continuously since at least September of 1999, and has been using its Design Swirl Mark and logo for its blenders and related accessories continuously since at least October of 2010. As a result, Blendtec has developed common law rights in those marks.

59.     Blendtec's trade name "Blendtec" is distinctive and has acquired secondary meaning.

60.     Blendjet's actions of using the Infringing Marks as described herein in its advertising, marketing, and selling of products and services constitutes a violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), on the ground that it creates a likelihood of confusion among prospective purchasers as to the source, origin, or association of the parties, and further on the grounds that such usage induces, or is likely to induce, prospective purchasers and other to believe that Blendjet's products are offered by, manufactured, endorsed, or approved by, or are otherwise connected in some way with, Blendtec.

61.     Upon information and belief, Blendjet was aware of Blendtec's BLENDTEC Mark and Design Swirl Mark when it committed its acts of infringement.

62.     Upon information and belief, Blendjet intends to cause confusion and mistake and intends to deceive the buyers of its services and products into believing that they are buying products or services produced by, marketed by, sponsored by, approved of, or licensed by Blendtec.

63.     Blendjet's actions as alleged herein infringe Blendtec's common law trademark rights under federal common law, Utah law, and constitute acts of unfair competition.

64.     Blendjet will, if not enjoined by this Court, continue its acts of trademark infringement as set forth above. Such improper acts have caused and will continue to cause Blendtec immediate and irreparable harm.

65.     By virtue of the foregoing, and pursuant to Section 34 of the Lanham Act (15 U.S.C. § 1116), Blendtec is entitled to an order of this Court, effective during the pendency of this action

and thereafter to be made permanent, enjoining Blendjet, and its officers, agents, assigns, and employees, from using the Infringing Marks or any other confusingly similar marks in the advertising, marketing, or sale of blenders and related accessories.

66.    By virtue of the foregoing, Blendtec has suffered damages, the exact amount of which it has not yet been able to determine.

67.    By reason of the foregoing, and pursuant to Section 35 of the Lanham Act (15 U.S.C. § 1117), Blendtec is entitled to injunctive relief, treble damages, together with interest thereon, in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**
**(Common Law Unfair Competition / Passing Off)**

68.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

69.    Blendjet's conduct as alleged herein is in violation of the common law proscribing unfair competition and passing off. Such conduct was, on information and belief, done intentionally with full knowledge that it violated Blendtec's proprietary interest in its BLENDTEC Mark and Swirl Design Mark, and with intent to deceive.

70.    Blendtec seeks judgement against Blendjet for injunctive relief, along with compensatory and punitive damages.

**FOURTH CLAIM FOR RELIEF**
**(Federal Trademark Dilution Under § 43 of the Lanham Act, 15 U.S.C. 1125(c))**

71.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

72.     Blendtec is the owner of the distinctive BLENDTEC Mark and the distinctive Swirl Design Mark.

73.     Blendtec has registered the BLENDTEC Mark and the Swirl Design Mark with the USPTO.

74.     The BLENDTEC Mark and the Swirl Design Mark are valid and subsisting trademarks in full force and effect.

75.     Blendtec has actively, continuously, and exclusively used the BLENDTEC Mark since at least May 22, 1999, and has actively, continuously, and exclusively used the Swirl Design Mark since at least October 7, 2010, in connection with its blenders and related accessories.

76.     Blendtec has expended substantial time, effort, money, and resources advertising and promoting Blendtec products with the BLENDTEC Mark and the Swirl Design Mark.

77.     Blendtec markets, advertises, and sells products using the BLENDTEC Mark and the Swirl Design Mark in interstate commerce throughout the United States.

78.     The BLENDTEC Mark and the Swirl Design Mark are the means by which Blendtec products are distinguished from others in the marketplace.

79.     The Blendtec name, brand, and image, is well-recognized by consumers throughout the United States for Blendtec's blenders and related accessories and consumers recognize and associate the Blendtec name with high quality products.

80.     Blendtec has implemented legitimate and substantial quality controls for the manufacturing of its blenders and related accessories.

81.     Because of the quality, durability, and dependability of the Blendtec products and Blendtec's use of the BLENDTEC Mark and the Swirl Design Mark, consumers trust the Blendtec

name and Blendtec products.

82.    Blendtec is widely recognized as the designated source of goods bearing the BLENDTEC Mark and the Swirl Design Mark.

83.    For these reasons, since at least 2010, the BLENDTEC Mark and the Swirl Design Mark are and have been famous, distinctive, and widely recognized marks by the consuming public.

84.    After the BLENDTEC Mark and the Swirl Design Mark became famous, Blendjet willfully and knowingly used, and continue to use, the Infringing Marks in commerce for the purpose of selling blenders and related accessories without Blendtec's consent.

85.    Because of the similarity between the BLENDTEC Mark and the Swirl Design Mark, on the one hand, and the Infringing Marks, on the other hand, the consuming public is likely to associate the Infringing Marks with Blendtec's famous marks in a way that will impair the distinctiveness of Blendtec's mark.

86.    The blenders and related accessories sold by Blendjet are materially different from genuine Blendtec products sold by Blendtec.

