George B. Hofmann, IV (10005)
Kathryn Tunacik (13363)
**Cohne Kinghorn, P.C.**
111 E Broadway 11th Fl
Salt Lake City, Ut 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
Ghofmann@Cohnekinghorn.Com
Ktunacik@Ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email:  lwheatley@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax:  (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP,*
*LLC; and MavorCo Operations, LLC*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah Corporation<br><br>*Plaintiff*,<br><br>v.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP, LLC**, a Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, Delaware limited liability company,<br><br>*Defendants*. | **MAVORCO'S MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR SUCCESSOR LIABILITY**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Defendants MavorCo Holding, LLC, MavorCo IP, LLC, and MavorCo Operations, LLC (collectively "MavorCo") hereby move to dismiss under Federal Rule of Civil Procedure 12(b)(6) the successor liability claims in Counts V and VI of Plaintiff Blendtec, Inc.'s ("Plaintiff" or "Blendtec") Complaint (Dkt. 2).

I.   **INTRODUCTION**

Since 2021, in a separate lawsuit (the "2021 Action"), Plaintiff has battled BlendJet for the exclusive right to use the word "blend" as part of a name for a blender company. The costs of the 2021 Action, along with various business difficulties, have weakened BlendJet to the point where it appears unlikely that BlendJet can pay any damages. Plaintiff, therefore, finds itself in need of a deep pocket and has brought the present lawsuit against MavorCo, a purchaser of certain foreclosed-upon assets of BlendJet. However, MavorCo, an unrelated third-party that is not owned

1

or controlled by anyone associated with BlendJet, is not responsible for BlendJet's past conduct. Plaintiff's attempt to pressure MavorCo into footing BlendJet's bills should therefore be rejected and its successor liability claims dismissed.

Dismissal is warranted because it is well-settled, under both federal and state law, that a purchaser of assets does not assume the seller's liabilities. Indeed, successor liability is the exception, not the rule. Blendtec, as a plaintiff seeking to impose successor liability, therefore, bears the burden of pleading specific, well-supported facts that bring the case within one of a few exceptional doctrines. Blendtec has failed to do so here. The Complaint instead rests on speculative and conclusory allegations that do nothing more than merely recast in factual form the legal elements of its claim. It does not plead, for example, any specific facts showing a continuity of ownership, management, or shareholders or a transfer of liabilities. Nor does it plead facts showing that the alleged transaction was anything other than a secured asset sale—exactly the type of arrangement that falls squarely outside the reach of successor liability doctrines.

Because Plaintiff has not alleged a viable basis to impose liability on MavorCo for the alleged conduct of another legal entity, Blendtec's successor liability claims against MavorCo should be dismissed with prejudice.

**II.     FACTUAL BACKGROUND**

The Complaint in this case is not a standard early-stage pleading based on limited or preliminary information. Blendtec and BlendJet have been engaged in the 2021 Action, Case No. 2:21-cv-00668, since November 2021, when Blendtec filed its original trademark infringement suit in the District of Utah. That case has remained active for over three years. On January 13, 2025—well into the course of that litigation—MavorCo acquired a substantial portion of

BlendJet's assets following BlendJet's default on a loan. Those assets had been foreclosed upon by a different third party to satisfy BlendJet's debt and then sold to MavorCo pursuant to a Foreclosure Agreement. Under that Agreement, MavorCo did not assume BlendJet's liabilities. Blendtec does not allege otherwise.

Approximately one month later, on February 11, 2025, Blendtec filed this second lawsuit (the "2025 Action"), asserting claims that are nearly identical to those in the ongoing 2021 Action. The only material difference is the addition of MavorCo as a defendant, based on a theory of successor liability and alleged direct infringement. At this point, discovery in the 2021 Action has been open for more than three years. Blendtec has presumably had full access to relevant documents concerning BlendJet's corporate structure, the terms of the asset sale, and the relationship—if any—between BlendJet and MavorCo. Yet despite this extended discovery period and the opportunity to investigate, the Complaint in this action omits any factual detail about the structure of the transaction or the ownership and control of the entities involved. It offers no well-pleaded facts that would support the imposition of successor liability on MavorCo.

