THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BLENDTEC INC., a Utah corporation,<br><br>　　　　　　　　　Plaintiff,<br>v.<br><br>BLENDJET INC., a Delaware corporation, MAVORCO HOLDINGS, LLC, a Delaware limited liability company, MAVORCO IP, LLC, a Delaware limited liability company, and MAVORCO OPERATIONS, LLC, Delaware limited liability company,<br><br>　　　　　　　　　Defendants. | ORDER GRANTING MOTION FOR EXTENSION<br><br>Case No. 2:25-cv-00096-RJS-DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

　　　　Defendants Mavorco Holdings, LLC, Mavorco IP, LLC, and Mavorco Operations, LLC, move the court for a 14-day extension of time to file an opposition to Plaintiff's Motion for Preliminary Injunction.[1] Plaintiff Blendtec Inc. opposes the request. The court will grant the Motion for an extension.

　　　　This case concerns the alleged infringement of Blendtec's federally registered trademarks by Blendjet Inc., who operates on behalf of Mavorco. On March 27, 2025, Blendtec filed a Motion for Preliminary Injunction noting for decades, Blendtec has sold "high quality blenders" with a swirl design mark. Blendjet later entered the market selling blenders with a "mark and swirl design" that is so similar to Blendtec's swirl design, that it creates confusion. Blendjet's blenders, however, are of lesser quality tarnishing Blendtec's hard earned reputation. In its

---

[1] ECF No. 36.

motion, Blendtec sets forth how Blendjet's mark is similar in sight, sound, meaning, and incidents of consumer confusion.

Blendjet seeks a 14-day extension to oppose the Preliminary Injunction Motion arguing 1) the "complexity and length of the Motion" warrant an extension; 2) Mavorco and its counsel are new to the case and need additional time to review the lengthy motion and its exhibits; and 3) denying an extension would be "unfairly prejudicial." In opposition, Blendtec argues Mavorco's entrance into this dispute elevates the risk of ongoing irreparable harm and the need for urgency. As an example, Mavorco has increased the scope and exposure of the infringing advertising. In addition, the history surrounding Blendtec's cooperation in allowing an extension of time to respond the Complaint warrants the denial of Blendjet's motion.

The court is persuaded that an extension should be given in this instance. The serious and significant nature of the Motion for Preliminary Injunction justifies the extension. In addition, the court agrees that it would be unfairly prejudicial to not allow a minimal 14-day extension to respond. Blendtec fails to offer persuasive evidence that there is an increased need or urgency to resolve the motion because Mavorco is now involved in this matter. In short, extensions such as this are matters of professional curtsy and are routinely granted.

Defendants' Motion is therefore GRANTED. Defendant shall have an additional 14-days from the date of this order to respond to Blendtec's Motion.

IT IS SO ORDERED.

DATED this 11 April 2025.

_____
Dustin B. Pead
United States Magistrate Judge