# Exhibit 4

# MEDIATION AGREEMENT
## (Mark F. James, James Dodge Russell & Stephens, P.C. – Mediator)

The undersigned, on behalf of themselves and their respective clients, each hereby agrees as follows:

**NOTE: BY PARTICIPATING IN THE MEDIATION, COUNSEL AND HIS/HER CLIENTS AGREE TO BE BOUND BY THIS AGREEMENT – IRRESPECTIVE OF WHETHER THE AGREEMENT IS OR IS NOT SIGNED AND/OR RETURNED TO THE MEDIATOR.**

1.  The mediation and all proceedings relating thereto are inadmissible, to the extent allowed by law, in any litigation or arbitration relating to the parties' disputes. The parties specifically agree not to seek to discover or introduce any evidence of the conduct, notes, or statements made during or in connection with mediation (excepting signed writings) even in an attempt to prove fraud or mistake in the execution of a signed writing. All proceedings and communications relating to or arising from the mediation shall be subject to the applicable laws of Utah (including, without limitation, Utah Code Ann. § 78B-10-101, *et seq.*, and Utah Rule of Evidence 408). In Utah, it is prohibited for any person to audio or video record a mediation session. *See* Utah Alternative Dispute Resolution Act, § 78B-6-208(1).

2.  The mediator shall not be liable to any party for the inadvertent disclosure of confidential information. Any information communicated to the mediator that is not specifically designated as confidential may be disclosed by the mediator to one or more non-disclosing parties at the mediation, if, when, and to the extent the mediator determines to disclose such information. Information that must be disclosed by law or information that the mediator believes should be disclosed relating to physical harm, elder or child abuse or endangerment, or criminal activity are exceptions to the mediator's obligation to maintain confidential information learned in the mediation context.

3.  The parties to the mediation and their respective legal counsel agree to participate in the mediation in good faith and make reasonable, good faith efforts to resolve their disputes. Each party agrees that he/she/it will have one or more persons in attendance at the mediation or immediately available by telephone or video with full settlement authority to resolve all disputes at issue.

4.  The parties agree that an email or text message from their respective legal counsel or from some other representative of a party sent to the mediator; to opposing counsel; and/or to the other party(ies) agreeing to the terms of a MOU or settlement agreement will act as a valid, legally binding signature for the purpose of creating an enforceable agreement.

5.  The mediator is not acting as an agent, representative, attorney, or fiduciary in any form or manner or for any person or entity in connection with the mediation but rather solely as a neutral third party. The mediator shall not be liable to any party, or any representative or agent or third-party beneficiary of any party, to the mediation for any act or omission by the mediator in connection with the mediation proceedings.

6.  Mark F. James of the law firm of James Dodge Russell & Stephens will serve as the mediator at the rate of $600 per hour, including travel time and for time spent in preparation. There also will be a $300 administration fee (charged by Utah ADR Services) and a document fee (divided between or among the participants). Prompt payment of the mediator's invoice is appreciated and expected. If an attorney is required for collection that reasonable attorney's fees will be awarded to the prevailing party. Payment owing the mediator shall be divided equally between or among the parties, subject to the mediator's discretion of how his fee will be divided based on time spent by a party at the mediation. Unless otherwise agreed, and for payment purposes, each law firm participating in the mediation shall be deemed to represent one party, regardless of the number of parties at the mediation actually represented by that law firm, for purposes of determining allocation of payment of the mediator's fees.

Each law firm representing a party or parties in the mediation shall be responsible to pay that firm's client's(s') share of the mediation fee. Responsibility for payment to the mediator for the mediator's fees lies with counsel and his/her firm, not with counsel's clients, and payment is not contingent on receiving payment from insurance carriers or counsel's client(s) or upon settlement of the case. There will be a three-hour minimum in all mediations.

