Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware corporation, **MAVORCO IP, LLC**, a Delaware corporation, and **MAVORCO OPERATIONS, LLC**, a Delaware corporation,<br><br>Defendants. | **BLENDTEC'S ANSWER TO COUNTERLCAIMS**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br>Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

Plaintiff Blendtec Inc. ("Blendtec") hereby answers the counterclaims filed by Defendants Mavorco Holdings, LLC, Mavordo IP, LLC, and Mavorco Operations, LLC (collectively, "Mavorco") as follows:

### PARTIES

1. Admitted.

2. Blendtec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies them.

3. Blendtec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4. Blendtec is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies them.

## JURISDICTION AND VENUE

5. This paragraph contains no allegations against Blendtec and, instead calls for a legal conclusion to which no response is required. To the extent a response is required, Blendtec admits that Mavorco purports to assert claims under the Lanham Act. Blendtec is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 5 and therefore denies them.

6. Blendtec admits that it has its principal place of business in this District. The allegation that Blendtec is subject to the Court's personal jurisdiction is a legal conclusion to which no response is required. To the extent a response is required, Blendtec admits that it is subject to the Court's personal jurisdiction. Blendtec denies the remaining allegations in this paragraph.

7. This paragraph contains no allegations against Blendtec and, instead calls for a legal conclusion to which no response is required. To the extent a response is required, Blendtec admits that venue is proper in this District. Blendtec denied any remaining allegations in paragraph7.

## RELEVANT FACTS

8. Blendtec admits that it is the owner of U.S. Trademark Registration No. 2,431,060 for the mark "Blendtec," registered in connection with "blenders for use in the field of food and

drink preparation." The registration speaks for itself and is the best evidence of its contents. To the extent Mavorco's allegations contradict the registration, those allegations are denied.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Blendtec admits that it is the owner of U.S. Trademark Registration No. 4,050,765 for a swirl design mark, registered in connection with electric food blenders for use in the field of food and drink preparation. The registration speaks for itself and is the best evidence of its contents. To the extent Mavorco's allegations contradict the registration, those allegations are denied.

17. Denied.

18. Denied.

19. The webpages referenced in footnote 3 to paragraph 19 speak for themselves and are the best evidence of their contents. Blendtec denies any allegations that contradict the referenced webpages. Blendtec denies the remaining allegations in paragraph 19.

20. Denied.

21. Denied.

22. Denied.

**COUNT ONE**
(Cancellation of Blendtec's BLENDTEC Registration, U.S. Reg. No. 2,431,060)

23. Blendtec incorporates and realleges its responses to the foregoing allegations in the counterclaims by reference.

24. Denied.

25. Blendtec admits that Mavorco's use of "Blendjet" infringes Blendtec's rights in its Blendtec trademark and that Blendtec has filed suit against Mavorco based on U.S. trademark Registration No. 2,431,060. Blendtec denies all remaining allegations in paragraph 25.

26. Denied.

## COUNT TWO
Cancellation of Blendtec's Swirl Design Logo Registration, U.S. Reg. No. 4,050,765)

27. Blendtec incorporates and realleges its responses to the foregoing allegations in the counterclaims by reference.

28. Denied.

29. Blendtec admits that Mavorco's use of its swirl design mark infringes Blendtec's rights in its swirl design trademark and that Blendtec has filed suit against Mavorco based on U.S. trademark Registration No. 4,050,765. Blendtec denies all remaining allegations in paragraph 25.

30. Denied.

## PRAYER FOR RELIEF

Blendtec admits that Mavorco prays for certain relief by its counterclaims but denies that Mavorco is entitled to any relief whatsoever by way of its counterclaims.

## GENERAL DENIAL

To the extent not expressly admitted, Blendtec denies the remaining allegations contained in the counterclaims.

## AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing and without waiving the burden of proof Mavorco would ordinarily be required to carry on any element of any claim asserted by it, and in the alternative where necessary, Blendtec states as follows:

### FIRST DEFENSE

Mavorco has failed to state any claims upon which relief can be granted.

### SECOND DEFENSE

Mavorco is estopped from asserting its claim that the Blendtec mark should be cancelled as generic because, among other things, Mavorco purchased or otherwise acquired and is now the assignee of a nearly identical trademark (*i.e.*, "Blendjet"), which Mavorco uses as a trademark. By virtue of Mavorco's claimed trademark rights in a mark that is substantially similar to Blendtec's mark, Mavorco is estopped from claiming that Blendtec's mark is generic.

### THIRD DEFENSE

Mavorco is estopped from asserting its claim that the Blendtec swirl design mark should be cancelled as functional because, among other things, Mavorco purchased or otherwise acquired and is now the assignee of a nearly identical swirl design trademark, which Mavorco uses as a trademark. By virtue of Mavorco's claimed trademark rights in a mark that is substantially similar to Blendtec's mark, Mavorco is estopped from claiming that Blendtec's mark is functional.

### FOURTH DEFENSE

Mavorco's claims are barred by the doctrine of unclean hands.

### FIFTH DEFENSE

Mavorco's claims present duplicative and redundant issues already before the Court.

Mavorco's counterclaims contain repetitious issues already before the court by way of Mavorco's affirmative defenses. The counterclaims are wholly duplicative of Mavorco's ninth and fifteenth affirmative defenses, and do not serve a useful purpose. By restating its affirmative defenses, Mavorco's counterclaims seek only to generate an independent piece of litigation out of issues that are already before the Court.

## SIXTH DEFENSE

Blendtec reserves the right to assert additional defenses or affirmative defenses as established by the facts of the case.

DATED this 30th day of April, 2025.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Mark Miller (#9563)
Tamara L. Kapaloski (#13471)
*Attorneys for Plaintiff Blendtec Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of April, 2025, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send electronic notification to counsel of record.

/s/ Tamara L. Kapaloski