Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware corporation, **MAVORCO IP, LLC**, a Delaware corporation, and **MAVORCO OPERATIONS, LLC**, a Delaware corporation,<br><br>Defendants. | **SECOND DECLARATION OF BRIAN BUCHANAN IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br>Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

I, BRIAN BUCHANAN, hereby declare as follows:

1. I am the Chief Operating Officer and President of Blendtec, Inc. ("Blendtec"), the Plaintiff in the above-captioned action. I submit this Second Declaration in support of Blendtec's Motion for Preliminary Injunction (the "PI Motion"). I am fully familiar with the facts set forth in this declaration from personal knowledge or from documents I have reviewed. If called as a

witness, I could and would testify competently under oath to the facts contained herein.

2. Blendtec filed this lawsuit because Blendjet and Mavorco use confusingly similar trademarks on blenders. The parties' respective marks and products as they appear on the parties' respective websites as of May 3, 2025, are shown below:

www.blendtec.com www.blendjet.com

blendtec®

3. In this Declaration, I will refer to Blendtec's BLENDTEC trademark and its registered Swirl Design logo as the "Blendtec Marks," and Mavorco's (formerly Blendjet's) BLENDJET trademark and its Swirl Design logo as the "Blendjet Marks."

4. I have read Mavorco's Opposition to Blendtec's PI Motion. In Mavorco's Opposition, Mavorco states that the Blendtec Marks are "commercially weak" because "many others use similar marks in the same industry." Opp. at p. 17. That is not my experience, however. I understand that, as its only support for its position, Mavorco has submitted with its Opposition USPTO trademark registrations or applications for trademark registrations for marks that include the word "blend" and separate registrations for design marks that Mavorco contends include some

type of swirl. Those USPTO registrations are submitted as attachments to the Declaration of Jessica S. Maupin. *See* Dkt. 49-1.

5. I disagree that the blender market is crowded with marks that contain the word "blend" in combination with a swirl. The commercial reality is that the blender market is not crowded with "blend" marks with a swirl as Mavorco contends. Other than Blendtec and Blendjet, none of the top blender brands use "blend" with a swirl.

6. As a company competing in the actual marketplace, Blendtec's focus is on what is happening in the real world. A number of USPTO registrations does not establish what is happening in Blendtec's blender market. In other words, trademarks only have real-world consequences for Blendtec if companies actually use those marks to compete with Blendtec in the marketplace. The only company that I am aware of that uses marks similar to the Blendtec Marks on blenders is Blendjet/Mavorco. I am not aware of any other companies, let alone "many others", that use "blend" in combination with a swirl mark on blenders.

7. I conducted an online search to see if I could find any. I was able to find only two companies that use both "blend" and what could arguably be called a "swirl" design on blenders. I had never heard of either company. To my knowledge, Blendtec has never competed with either of these companies. Those companies as well as their respective marks are set forth in the table below. I could not find any Polar Blend products that are available for sale and the MagnaBlend product can only be shipped to New York addresses:

| https://www.taylor-upstate.com/magnablend   Only available to buy in New York. | No company website. Shown on Walmart.com at https://www.walmart.com/ip/Polar-Blend-Portable/635539523.   Not currently available to buy |
|---|---|

8. These marks are visually distinct from the Blendtec Marks, however. Moreover, because consumers cannot buy these products, unless they are in New York for MagnaBlend, I don't believe these products have any real marketplace impact on Blendtec, and I certainly do not believe that because of these two companies, the Blendtec Marks are commercially weak. I am not aware of a single instance of any consumer confusion caused by the trademarks in the table above or of any consumer that has ever even inquired to Blendtec about these companies. By contrast, as noted in my first declaration, I'm aware of hundreds if not thousands of instances of actual confusion related to use of the Blendjet Marks. The confusion caused by the Blendjet Marks is so frequent and extensive that Blendtec's customer service team implemented a process for dealing with it.

9. I reviewed the USPTSO design mark registrations submitted by Mavorco. Mavorco submitted sixteen (16) USPTO registrations for design marks. These are attached to the Declaration of Ms. Maupin as Exhibits 80 through 95. I looked at how the designs in these 16 registrations are used in the marketplace. I have summarized my marketplace research into these 16 design marks in **Exhibit A** to this Declaration. For several reasons, I do not believe that any of these design marks have an impact on the commercial strength of the Blendtec Marks.

