George Hofmann (10005)
Kathryn Tunacik (13363)
**Cohne Kinghorn, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
ghofmann@ck.law
ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email:  lwheatley@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**McGuireWoods LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**McGuireWoods LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax:  (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP,*
*LLC; and MavorCo Operations, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah Corporation<br><br>    Plaintiff,<br><br>v.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP, LLC**, a Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, Delaware limited liability company,<br><br>    *Defendants.* | **MAVORCO'S OPPOSITION TO BLENDTEC'S MOTION TO STRIKE MAVORCO'S THIRTEENTH AFFIRMATIVE DEFENSE**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Defendants MavorCo Holding, LLC, MavorCo IP, LLC, and MavorCo Operations, LLC (collectively "MavorCo") hereby submit this Opposition to Plaintiff Blendtec Inc.'s ("Plaintiff" or "Blendtec") Motion to Strike MavorCo's Thirteenth Affirmative Defense (Dkt. 51) (the "Motion"). For the reasons stated below, Blendtec's Motion should be denied.

## I. INTRODUCTION

Blendtec's Motion to Strike its Thirteenth Affirmative Defense misrepresents the applicable legal standard and should be denied. By relying on non-binding and irrelevant case law, Blendtec attempts to set an unsupported heightened legal standard for MavorCo's affirmative defense to survive a motion to strike, and in doing so, improperly seeks to stifle MavorCo's legitimate legal arguments in this case. However, binding precedent holds that, at this early stage, the notice pleading standard applies, and motions to strike should only be granted in extreme cases. MavorCo's antitrust affirmative defense under the Lanham Act fully complies with this Court's notice pleading standard, and Blendtec's Motion fails to justify the drastic remedy of striking that defense. MavorCo respectfully requests that the Court deny Blendtec's Motion to Strike.

## II. LEGAL STANDARD

The legal standard that Blendtec has presented to this Court is misleading. Indeed, Blendtec does not cite to any binding cases because this Court's well-established law on striking affirmative defenses is not on its side. *See* Mot. at 5–6. Motions to strike under Fed. R. Civ. P. 12(f) "are disfavored and striking a defense is a drastic remedy." *Tiscareno v. Frasier*, No. 2:07-CV-336, 2012 U.S. Dist. LEXIS 55553, at *36 (D. Utah Apr. 19, 2012). "Generally, motions to strike are not granted unless the questionable material is prejudicial to the moving party," and "[t]he Tenth Circuit has warned that courts should 'proceed with extreme caution in striking a pleading.'" *Id.*

at *37 (citing *Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932)).

Disregarding the relevant legal standard, Blendtec claims that "district courts in this Circuit are split on whether [*Iqbal* and *Twombly*] govern the pleading of affirmative defenses under Fed. R. Civ. P. 8(b)(1)(A)." Mot. at 6. Other district courts may be split, but **this Court** has spoken:

> The standard for pleading affirmative defenses, then, is the one described by the Tenth Circuit in *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1076 (10th Cir. 2009) . . . This "notice pleading" standard is a liberal one and requires only a "short and plain" statement of each affirmative defense intended to be brought at trial.

*Tiscareno*, 2012 U.S. Dist. LEXIS 55553, at *45–46. Blendtec presents this Court with a higher standard, from other jurisdictions, that is required to prevail on motions to dismiss, at summary judgment, or during trial. *See* Mot. at 6–8 (citing *Stiftung v. Zeiss*, 298 F. Supp. 1309 (S.D.N.Y. 1969) (opinion after trial); *Phi Delta Theta Fraternity v. J. A. Buchroeder & Co.*, 251 F. Supp. 968 (W.D. Mo. 1966) (opinion after "after extensive pretrial proceedings" and providing ruling on questions of law); *Critter Control, Inc. v. Young*, No. 3:13-0695, 2014 U.S. Dist. LEXIS 126960 (M.D. Tenn. Sep. 8, 2014) (summary judgment); *1-800CONTACTS, Inc. v. Mem'l Eye, P.A.*, No. 2:08-CV-983 TS, 2010 U.S. Dist. LEXIS 23972 (D. Utah Mar. 15, 2010) (counterclaims for antitrust violations); *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 113 S. Ct. 1920 (1993) (affirming summary judgment)).[1] Notably, in each of these cases cited by

---

[1] Blendtec cites *1-800CONTACTS, Inc. v. Mem'l Eye, P.A.*, No. 2:08-CV-983 TS, 2010 U.S. Dist. LEXIS 23972 (D. Utah Mar. 15, 2010) for the proposition that the court "[struck] antitrust-based affirmative defense because the infringement claim was not objectively baseless." Mot. at 8. Blendtec's proposition here is equally as misleading as the rest of its Motion. The opinion in *1-800CONTACTS* is based on a motion to dismiss a counterclaim, which was decided under a higher pleading standard. *See* Answer at 14, *1-800CONTACTS,* 2010 U.S. Dist. LEXIS 23972 (Dkt. 34). The only affirmative defense the court considered in that case was for trademark misuse. *Id.* MavorCo has not asserted an affirmative defense for trademark misuse in the instant case. *See generally* Answer.