87.    Upon information and belief, the Blendjet products are not subject to, do not abide by, and interfere with Blendtec's quality controls, and consumers who purchase Blendjet blenders are more likely to receive a poor quality product and are more likely to have an unsatisfactory customer experience.

88.    Consumers who receive a poorer quality blender that does not match the quality standards of the Blendtec blenders is likely to associate that negative experience with Blendtec and the BLENDTEC Mark and the Swirl Design Mark.

89. As a result, Blendjet's unauthorized and willful use of the BLENDTEC Mark and the Swirl Design Mark has tarnished and diluted the BLENDTEC Mark and the Swirl Design Mark.

90. As a result of Blendjet's actions, Blendtec has suffered, and will continue to suffer, damages to its business, goodwill, reputation, and profits in an amount to be proven at trial.

91. As a result of Blendjet's actions, Blendtec is entitled to recover its damages caused by Blendjet's infringement of the BLENDTEC Mark and the Swirl Design Mark and is also entitled to injunctive relief under 15 U.S.C. § 1116 because it has no adequate remedy at law for Blendjet's infringement and unless Blendjet is permanently enjoined, Blendtec will suffer irreparable harm.

92. Blendtec is entitled to enhanced damages and attorneys' fees under 15 U.S.C. § 1117(a) because Blendjet willfully, intentionally, maliciously, and in bad faith infringed on the BLENDTEC Mark and the Swirl Design Mark.

## FIFTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

93. Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

94. Blendtec is the owner of the distinctive BLENDTEC Mark and the distinctive Swirl Design Mark.

95. Blendtec has registered the BLENDTEC Mark and the Swirl Design Mark with the USPTO and also owns common law trademark rights in the BLENDTEC Mark and Swirl Design Mark. All such rights owned by Blendtec are superior to any rights that Blendjet may claim to have in its claimed Infringing Marks.

96.     The BLENDTEC Mark and the Swirl Design Mark are valid and subsisting trademarks in full force and effect.

97.     Blendtec has actively, continuously, and exclusively used the BLENDTEC Mark since at least May 22, 1999, and has actively, continuously, and exclusively used the Swirl Design Mark since at least October 7, 2010, in connection with its blenders and related accessories.

98.     Blendjet has infringed the BLENDTEC Mark and the Swirl Design Mark as set forth herein.

99.     Blendjet's unauthorized sale of products bearing the Infringing Marks is likely to cause confusion, cause mistake, or deceive consumers because it suggests that Blendjet's products were produced by Blendtec or that Blendjet is associated with, affiliated with, or sponsored by Blendtec, when, in fact, they are not, thereby injuring the reputation and goodwill of Blendtec and unjustly diverting sales from Blendtec to Blendjet.

100.    Blendjet's unauthorized use of the Infringing Marks has infringed upon the BLENDTEC Mark and the Swirl Design Mark.

101.    As a result of Blendjet's actions, Blendtec has suffered, and will continue to suffer, damage to its business, goodwill, reputation, and profits in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
**(Violations of Utah Deceptive Trade Practices Act, Utah Code Ann. 13-11a-3)**

102.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

103.    Blendtec is the owner of the distinctive BLENDTEC Mark and the Swirl Design Mark, which are registered with the USPTO on the Principal Register.

4875-1878-1699\1

104.    The BLENDTEC Mark and the Swirl Design Mark are valid and subsisting trademarks in full force and effect.

105.    Blendjet willfully and knowingly used, and continue to use the Infringing Marks in interstate commerce to advertise, promote, and sell blenders and related accessories.

106.    Blendjet's advertisements and promotions of products unlawfully using the Infringing Marks have been disseminated to the relevant purchasing public.

107.    Blendjet sells its products under the Infringing Marks without Blendtec's consent.

108.    By using the Infringing Marks, Blendjet passed off its goods as those of Blendtec, and have caused a likelihood of confusion or misunderstanding as to the source of its products and services and has thereby engaged in a deceptive trade practice under Utah law.

109.    Upon information and belief, Blendjet knowingly made a false representation as to the source, sponsorship, approval, or certification of goods by its use of the Infringing Marks with knowledge of Blendec's BLENDTEC Mark and Swirl Design Mark.

110.    The foregoing misconduct of Blendjet constitutes deceptive trade practices in violation of Utah Code Annotated § 13-11a-3 and § 13-11a-4.

111.    Blendjet's unauthorized sale of blenders and related accessories bearing the Infringing Marks and unauthorized use of the Infringing Marks in advertising materially damages the value of the BLENDTEC Mark and the Swirl Design Mark and causes significant damage to Blendtec and its business relations.

112.    As a result of Blendjet's actions, Blendtec is entitled to recover damages to fairly and reasonably compensate it for Blendjet's conduct.

113.    Blendtec is also entitled to prevent, restrain, and enjoin Blendjet from current and

future uses of the Infringing Marks.

114.    Blendtec is also entitled to an award of its attorneys' fees for being required to file and prosecute this action.

115.    Blendtec has no adequate remedy at law, has suffered and is continuing to suffer irreparable harm as a result of Blendjet's acts, and therefore is entitled to permanent injunctive relief to enjoin Blendjet from further misconduct.