### III.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). To reach plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Cline v. Clinical Perfusion Sys., Inc.*, 92 F.4th

926, 931 (10th Cir. 2024) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (quoting *Iqbal*, 556 U.S. at 678, 679). Therefore, courts should not accept as true "conclusory allegations, unwarranted inferences, or legal conclusions." *Hackford v. Babbitt,* 14 F.3d 1457, 1465 (10th Cir. 1994).

In the context of successor liability claims, this court has recognized that where a plaintiff "set[s] forth no facts to demonstrate the plausibility of their claim," that claim should be dismissed and the plaintiff should not be entitled to amend its claims. *Dansie v. Eaton Corp.*, No. 2:12-cv-214, 2013 U.S. Dist. LEXIS 37788, *3 (D. Utah Mar. 18, 2013). Courts frequently hold plaintiffs to a higher pleading standard where, as here, parties have had the benefit of full discovery in a related case. *See Billard v. Rockwell International Corp.*, 683 F.2d 51, 57 (2d Cir. 1982) ("The policies underlying [the pleading standard] call upon us to require greater precision than is found in this complaint when full discovery has been had in a prior case.").

### IV.   ARGUMENT

"When one corporation sells or transfers its assets to another, the transferee company is not responsible for the debts and liabilities of the transferor except for four generally recognized exceptions." *Icon Health & Fitness, Inc. v. Fisher-Price, Inc., No*. 1:08-CV-10 TS, 2011 U.S. Dist. LEXIS 17340, *4 (D. Utah Feb. 21, 2011). These four exceptions are: (1) express or implied assumption of liability; (2) *de facto* merger; (3) mere continuation; and (4) fraudulent transfer. *Id*.

4

Here, Blendtec only asserts that MavorCo is liable as a successor for BlendJet's alleged trademark infringement under the (A) "*de facto* merger" and (B) "mere continuation" exceptions. For the reasons that follow, Blendtec has failed to adequately plead facts supporting either exception.

### A. Blendtec's *De Facto* Merger Allegations Are Cursory and Baseless

Blendtec's *de facto* merger theory fails because the Complaint does not plead the essential elements. To evaluate whether the "*de facto* merger" exception applies, Utah courts consider the following factors: (1) continuity of management, personnel, assets, and business operations; (2) continuity of shareholders via stock transfer; (3) seller's cessation of business and dissolution; and (4) assumption of necessary liabilities. *See Herrod v. Metal Powder Prods.*, No. 1:07-CV-23 TS, 2008 U.S. Dist. LEXIS 99948, *12–13 (D. Utah Dec. 10, 2008) ("Utah law follows the Restatement (Third) of Torts § 12") (providing the same factors); *see also Decius v. Action Collection Serv.*, 2004 UT App 484, ¶ 8 (UT App 2004) (citing *Shannon v. Samuel Langston Co.*, 379 F. Supp. 797, 801 (W.D. Mich. 1974) (providing the same factors)). The Complaint is devoid of any factual allegations supporting these factors.

For example, Blendtec's Complaint lacks any factual allegation establishing a continuity of shareholders, via a stock transfer or otherwise. There is no allegation, for instance, that MavorCo paid with its own stock, or that BlendJet shareholders received any equity in MavorCo. To the contrary, Blendtec admits that BlendJet's assets were obtained via a debt acquisition and that no stock ownership transferred hands. *See* Complaint, ¶¶ 40, 44; *see also Veritas Steel, LLC v. Lunda Constr. Co.*, 2020 WI 3, ¶ 35 (finding no *de facto* merger as a matter of law where "it is undisputed that there was no stock or other indicia of equity ownership transferred"). Blendtec also does not