7. If a party or its/his/her counsel for any reason changes or cancels a mediation within 30 days of it being scheduled, a fee equal to four hours of the mediator's time plus the administration fee will be charged to counsel requesting the cancellation or continuance unless the mediator is able to replace the cancelled/continued mediation with another mediation. If a dispute arises as to who is responsible for the cancellation/continuation fee, the fee will be allocated equally among counsel, and the parties can resolve the matter among themselves after making payment.

8. The mediator shall have no duty to any party or any party's legal counsel; shall not be deemed to offer legal advice of any kind or nature at any time during the mediation; and to the extent the mediator prepares or assists in preparing a written settlement agreement, memorandum of understanding, or other document memorializing the terms of a settlement, the mediator shall be deemed to be acting as a scribe only and not as an agent or representative of any counsel or any party.

9. To the best of his knowledge, mediator possesses no information that would impact his neutrality with respect to the mediation. The mediator is a member of the Utah State Bar, is acquainted with many members of the Utah State Bar, has worked with many attorneys and law firms in a variety of contexts, and may previously have interacted with, represented, or mediated cases for one or more of the parties. Because the mediator does not represent any of the parties and any settlement achieved at mediation is voluntary, the parties expressly agree that any such connections do not constitute a conflict for purposes of the mediation. If any party, representative or attorney participating in the mediation has any questions or concerns about these disclosures, those questions or concerns should be brought to mediator's attention immediately.

10. If after the mediation any party desires to hire a member of the mediator's law firm to represent that party in any matter, including the same matter as the mediation, the parties expressly agree that the mediation shall not create a conflict preventing or impairing the firm's representation. Each party is advised that in such a circumstance, as a matter of caution, the firm will wall off the mediator from information concerning that representation, and the parties hereto waive any conflict pertaining to any such representation.

11. Attorneys agree to comply with The Utah Standards of Professionalism and Civility in connection with the mediation.

12. This agreement may be signed in counterparts. Counterparts and signatures transmitted by email or otherwise shall be valid and effective as originals

Signature: _____

Date Signed: __12/20/2023_____

Name of Party(ies): __BlendJet, Inc._____

# MEDIATION AGREEMENT
(Mark F. James, James Dodge Russell & Stephens, P.C. – Mediator)

The undersigned, on behalf of themselves and their respective clients, each hereby agrees as follows:

**NOTE: BY PARTICIPATING IN THE MEDIATION, COUNSEL AND HIS/HER CLIENTS AGREE TO BE BOUND BY THIS AGREEMENT – IRRESPECTIVE OF WHETHER THE AGREEMENT IS OR IS NOT SIGNED AND/OR RETURNED TO THE MEDIATOR.**

1. The mediation and all proceedings relating thereto are inadmissible, to the extent allowed by law, in any litigation or arbitration relating to the parties' disputes. The parties specifically agree not to seek to discover or introduce any evidence of the conduct, notes, or statements made during or in connection with mediation (excepting signed writings) even in an attempt to prove fraud or mistake in the execution of a signed writing. All proceedings and communications relating to or arising from the mediation shall be subject to the applicable laws of Utah (including, without limitation, Utah Code Ann. § 78B-10-101, *et seq.*, and Utah Rule of Evidence 408). In Utah, it is prohibited for any person to audio or video record a mediation session. *See* Utah Alternative Dispute Resolution Act, § 78B-6-208(1).

2. The mediator shall not be liable to any party for the inadvertent disclosure of confidential information. Any information communicated to the mediator that is not specifically designated as confidential may be disclosed by the mediator to one or more non-disclosing parties at the mediation, if, when, and to the extent the mediator determines to disclose such information. Information that must be disclosed by law or information that the mediator believes should be disclosed relating to physical harm, elder or child abuse or endangerment, or criminal activity are exceptions to the mediator's obligation to maintain confidential information learned in the mediation context.

3. The parties to the mediation and their respective legal counsel agree to participate in the mediation in good faith and make reasonable, good faith efforts to resolve their disputes. Each party agrees that he/she/it will have one or more persons in attendance at the mediation or immediately available by telephone or video with full settlement authority to resolve all disputes at issue.