10. First, in my experience, looking solely at a design logo in isolation and divorced from context, ignores the marketplace reality because designs are not typically used alone in commerce. Rather, designs are used in connection with a brand name. For example, Blendtec uses its Swirl design in combination with its Blendtec Mark. Blendjet also uses its Swirl design in connection with its Blendjet Mark. Confused customers is the marketplace reality because of the confusing similarity of both the swirls and marks on blenders. As another example of how companies use designs with brand names, Vitamix's design logo, which is a vortex of blades or waves, is used immediately adjacent to the "Vitamix" word mark. The "Vitamix Brand Guidelines," which are available on Vitamix's website states that the Vitamix "brand logo is composed of <u>two elements: the vortex and the wordmark</u>":

https://www.vitamix.com/content/dam/vitamix/files/Vitamix_BrandGuidelines_2020_Visual_1_21.pdf (emphasis added).

11. Only two of the sixteen design marks in the USPTO registrations submitted by Mavorco are used in the marketplace in connection with a "blend___" mark, and those are designs of the same company (Blender Bottle). *See* Section 1 to **Exhibit A** at Design Nos. 1-2.[1] The

[1] As noted in Exhibit A, I do not agree that the Blender Bottle design logos are "swirls." Those designs are in the shape of the ball that is inside the Blender Bottle. In fact, the USPTO registrations for these designs describe them as a "spiral type ball" (Exh. 80 to the Maupin Decl.) and the "shape of a sphere" (Exh. 91 to the Maupin Decl.). In addition, the Blender Bottle product is a shaker cup, and not a blender.

Blender Bottle is a shaker bottle. Given the differences in the marks and products, I'm not aware of any confusion there either. The remaining fourteen design marks are used only in connection with other brand names, such as Ovation, Porifera, Peanut Butler, VinoFlux, Sunmix, and Baby Move. *See id*. at Design Nos. 3-16. I am not aware of any confusion between Blendtec and any of these other companies using their own logos.

12. Next, ten of the 16 designs are <u>not</u> used on blenders. These designs are used on a shaker bottle (Design Nos. 1-2), a mixer (Design Nos. 3-4), a hook that is attached to a limited number of compatible hand mixers to mix peanut butter (Design No. 5), an industrial machine that makes juice concentrate (Design No. 6), wine finishing services (Design No. 7), a dough mixer (Design No. 8), a baby food maker (Design No. 9), and an industrial mixer used for R&D, lab screening, and Q&A testing (Design No. 10). These trademarks – that do not use "blend" – do not have any commercial impact whatsoever on Blendtec.

13. Further, four of the designs shown in the USPTO design registrations submitted by Mavorco, do not appear to be used on products available in the marketplace. *See* Exhibit A at Section 2. I could not find any marketplace use of the StayFresh Vacuum Technology design mark at all, and therefore have no idea what type of product (if any) this mark is used on. *See id*. at Design 11. I also could not find the "magic bullet mini" design mark in use in commerce. Although I found some references online to a "Magic Bullet Mini," they do not include the design mark from the registration. *See id*. at Design 12. With respect to the Jovokich design mark, I was able to find a product on Amazon with the Jovokich design mark, but it states that it is "Currently Unavailable." *See* Design No. 13. I was unable to locate a Jovokich product that is for sale other than a few sporadic consumer resales (*i.e.*, a used Jovokich product available on eBay, for example).

Similarly, the evoloop product does not appear to be available for sale. *See* Design No. 14. It appears likely that the evoloop blender product has been discontinued. Based upon my review, I do not believe these companies or marks have any commercial impact on Blendtec.