2

Blendtec, the antitrust defense had life beyond the pleading stage.[2]

The standard established by this Court to survive a motion to strike, especially at this early stage in the case, is less stringent than the *Iqbal/Twombly* pleading standard and is certainly much lower than MavorCo's ultimate burden to prevail on this defense at trial. *See Tiscareno*, 2012 U.S. Dist. LEXIS 55553, at *44-45 (discussing the "practical arguments" regarding the standard for asserting affirmative defenses—"a defendant is generally required to respond to a complaint within 21 days . . . [i]f a defendant fails to include an affirmative defense in her answer, she risks waiving it," this "burden on defendants supports reading Rule 8(b)(1)(A) and Rule 8(c) to impose a lighter pleading standard").

This Court has not yet specifically addressed the issue of a motion to strike an antitrust defense under the Lanham Act, and Blendtec has not provided any arguments for this Court to now change its well-established law. Indeed, other courts have decided similar motions in accordance with the notice pleading standard and declined to strike antitrust affirmative defenses when defendants provide short and straightforward statements describing their defenses. *See, e.g., Advanced Hair Restoration LLC v. Bosley Inc.*, No. C23-1031-KKE, 2025 U.S. Dist. LEXIS 78358, at *6 (W.D. Wash. Apr. 24, 2025) (finding the following antitrust defense sufficiently pleaded: "Plaintiff has used its asserted trademarks in violation of antitrust laws by, among other things, seeking to register with the USPTO marks that are confusingly similar to Defendant's incontestable marks and seeking to obtain a monopoly on the use of generic and/or descriptive

---

[2] Blendtec cites *Deere & Co. v. MTD Holdings*, 2004 U.S. Dist. LEXIS 15776 (S.D.N.Y. Aug. 10, 2004) for the proposition that the court "[struck] affirmative defense which asserted that bringing trademark infringement suit constituted antitrust violation." Mot. at 8. However, the affirmative defense there was also for trademark misuse and not antitrust violations under 15 U.S.C. § 1115(b)(7). *See generally id.*

phrases." (quoting Dkt. 11)); *Trademark Holdings of Ill., LLC v. Kings Two Dental Supply*, No. CV 09-01773 RGK (Ex), 2009 U.S. Dist. LEXIS 135480, at *7 (C.D. Cal. Aug. 20, 2009) (finding that "Defendant has provided enough to state a plausible antitrust affirmative defense" by alleging "that there are agreements between Plaintiff, its licensee, and independent retailers. Defendant also alleges that the 'independent retailers have formed a cartel,' and Plaintiff 'has enforced its price fixing agreements against discounters to stamp-out price competition.'").

Here, like the Plaintiffs in *Tiscareno*, Blendtec has "mistakenly relied" on improper rules "as the sole grounds" for moving to strike MavorCo's affirmative defenses, and in doing so, has failed to demonstrate that MavorCo's antitrust defense is an "insufficient defense or [] redundant, immaterial, impertinent, or scandalous." *Tiscareno*, 2012 U.S. Dist. LEXIS 55553, at *46; Fed. R. Civ. P. 12(f).

### III.   ARGUMENT

#### A.   MavorCo Meets This Court's Well-Established Pleading Standard for Affirmative Defenses.

In its Answer, MavorCo has not only met but has exceeded the notice pleading standard. MavorCo clearly states that it is asserting an affirmative defense against Blendtec, which bars or limits all of Blendtec's claims "because Blendtec is using its marks to violate the antitrust laws of the United States." Dkt. 44 at 15 (*hereinafter*, "Answer"). MavorCo also cites the statute under which it brings this affirmative defense, specifically 15 U.S.C. § 1115(b)(7). *Id.* There is no doubt that Blendtec has received clear and sufficient notice regarding MavorCo's assertion of this affirmative defense. That is all that is required. *Tiscareno*, 2012 U.S. Dist. LEXIS 55553, at *44 ("[A] simple statement that [for example,] a complaint 'fails to state a claim' is sufficient to plead an affirmative defense under the federal rules, even in the absence of additional factual

allegations.").