### SEVENTH CLAIM FOR RELIEF
**(Violations of Utah Registration and Protection of
Trademarks and Service Marks Act, Utah Code Ann. 70-3a-403)**

116.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

117.    Blendtec owns superior trademark rights in the BLENDTEC Mark and the Swirl Design Mark, and said marks are distinctive in Utah and are entitled to protection against infringement.

118.    Blendjet began using the Infringing Marks years after Blendtec began using its marks, and Blendjet uses the Infringing Marks without the consent of Blendtec.

119.    Blendjet's unauthorized use of the Infringing Marks in connection with blenders and related accessories is likely to cause confusion, mistake, or to deceive as to the source of origin, nature, or quality of those products, and is likely to lead the public to believe that Blendtec is affiliated with or sponsors or endorses Blendjet and/or Blendjet's products, and is likely to mislead persons in the ordinary course of purchasing Blendtec's products, thereby injuring the reputation and goodwill of Blendtec and its marks.

120.    Upon information and belief, Blendjet's acts were committed willfully,

intentionally, knowingly, and in bad faith.

121.    Pursuant to Utah Code Ann. § 70-3a-402(2), Blendtec is entitled to actual and trebled damages, attorneys' fees, and costs of suit.

## EIGHTH CLAIM FOR RELIEF
### (Utah Unfair Competition Act, Utah Code Ann. § 13-5a-101)

122.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

123.    Blendtec owns superior trademark rights in its BLENDTEC Mark and its Swirl Design Mark, which are distinctive in Utah, and constitute valuable intellectual property.

124.    Blendjet began using its Infringing Marks without the consent of Blendtec after Blendtec began using the BLENDTEC Mark and Swirl Design Mark.

125.    Blendjet's unauthorized use of the BLENDJET Mark in connection with blenders and related accessories is likely to cause injury to Blendtec, and Blendtec is entitled to damages in an amount to be proven at trial.

## NINTH CLAIM FOR RELIEF
### (Cancellation of Registration Nos. 5,750,510 and 5,950,040 Under 15 U.S.C. § 1119)

126.    Plaintiff repeats, realleges, and incorporates each of the foregoing allegations as if fully set forth herein.

127.    Blendtec seeks by this counterclaim an order pursuant to 15 U.S.C. § 1119 directing the cancellation of Registration No. 5,750,510 for the BLENDJET Mark and Registration No. 5,950,040 for the Blendjet Swirl Mark, on the ground that at the time the applications for registration were filed, Blendjet failed to satisfy the registration eligibility requirements.

128. Blendjet's 5,750,510 Registration and 5,950,040 Registration are within their first five years of registration and therefore may be cancelled for any reason that would have been sufficient to refuse the original registration, including likelihood of confusion.

129. Blendtec has superior rights to those of Blendjet by virtue of Blendtec's earlier dates of first commercial use of the BLENDTEC Mark and the Swirl Design Mark than of Blendjet's first commercial use of the Infringing Marks. Blendtec also received federal registrations for its marks prior to the date that Blendjet filed its applications to register the Infringing Marks with the USPTO.

130. The Infringing Marks so resemble Blendtec's registered marks in terms of sight, sound, commercial impression, and relatedness of goods so as to cause confusion in the marketplace.

131. Blendtec is being damaged and will continue to be damaged by Registration No. 5,750,510 for the BLENDJET Mark and Registration No. 5,950,040 for the Blendjet Swirl Mark.

132. Based on the foregoing, Blendtec is entitled to an order pursuant to 15 U.S.C. § 1119, directing the Director of the Trademark Office to cancel U.S. Reg. No. 5,950,040 and U.S. Reg. No. 5,750,510.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment in its favor against Defendant as follows:

1. Enjoining Defendant, and all other persons participating or acting in concert with it, from all acts of trademark infringement, unfair competition, and/or any other wrongful conduct alleged in this Complaint;

2.      An order from the Court directing Defendant to provide an accounting of all revenues and profits gained by Defendant while engaging in the acts complained of in this Complaint;

3.      An order from the Court, pursuant to 15 U.S.C. § 1119, directing the Director of the Trademark Office to cancel U.S. Reg. No. 5,750,510 and U.S. Reg. No. 5,950,040.

4.      Awarding Plaintiff its actual damages and any additional damages that the Court deems just and equitable under the circumstances;

5.      Awarding Plaintiff treble damages and attorneys' fees for Defendant's deliberate and willful misconduct;

6.      Awarding Plaintiff punitive damages for Defendant's deliberate and willful misconduct;

7.      Awarding Plaintiff prejudgment and post-judgment interest;

8.      Awarding Plaintiff allowable costs; and

9.      Awarding Plaintiff such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff requests a trial by jury for all issues so triable pursuant to Fed. R. Civ. P. 38(b) and 38(c) and under the United States Constitution.

DATED this 12th day of November, 2021.          Dorsey & Whitney LLP


By: /s/ *Brett L. Foster*
Brett L. Foster
*Attorneys for Plaintiff Blendtec Inc.*