5

allege, because it cannot, that MavorCo assumed ownership of the BlendJet legal entity. For example, BlendJet's Corporate Disclosure Statement, filed in the 2021 Action, states that "[n]o corporation owns 10% or more of its stock." *See* 2021 Action, Dkt. 31. BlendJet has not supplemented this disclosure statement post-acquisition, as would be required if there had in fact, been a change in BlendJet's ownership. *See* Fed. R. Civ. P. 7.1(b)(2). BlendJet was and continues to be privately held by its founders, who have not received any ownership interest in MavorCo, and Blendtec, because it cannot, does not allege otherwise. At most, Blendtec alleges that "some or all of BlendJet officers, employees, and/or shareholders became or will become officers, employees, and/or shareholders of MavorCo." Complaint, ¶ 112. But such speculative and conclusory allegations are insufficient to survive a motion to dismiss. *See Icon Health & Fitness*, 2011 U.S. Dist. LEXIS 17340, at *8–9 (finding that an "overlap in management" of the CEO and VP of Sales "is insufficient to impose successor liability."); *Decius v. Action Collection Serv.*, 2004 UT App 484, ¶ 17 (finding no successor liability where the successor employed the predecessor's former president in a different role); *see also Nat'l Fire & Marine Ins. Co. v. Advanced Lighting Techs., LLC*, No. MJM-22-2723, 2024 U.S. Dist. LEXIS 121639, *15 (D. Md. July 11, 2024) ("That former [predecessor] workers and supervisors have gone over to [the successor] is not enough to confer successor liability.").

Similarly, the Complaint fails to include any plausible allegation that MavorCo expressly or impliedly assumed any of BlendJet's liabilities.[1] Nor could it, as the Foreclosure Agreement

---

[1] Blendtec's conclusory allegation "MavorCo assumed only those liabilities of BlendJet that were necessary for a continuation of the business," Complaint, ¶ 125, is insufficient to state a claim for relief. *Dansie*, 2013 U.S. Dist. LEXIS 37788 at *8 (finding that an agreement must confer the specific type of liability that would make a defendant liable for a plaintiff's alleged harm).

6

does not assign any liabilities to MavorCo, other than a portion of the foreclosed-upon debt. This is fatal to Blendtec's *de facto* merger claim. *See Dansie*, 2013 U.S. Dist. LEXIS 37788 at *8 (dismissing a claim where "the [plaintiffs] have not demonstrated that any provision of the APA required [defendant] to assume a duty" relevant to their claims); *see also Lyday v. Phillips*, No. 1:05-CV-00116 PGC, 2006 U.S. Dist. LEXIS 105017, *16 (D. Utah May 5, 2006) (finding that Conoco Phillips and Holly Corporation expressly intended not to assume liabilities for each other in the purchase agreement when "the purchase agreement itself gives no indication that the parties intended Holly Corporation to assume Conoco Phillips' liabilities or claims").

Plaintiff's conclusory allegation that BlendJet intends to dissolve (under factor 3) is likewise insufficient. Plaintiff is well aware that BlendJet still exists post-transaction, which is the most relevant consideration for successor liability. In fact, Plaintiff is apparently so concerned about BlendJet's independent activities that it filed a new preliminary injunction motion (and a second lawsuit) against BlendJet after three years of litigation and over seven years of coexistence. Plaintiff cannot represent to the Court on the one hand that emergency relief is necessary to stop BlendJet's ongoing activities, but on the other hand declare in its pleading that BlendJet's dissolution is imminent. Therefore, Blendtec fails to sufficiently plead this element as well. *See Icon Health & Fitness*, 2011 U.S. Dist. LEXIS 17340 at *11 (declining to impose successor liability where the seller "though financially defunct, still exists").

Finally, Blendtec fails to sufficiently allege a continuity of management, personnel, assets, and business operations (under factor 1). Blendtec's only allegation is that MavorCo "continued the same business as Blendjet" with "some or many of the same owners, employees, and officers." Complaint, ¶ 124. As stated above, BlendJet and MavorCo are independent entities with different

7

owners and officers, and Plaintiff does not allege otherwise because it cannot. And the fact that MavorCo is using the assets it purchased is not and cannot be sufficient to confer successor liability. Otherwise, the *de facto* merger exception would effectively swallow the rule. *See Herrod v. Metal Powder Prods.*, No. 1:07-CV-23 TS, 2008 U.S. Dist. LEXIS 99948, *13 (D. Utah Dec. 10, 2008) ("It is not enough that the successor benefit from the predecessor's name and good will, or that the successor produce essentially the same product as the predecessor.").