4. The parties agree that an email or text message from their respective legal counsel or from some other representative of a party sent to the mediator; to opposing counsel; and/or to the other party(ies) agreeing to the terms of a MOU or settlement agreement will act as a valid, legally binding signature for the purpose of creating an enforceable agreement.

5. The mediator is not acting as an agent, representative, attorney, or fiduciary in any form or manner or for any person or entity in connection with the mediation but rather solely as a neutral third party. The mediator shall not be liable to any party, or any representative or agent or third-party beneficiary of any party, to the mediation for any act or omission by the mediator in connection with the mediation proceedings.

6. Mark F. James of the law firm of James Dodge Russell & Stephens will serve as the mediator at the rate of $600 per hour, including travel time and for time spent in preparation. There also will be a $300 administration fee (charged by Utah ADR Services) and a document fee (divided between or among the participants). Prompt payment of the mediator's invoice is appreciated and expected. If an attorney is required for collection that reasonable attorney's fees will be awarded to the prevailing party. Payment owing the mediator shall be divided equally between or among the parties, subject to the mediator's discretion of how his fee will be divided based on time spent by a party at the mediation. Unless otherwise agreed, and for payment purposes, each law firm participating in the mediation shall be deemed to represent one party, regardless of the number of parties at the mediation actually represented by that law firm, for purposes of determining allocation of payment of the mediator's fees.

Each law firm representing a party or parties in the mediation shall be responsible to pay that firm's client's(s') share of the mediation fee. Responsibility for payment to the mediator for the mediator's fees lies with counsel and his/her firm, not with counsel's clients, and payment is not contingent on receiving payment from insurance carriers or counsel's client(s) or upon settlement of the case. There will be a three-hour minimum in all mediations.

7. If a party or its/his/her counsel for any reason changes or cancels a mediation within 30 days of it being scheduled, a fee equal to four hours of the mediator's time plus the administration fee will be charged to counsel requesting the cancellation or continuance unless the mediator is able to replace the cancelled/continued mediation with another mediation. If a dispute arises as to who is responsible for the cancellation/continuation fee, the fee will be allocated equally among counsel, and the parties can resolve the matter among themselves after making payment.

8. The mediator shall have no duty to any party or any party's legal counsel; shall not be deemed to offer legal advice of any kind or nature at any time during the mediation; and to the extent the mediator prepares or assists in preparing a written settlement agreement, memorandum of understanding, or other document memorializing the terms of a settlement, the mediator shall be deemed to be acting as a scribe only and not as an agent or representative of any counsel or any party.

9. To the best of his knowledge, mediator possesses no information that would impact his neutrality with respect to the mediation. The mediator is a member of the Utah State Bar, is acquainted with many members of the Utah State Bar, has worked with many attorneys and law firms in a variety of contexts, and may previously have interacted with, represented, or mediated cases for one or more of the parties. Because the mediator does not represent any of the parties and any settlement achieved at mediation is voluntary, the parties expressly agree that any such connections do not constitute a conflict for purposes of the mediation. If any party, representative or attorney participating in the mediation has any questions or concerns about these disclosures, those questions or concerns should be brought to mediator's attention immediately.

10. If after the mediation any party desires to hire a member of the mediator's law firm to represent that party in any matter, including the same matter as the mediation, the parties expressly agree that the mediation shall not create a conflict preventing or impairing the firm's representation. Each party is advised that in such a circumstance, as a matter of caution, the firm will wall off the mediator from information concerning that representation, and the parties hereto waive any conflict pertaining to any such representation.

11. Attorneys agree to comply with The Utah Standards of Professionalism and Civility in connection with the mediation.

12. This agreement may be signed in counterparts. Counterparts and signatures transmitted by email or otherwise shall be valid and effective as originals

Signature: _[signature]_

Date Signed: 12/13/2023

Name of Party(ies): ATTORNEY FOR BLENDTEC

2