14. It appears that only two of the design mark registrations submitted by Mavorco are for designs that are used on blender products that are currently for sale. Those designs are the very well-known Vitamix vortex blade logo and Yip's green and yellow Yonanas logo. *See* Exhibit A at Section 3. In context, this is how the Vitamix and Yip design logos appear in the marketplace:

 

*See id*. These marks are very different from the Blendtec Marks. The Vitamix design is not a swirl. It a formation of blades or waves, that Vitamix refers to as a "vortex," that appears immediately next to the "Vitamix" word mark that is very well known in the blender industry. Consumers are not likely to see the <vortex logo + Vitamix word mark> and mistake it for Blendtec. The Yonanas Yip swirl design is used inside the "yonanas" word mark. Consumers are not likely to see the Yonanas mark and confuse it for Blendtec. I am not aware of any consumer confusion between the Vitamix and Yonanas marks and the Blendtec Marks.

15. As my comparison of the USPTO design registrations against the real-world use of the designs shows, the USPTO registrations reveal very little about the actual commercial reality. They do not show that Blendtec's marks are commercially weak.

16. With respect to the 78 USPTO registrations submitted by Mavorco that include the word "blend," as with the design marks, Mavorco has not provided any real-world context for the marks in these registrations. Pointing to registered marks is commercially meaningless, for

example, if those marks are no longer in use, are not used on blenders, or have a very small real-word footprint.

17. As noted in my first Declaration (Dkt. No. 26), Blendtec's Marks are commercially strong. Blendtec has used the Blendtec Marks on top-selling blenders for decades. Dkt. No. 26 at ¶5. Blendtec has spent tens of millions of dollars in advertising its blenders using the Blendtec Marks. Blendtec gained notoriety and customers through its Willitblend YouTube campaign, which is recognized as one of the most viral advertising campaigns ever. *Id*. at ¶8-10. Over the decades, Blendtec has invested millions of dollars to achieve brand recognition and a stellar reputation, leading to hundreds of millions of dollars in sales. *Id*. at ¶11. Independent industry reports covering the blender industry include Blendtec as one of the dominant players. For example, a 2020 industry report stated that Blendtec had "the top viral marketing campaign of all time," which "combined with Blendtec products' reputation for high power and reliability, have propelled the company to astonishing growth over the past five years." *See* **Exhibit B** (excerpt of industry report) at p. 31. Another independent industry report covered twenty "important" blender brands, including Blendtec, based on things such as "their market dominance." **Exhibit C**. Blendtec has received many awards reflecting its brand recognition and high quality, including as just one example that the Designer 725 blender was voted "the best blender of 2019 by Gadget Review." *Id*. at p. 110. Mavorco ignores the marketplace commercial success of Blendtec in arguing that the Blendtec Marks are commercially weak.

18. Although Mavorco downplays the commercial strength of the Blendtec Marks for purposes of this litigation, Blendjet has conceded that it was aware of the Blendtec Marks at the time that it started using the Blendjet Marks. This is not at all surprising given the huge commercial

success and footprint of Blendtec, including its viral marketing campaign. In my opinion, the primary reason Blendjet chose to use the BLENDJET mark in combination with a swirl mark on blenders was to ride off from the commercial success of Blendtec.

19. I have also reviewed the declaration that David Meckler submitted in support of Mavorco's opposition to the PI Motion. Dkt. 49-3. In his declaration, Mr. Meckler states that "Mavorco has scaled back or suspended all advertising and promotional activities [of Blendjet] until the legal and operational uncertainties related to this ongoing litigation and other matters are resolved." Dkt. 49-3 at ¶14. As I noted in my prior declaration, however, on February 10, 2025, after Mavorco had obtained the Blendjet Marks, Mavorco advertised its marks and website on Times Square and stated that "this is just the beginning!" *See* Dkt. 26 at ¶33. In addition, the Blendjet website--that Mavorco now owns--continues to operate. *See* www.blendjet.com. The Blendjet website continues to prominently advertise and display the Blendjet Marks on every page and consumers can purchase Blendjet blenders directly from the website. Mavorco also continues to advertise using the Blendjet Marks on Blendjet's social media accounts, including among others, Facebook (https://www.facebook.com/blendjet/) (443,000 followers) and Instagram (BlendJet® - Official (@blendjet) • Instagram photos and videos) (751,000 followers). For example, here is a recent Mavorco Facebook post for Blendjet:



I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

DATED this May 8, 2025.

Brian Buchanan

**CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of May, 2025, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send electronic notification to counsel of record.

*/s/ Tamara L. Kapaloski*