In addition, MavorCo provides the following facts in support of its affirmative defense:

In 2021, Blendtec brought an almost identical lawsuit against BlendJet, *Blendtec Inc., v. BlendJet Inc*., Cause No. 2:21-cv-00668, in the United States District Court for the District of Utah, in an attempt to extort an acquisition of BlendJet at a significantly undervalued price. This current case is a second attempt by Blendtec to use bad faith pressure tactics by filing what is fundamentally an anticompetitive lawsuit to force the acquisition of MavorCo's assets at a reduced rate, in violation of the antitrust laws of the United States.

Answer at 15.

In contradictory fashion, Blendtec claims that MavorCo has not adequately pleaded any facts that suggest "even a hint of anticompetitive conduct" by Blendtec. However, immediately after this assertion, Blendtec cites some, though not all, of the facts that MavorCo provided to identify the exact types of antitrust violations it alleges. *See id*. In full, MavorCo's affirmative defense shows that Blendtec has filed not one, but two nearly identical lawsuits, not to enforce its trademark rights in good faith, but instead to use the legal system as an anti-competitive tool to exert financial pressure on BlendJet (and now MavorCo) with the goal of preventing fair competition and extorting the acquisition of intellectual property assets at a significantly reduced price. *See id.*

These claims are made in good faith, and supported by a declaration from BlendJet's CEO, Ryan Pamplin. *See* Dkt. 49-2, Pamplin Decl. ¶ 17. Considering this, along with MavorCo's clear identification of its affirmative defense, the statute under which it arises, and the background facts provided in support of it, any argument by Blendtec that MavorCo has not met the standard for pleading an affirmative defense is without merit. *See Tiscareno*, 2012 U.S. Dist. LEXIS 55553, at *46 (the notice pleading standard "is simply to guarantee that the opposing party has notice of any

5

additional issue that may be raised at trial so that he or she is prepared to properly litigate it.").

For this reason alone, the Court should deny Blendtec's Motion.

### B. Even If This Court Were to Consider a Heightened Pleading Standard, MavorCo Meets That Standard Too.

As stated above, this Court has not adopted a higher standard to plead an antitrust affirmative defense under the Lanham Act. While Blendtec offers inapplicable law from other non-binding jurisdictions under the guise of a "legal standard," it fails to address why this Court should disregard settled authority to adopt a higher pleading standard. But even if this Court were to apply MavorCo's (unsupported) heightened standard, Blendtec's motion fails. Specifically, Blendtec has not shown—and cannot show—that "(1) no circumstances exist under which [MavorCo's affirmative defense] can succeed as a matter of law; (2) [MavorCo] fails to provide the plaintiff with fair notice;[3] or (3) [MavorCo's affirmative defense] has no possible relation to the controversy and may prejudice the opposing party." Mot. at 9-10 (cleaned up).

Blendtec claims that an antitrust defense cannot arise based its pattern of filing bad faith lawsuits solely to inflict economic pain on BlendJet (and now MavorCo), to drive these companies out of business so that Blendtec can extort an acquisition of their intellectual property assets at a significantly reduced price. Mot. at 7. To the contrary, the Supreme Court held in *California Motor Transport Co. v. Trucking Unlimited* that "a pattern of baseless, repetitive claims" constitutes a sham litigation and can be the basis for an antitrust violation when it "leads the factfinder to conclude that the administrative and judicial processes have been abused." 404 U.S. 508, 513 (1972); *City of Columbia v. Omni Outdoor Advert.*, 499 U.S. 365, 380 (1991) ("A classic example"

---

[3] That MavorCo has provided fair notice is addressed above. *See supra* Section II.A.

6

of sham petitioning is when "persons use the governmental *process*—as opposed to the *outcome* of that process—as an anticompetitive weapon . . . simply in order to impose expense and delay.") (citing *Cal. Motor*, 404 U.S. 508) (emphasis in original). This rule applies even if there are only "a small number of petitions," and if those petitions "turn out to have some objective merit." *Hanover 3201 Realty, LLC v. Vill. Supermarkets, Inc.*, 806 F.3d 162, 180 (3d Cir. 2015); *see also Cal. Motor*, 404 U.S. at 512 (observing that proceedings can be a sham regardless of merits). In determining whether a pattern of litigation is a sham, "Courts should also consider other evidence of bad-faith as well as the magnitude and nature of the collateral harm imposed on plaintiffs by defendants' petitioning activity." *Hanover*, 806 F.3d at 181.