### B.   Blendtec's Mere Continuation Allegations Are Speculative and Implausible

Blendtec alternatively asserts that MavorCo is liable under the "mere continuation" exception. But ordinarily the mere continuation exception "is limited to situations where the selling and buying corporations are essentially the same entity (*i.e.*, common directors, shareholders, etc.) operating under different names." *Decius*, 2004 UT App 484, ¶ 9 (citing *Scott v. Sopris Imps. Ltd.*, 962 F. Supp. 1356, 1358 (D. Colo. 1997)). Accordingly, the mere continuation exception traditionally requires a continuation of ownership and control and the existence of only one entity after the transaction between the parties. *See Decius*, 2004 UT App 484, ¶ 8; *see also A.R. Teeters & Assocs., Inc. v. Eastman Kodak Co.*, 836 P.2d 1034, 1039-40 (Ariz. Ct. App. 1992); *Continental Ins. Co. v. Schneider, Inc.*, 810 A.2d 127, 134-35 (Pa. Super. Ct. 2002). But as discussed above, Blendtec has not plausibly alleged any continuation of ownership or control. Nor can it, as there is no dispute there is no identity of ownership and control. Regardless, as the Complaint concedes, BlendJet still exists. This alone defeats Blendtec's claim for successor liability under a "mere continuation" theory. *See Icon Health*, 2011 U.S. Dist. LEXIS 17340, *11 (declining to impose successor liability where the seller "though financially defunct, still exists").

### C. Leave to Amend Would Be Futile

Although courts sometimes grant plaintiffs leave to amend deficient pleadings, they instead dismiss complaints with prejudice when amendment would be futile. *See Britt v. DeJoy*, 45 F.4th 790, 794–95 (4th Cir. 2022) (instructing courts to make rulings on whether to grant leave to amend to settle finality and that such leave should not be granted where "no amendment in the complaint could cure the defects in the plaintiff's case."). That is the proper course here. As indicated above, there is no question that Blendtec cannot plead any facts to support successor liability. Any facts that Blendtec failed to plead, including required elements for this court to find that the *de facto* merger or mere continuation exceptions apply here, were not pleaded because they do not exist. Indeed, after litigating against BlendJet for nearly 3.5 years, if Blendtec could have adequately pleaded a claim for successor liability against MavorCo, it would have done so.

Granting Blendtec leave to amend its futile pleading would serve only to unnecessarily prolong and broaden the already baseless and protracted litigation that Blendtec initiated against BlendJet in 2021. Such an amendment would cause significant prejudice to MavorCo, forcing it to expend unnecessary time and financial resources defending against damages claims and rebutting evidence that far predates MavorCo's acquisition of BlendJet's asserts. Blendtec therefore, should be denied any opportunity to amend its pleading. *Dedeyn v. Gintzler Graphincs, Inc.*, No. 23-CV-1291-LJV-LGF, 2025 U.S. Dist. LEXIS 7219, *49 (W.D.N.Y. Jan. 14, 2025) (citing *Billard v. Rockwell International Corp.*, 683 F.2d 51, 57 (2d Cir. 1982) (denying leave to amend fraud claims was not an abuse of discretion when the defective allegations were made after full discovery in a related case).

## VIII. CONCLUSION

Blendtec has failed to plead essential elements of any recognized exception to the rule against successor liability, and therefore, its claims against MavorCo should be dismissed with prejudice under Rule 12(b)(6).

Dated: April 9, 2025

Respectfully submitted,

*/s/ Lucy Jewett Wheatley*
George B. Hofmann, IV (10005)
Kathryn Tunacik (13363)
**COHNE KINGHORN, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
Ghofmann@cohnekinghorn.Com
Ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax:  (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP, LLC; and MavorCo Operations, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on April 9, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic notification to counsel of record for all parties, including the following:

Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

***Attorneys for Plaintiff Blendtec Inc.***

                                                     */s/ Lucy Jewett Wheatley*
                                                     Lucy Jewett Wheatley