Blendtec has employed two nearly identical lawsuits:[4] *Blendtec Inc., v. BlendJet Inc.*, Cause No. 2:21-cv-00668, in the U.S. District Court for the District of Utah (the "2021 Action"), and the instant lawsuit (the "2025 Action"), as a years-long strategy to use litigation as an anti-competitive tool. The mere fact that Blendtec filed two lawsuits indicates "a greater risk of antitrust harm." *Hanover*, 806 F.3d at 180. As detailed in MavorCo's Motion to Dismiss (Dkt. 43) and its Opposition to Blendtec's Motion for a Preliminary Injunction (Dkt. 49), which are incorporated by reference as if fully set forth herein, Blendtec filed these lawsuits fully aware that its claims are objectively baseless and that it has no chance of success on the merits. For example, Blendtec's claims of trademark infringement against BlendJet and MavorCo are objectively baseless when considering that "blend" is a generic term for a blender; that BLENDJET (the accused mark) is a federally registered mark that has always been owned by the accused infringer, BlendJet, and now

---

[4] Blentec refers to "[t]he 2021 Action and the 2025 Action" as "present[ing] essentially the same trademark infringement lawsuit involving identical trademarks." Dkt 17 at 4.

MavorCo; and that numerous BLEND-formative brand names have existed—*for blenders*—for over 85 years without confusion. *See generally*, Dkt. 49. Additionally, Blendtec's claims of successor liability against MavorCo, which are currently the subject of a motion to dismiss, are unfounded because MavorCo is an unrelated third-party purchaser of BlendJet's assets through a foreclosure sale and has not assumed any of BlendJet's past liabilities. *See generally*, Dkt. 43.

Beyond the lack of merit, Blendtec has demonstrated bad faith throughout the 2021 and 2025 Actions by engaging in "scorched earth" litigation tactics seemingly with the goal of financially draining BlendJet. *See* 2021 Action, Dkt. 100 (opinion noting parties' "intent to engage in scorched earth litigation" in decision on Blendtec's six motions to compel). After dragging out the 2021 Action for years, Blendtec's strategy has succeeded to some extent. The cumulative effect of the 2021 and 2025 Actions has financially drained BlendJet to the point where it cannot fulfill its financial obligations to its counsel and is now unrepresented. *See* 2021 Action, Dkt. 204, Dkt. 209. Indeed, BlendJet has not made an appearance in the 2025 Action. Furthermore, Blendtec's pattern of delay demonstrates that it has not been genuinely harmed by use of the BLENDJET mark. Blendtec waited nearly three years to file the 2021 lawsuit, despite being fully aware of BlendJet's market presence and the alleged consumer confusion. Dkt. 49 at 17.

Since helping to push BlendJet into financial distress, and after MavorCo acquired substantially all of BlendJet's assets in early 2025, Blendtec has shifted focus to MavorCo, attempting to unnecessarily escalate litigation costs in the 2025 Action. Blendtec has filed a flurry of motions, and forced MavorCo to brief even basic extension requests. *See* Dkt. 42. Moreover, Blendtec has made multiple inquiries over the years into acquiring BlendJet.[5] This pattern

---

[5] Blendtec argues that MavorCo has improperly used "previous settlement discussions," which are

8

underscores that Blendtec's litigation efforts serve as a means to that end. *See* Dkt. 49-2, Pamplin Decl. ¶ 17. These ulterior motives constitute a sham litigation. *See Hanover*, 806 F.3d at 182.

Blendtec's ploy of engaging in protracted litigation for anticompetitive purposes, rather than to enforce any legitimate trademark rights, undoubtedly forms the basis of an antitrust violation.[6] *See Hanover*, 806 F.3d at 180 (finding petitioning activity is "mere sham to cover what is actually nothing more than an attempt to interfere directly with the business relationships of a competitor"); *Cal. Motor*, 404 U.S. at 515 ("If these facts are proved, a violation of the antitrust laws has been established. If the end result is unlawful, it matters not that the means used in violation may be lawful.").[7]

---

protected under Federal Rule of Evidence 408, as the basis for its antitrust affirmative defense. Mot. at 9–10. This is not true. MavorCo has not submitted any facts to the Court regarding "settlement discussions" that would be inadmissible under Rule 408. Instead, MavorCo has presented evidence supporting its claims that occurred before the 2025 Action, which falls outside the protections of Rule 408. *See Telecom Asset Mgmt., LLC v. FiberLight, LLC*, 730 F. App'x 443, 446 (9th Cir. 2018) (finding Rule 408 does not include "pre-litigation discussions" and "pre-dispute business negotiations"); *see also Tyler Grp. Partners, LLC v. Madera*, 564 F. Supp. 3d 944, 986 (D.N.M. 2021) (stating that settlement evidence may be admissible when offered for "another purpose under rule 408") (collecting cases).

[6] Blendtec claims that MavorCo's antitrust affirmative defense, if not stricken, will prejudice Blendtec for the sole reason that MavorCo will be allowed to seek discovery related to Blendtec's antitrust violations. Blendtec does not explain how "antitrust" discovery would be different than the discovery MavorCo is already entitled to with respect to the trademark claims. Notably, the trademark claims alone allow MavorCo to conduct discovery into Blendtec's motivations for filing suit in order to investigate their damages claims and MavorCo's claims for attorneys fees. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."); *Blackwater Draw Dairy, Ltd. Liab. Co. v. Lambright*, No. 11cv0846 RB/WDS, 2012 U.S. Dist. LEXIS 203905, at *16-17 (D.N.M. Aug. 6, 2012) (finding no prejudice in additional discovery where "there is a significant overlap in the factual underpinnings and defenses"); *Premier Resort Krabi v. Mohawk, Inc.*, CIVIL ACTION No: 96-2128-EEO, 1996 U.S. Dist. LEXIS 17432, at *1 (D. Kan. Nov. 15, 1996) (finding no prejudice from additional discovery where "ample time to seek it before trial").

[7] Blendtec's other arguments are equally baseless. Blendtec assertion that "[t]o sustain an affirmative antitrust defense, a defendant must meet the high burden of establishing 'direct use of the marks at issue to competitively and directly harm' competition," is taken completely out of

9

At this early stage, MavorCo's thirteenth affirmative defense should be proceed. The Court is not yet required to determine whether, and to what extent, Blendtec may be liable for violating U.S. antitrust laws. The only question before the Court is whether MavorCo has given Blendtec fair notice of its affirmative defense. It has done so. *See Virgin Enters. v. Virginic LLC*, No. 19-CV-0220-F, 2020 U.S. Dist. LEXIS 63580, at *3 (D. Wyo. Apr. 10, 2020) ("If there is any doubt whether the pleading should be stricken, it should be resolved in favor of the non-moving party.").

### C. In the Alternative, This Court Should Grant MavorCo Leave to Amend Its Antitrust Affirmative Defense.

In the alternative, should this Court find that MavorCo has not met the pleading standard, MavorCo seeks leave to amend its Thirteenth Affirmative Defense. Such leave "is to be freely given." *Reimer v. Apollo Partners, LLC*, No. 2:23-cv-00182 DBB DBP, 2024 U.S. Dist. LEXIS 6046, at *2 (D. Utah Jan. 10, 2024); *see also Microsoft Corp. v. Lutian*, No. 1:10 CV 1373, 2011 U.S. Dist. LEXIS 109918, at *13 (N.D. Ohio Sept. 27, 2011) ("allow[ing] Defendants an opportunity to amend their affirmative defenses" "in light of the fact that motions to strike are viewed with disfavor") (quoting another source); *Consumerinfo.com, Inc. v. Chang*, No. CV 09-3783-VBF(MANx), 2009 U.S. Dist. LEXIS 138035, at *14 (C.D. Cal. Sept. 14, 2009) (same).

### IV. CONCLUSION

For the reasons above, MavorCo respectfully requests that the Court deny Blendtec's Motion to Strike MavorCo's Thirteenth Affirmative Defense and grant any other proper relief.

---

context. Mot. at 6 (citing *Virgin Enters. v. Virginic LLC*, No. 19-CV-0220-F, 2020 U.S. Dist. LEXIS 63580, at *17 (D. Wyo. Apr. 10, 2020)). As Blendtec recognizes, *see* Mot. at 7, the Wyoming Court there relied heavily on the defendant's complete lack of factual support in deciding to strike the affirmative defense. *See id.* at *21. That lack of factual support could not be further from what MavorCo has presented to this Court here. *See supra* Section II.A.

Dated: May 14, 2025

Respectfully submitted,

**COHNE KINGHORN, P.C.**

<u>/s/ Lucy Jewett Wheatley</u>
George Hofmann
Kathryn Tunacik

Lucy Jewett Wheatley (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP, LLC; and MavorCo Operations, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 14, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic notification to counsel of record for all parties, including the following:

Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

                                                  */s/ Lucy Jewett Wheatley*
                                                  Lucy Jewett Wheatley