George Hofmann (10005)
Kathryn Tunacik (13363)
**Cohne Kinghorn, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
ghofmann@ck.law
ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email:  lwheatley@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**McGuireWoods LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**McGuireWoods LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax:  (214) 932.6499
Email: jmaupin@mcguirewoods.com

***Attorneys for Defendants
MavorCo Holdings, LLC; MavorCo IP,
LLC; and MavorCo Operations, LLC***

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah Corporation<br><br>*Plaintiff*,<br><br>v.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP, LLC**, a Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, Delaware limited liability company,<br><br>*Defendants*. | **MAVORCO'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLAIMS FOR SUCCESSOR LIABILITY**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Blendtec concedes that the general rule is "a company acquiring the assets of another corporation does not become liable for the debts of the transferring company." ECF 55 ("Opp.") at 12.[1] To evade that rule, Blendtec speculates that two exceptions—the mere continuation and *de facto* merger doctrines—might apply and allow Blendtec to hold MavorCo liable for wrongs allegedly committed by BlendJet. As set forth below, Blendtec's arguments fail because its pleading consists of barebones conclusions instead of actual facts. The only facts in Blendtec's pleading are that MavorCo acquired BlendJet's assets and now resells the BlendJet products— facts which do not establish that either the mere continuation or *de facto* merger doctrine applies. Under a proper application of Federal Rule of Civil Procedure 12(b)(6) and looking only at the well-pled allegations, Blendtec has failed to state a claim for relief under Count V or VI and those claims should be dismissed.

## I.   ARGUMENTS

### A.   Blendtec Cannot State a Claim Under the Mere Continuation Doctrine

In arguing that the general rule against successor liability should be disregarded here under the "mere continuation" doctrine, Blendtec distorts the doctrine and misapplies the relevant pleading standard. The elements to establish "mere continuation"[2] are (1) that the predecessor and

---

[1] Citations are to the pagination set out in the Opposition's ECF headers.

[2] Blendtec asserts that California law may apply. This is incorrect. Utah courts look to the "most significant relationship" to determine choice of law. *Fuit v. Extreme Prods. Grp., L.L.C.*, No. 1:16-CV-0035, 2018 WL 1801914, at *3-4 (D. Utah Apr. 13, 2018). BlendJet and MavorCo are Delaware corporations. The agreement between them is governed by New York law, and MavorCo is domiciled in New York. Both New York and Delaware have a strong interest in the successor liability issue here, and there is no conflict between the law in those states. *See id.* at *4 (applying law of state where successor was domiciled); *Katis v. NCAP Holdings, LLC*, No. 2:19-CV-00556-CW-CMR, 2024 WL 3650634, at *15 (D. Utah Aug. 5, 2024) (looking to state of incorporation and law designated by distribution agreement to select substantive law for successor liability). California law is inapplicable.

1

successor share **common ownership**, and (2) that **only one entity** remains following the transaction. Opp. at 13. Trying to satisfy the pleading standard, Blendtec chronicles a list of allegations in the Complaint that, it says, satisfy that standard. However, none of Blendtec's cited allegations, if true, show that MavorCo is a mere continuation. Specifically, nearly every allegation Blendtec recites amounts to the claim that MavorCo is using the assets it purchased (including the domain and intellectual property) to sell former BlendJet inventory. *See* Opp. at 13-14.

The law is clear, however, that the mere continuation doctrine is **not** concerned with whether **business operations** continued; it looks at whether the **corporate entity** continued. *Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1180 (D. Utah 2021) ("the court must analyze not whether the 'business operations' continued, but whether the 'corporate entity' continued.") (cleaned up). This distinction makes sense given that the mere continuation doctrine "requires that the new company be the same legal entity as the old company." *Magnolia's at Bethany, LLC v. Artesian Consulting Eng'rs, Inc.*, No. S11C-04013ESB, 2011 WL 4826106, at *3 (Del. Super. Ct. Sept. 19, 2011) (dismissing complaint where plaintiff had "not alleged sufficient facts to support a finding that [successor] is 'the same legal person' as [its predecessor]"). Blendtec's allegations that MavorCo continued BlendJet's business should be disregarded because they are not relevant to a mere continuation theory.

Blendtec's opposition confirms that the Complaint fails to plead plausible facts that would establish the required elements of a mere continuation. Indeed, Blendtec points to only two allegations in the Complaint to establish that BlendJet and MavorCo share **common ownership** (Element 1), which read in full:

> 43.    Upon information and belief, **the intent** of BlendJet, Sandton, and Mavorco, was to transfer BlendJet's assets to Mavorco which would continue

> to operate BlendJet without interruption, including under the same name, trademarks, domain, website, social media accounts, and **with an identity of owners and employees**.
>
> 124.     Since that time, Mavorco has continued the same business as BlendJet, without interruption, using the same name and marks, assets, domain name, websites, social media accounts, and **some or many of the same owners**, employees and officers. Mavorco has further held itself out to the public as a continuation of the business operations of BlendJet.

Complaint, ¶¶ 43, 124 (emphases added). Those allegations are insufficient. To start, they are **conclusory** and **speculative**, simply reciting the legal element but not setting out any facts that would establish that the element is met. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."). Applying the proper standard under Rule 12(b)(6), the Court should not accept those conclusory allegations as true. *Id.*; *Hackford v. Babbitt,* 14 F.3d 1457, 1465 (10th Cir. 1994) (Courts "are not bound by conclusory allegations, unwarranted inferences, or legal conclusions.").

But even if those allegations are accepted as true, they still **do not plausibly allege the requisite common ownership**. Paragraph 43, for example, alleges only that BlendJet, Sandton, and MavorCo intended for there to be "an identity of owners," but does not actually allege that there **is** any such identity of owners. Paragraph 124 asserts only that MavorCo "has continued the same business as BlendJet" and is "**using**" "some or many of the same owners, employees and officers"—again, not actually pleading that any of MavorCo's owners are former or current owners of BlendJet. That MavorCo may be "using" BlendJet's owners in some fashion is not common ownership. **Blendtec cannot plead common ownership plainly because there is no common ownership**. Blendtec's attempts to skirt around the issue fall short. *See Decius*, 2004 UT App 484, ¶ 8; *Magnolia's*, 2011 WL 4826106, at *3 (dismissing complaint due to failure to allege facts

3

showing entities were "same legal person"); *Munenzon v. Peters Advisors, LLC*, 553 F. Supp. 3d 187, 208 (D.N.J. 2021) (dismissing complaint that simply alleged, for instance, "Hoemke continues to have an ownership interest in the business").

Blendtec similarly fails to allege facts that would show only **one corporation** is in existence as between MavorCo and BlendJet (Element 2). Blendtec points to its allegations, made on information and belief, that BlendJet will dissolve in the future. Complaint, ¶¶ 48, 113, 114, 126; Opp. at 18-19. But Blendtec has **not** alleged that BlendJet actually **ceased to exist**—nor can it, as is required. *Icon Health & Fitness, Inc. v. Fisher-Price, Inc.*, No. 1:08-CV-10 TS, 2011 WL 703866, at *3 (D. Utah Feb. 21, 2011) ("[T]he court concludes that ICON has failed to show that Expresso no longer exists and that only IFH remains as an entity.").³ Blendtec's allegation consists entirely of **speculation**, which does not withstand the 12(b)(6) standard. *Sunward Corp. v. Dun & Bradstreet, Inc.*, 811 F.2d 511, 521 (10th Cir. 1987) (in deciding 12(b)(6) motion, inferences drawn from factual allegations "must be more than speculation and conjecture"). Blendtec tries to overcome this pitfall by arguing that courts have sometimes applied the mere continuation doctrine even where the predecessor still was in existence. *See* Opp. at 18-19 & n.10. In *Cleveland v. Johnson*, however, the question was whether successor liability could apply where the predecessor was a separate business unit that did cease to exist (though the corporate owner of the business unit did not dissolve), distinguishing that case. *See* 209 Cal. App. 4th 1315, 1330-31 (2012).

---

³ Blendtec tries to avoid the application of *Icon Health* by pointing out that it involved a different procedural posture. *See* Opp. at 18 n.10. But that is a distinction with no meaningful difference, given that the relevance of *Icon Health* is for the proper legal standard for mere continuation, not the standard for deciding a motion to dismiss. *See Icon Health*, 2011 WL 703866, at *3.

The other cases on which Blendtec relies are easily distinguishable. For example, Blendtec argues that this case is similar to *Robison v. 7PN, LLC*, where the court declined to dismiss the case at the pleading stage. *Robison*, 569 F. Supp. 3d 1175, 1180-81 (D. Utah 2021). In *Robison*, the complaint alleged facts to show the common ownership between the two entities, including that the predecessor was an individual who ran his own business, and the successor entity was formed and wholly owned by that same individual. *Id.* Those facts stand in sharp contrast with Blendtec's pleadings here, and actually highlight the speculative nature of Blendtec's allegations, showing this is not a proper case in which to apply the mere continuation doctrine. Blendtec also cites to *Fansteel Metals, Inc. v. Muskogee City-Cnty. Port Auth.*, No. 21-CV-102-RAW, 2022 WL 2872754, at *5–6 (E.D. Okla. July 21, 2022). This case, too, is distinguishable. The predecessor companies had reorganized in bankruptcy, and emerged as the successor company, undertaking the predecessors' liabilities for the relevant torts and keeping the predecessors' shareholders. *Id.* at *2. Those cases are inapposite.

Blendtec has not stated a claim for successor liability based on a mere continuation theory. *See Decius*, 2004 UT App 484, ¶ 8; *Icon Health*, 2011 WL 703866, at *3; *Iqbal*, 556 U.S. at 679.

**B.   Blendtec Cannot State a Claim Under the *De Facto* Merger Doctrine**

Blendtec's arguments similarly fail with respect to its *de facto* merger theory. Blendtec acknowledges that the inquiry here is whether the transaction by which MavorCo acquired BlendJet's assets was a merger by another name. *See* Opp. at 19. Blendtec points to various allegations in the Complaint to show that it has adequately stated a claim under the *de facto* merger theory. *See* Opp. at 20-21 (citing Compl. ¶¶ 6, 42, 43, 46, 48, 51, 118, 120, 122, 123, 125, 126). But these are the same **conclusory**, **speculative** allegations that Blendtec tried to use for its mere

5

continuation theory, and they cannot support a *de facto* merger theory. *See Sunward*, 811 F.2d at 521. For this reason, and as explained in MavorCo's opening brief, Blendtec has failed to plausibly allege that that MavorCo and BlendJet share the same shareholders, that BlendJet ceased its operations, or that MavorCo assumed BlendJet's obligations. *See Hackford*, 14 F.3d at 1465 (conclusory allegations, unwarranted inferences, and legal conclusions cannot state a claim); *See also Jasper & Black, LLC v. Carolina Pad Co., LLC*, No. 10–CV–3562, 2012 WL 413869, at *8 (S.D.N.Y. Feb. 9, 2012) (plaintiff failed "to allege facts sufficient to establish ... continuity of ownership" under a theory of de facto merger); *Jalili v. Xanboo Inc.*, No. 11–CV–1200, 2011 WL 4336690, at *4 (S.D.N.Y. Sept. 15, 2011) (allegation that "[the parent company defendant] is in the process of integrating [its subsidiary's] assets into [the parent company], leading to an actual or de facto merger" was insufficient to allege successor liability).

Blendtec—again—points to allegations that MavorCo is selling the same products, through the same domain, and using the same trademarks to mean that MavorCo essentially merged with BlendJet. Opp. at 20-21. But as with the mere continuation exception, those allegations are of no consequence to the *de facto* merger exception. *See, e.g.*, *AJZN, Inc. v. Yu*, No. 12-cv-149, 2015 WL 331937, at *15-16 (D. Del. Jan. 26, 2015) (this exception should be "narrowly" construed to "requir[e] the new company to be the same legal entity as the form. The test is not the continuation of the business operation; rather, it is the continuation of the corporate entity."). That MavorCo is allegedly using the BlendJet assets does not create a *de facto* merger.

Even Blendtec's conclusory allegations fall far short of pleading the elements of a *de facto* merger where Blendtec cannot point to any pleaded allegation to show the most important element—that that the buyer purchased the seller's assets through its own stock. *See, e.g.*, *Xperex*

6

*Corp. v. Viasystems Technologies Corp., LLC*, C.A. No. 20582–NC, 2004 WL 3053649, at *2 (Del. Ch. July 22, 2004) (Delaware law) (for *de facto* merger to exist, *inter alia*, it must be shown that "payment is made in stock, issued by the transferee directly to the shareholders of the transferring corporation"). Blendtec asserts that an exchange of stock is not required, but the case to which Blendtec cites provides that a stock-for-asset exchange is required unless there is evidence showing that the predecessor maintained control of the successor. *ACI Constr., LLC v. United States*, 727 F. Supp. 3d 1236, 1260 (D. Utah 2024) (*de facto* merger where "evidence overwhelmingly shows" control was maintained even where predecessor did not receive stock). Here, by contrast, Blendtec has not alleged a stock-for-asset transfer or that BlendJet retained control over MavorCo's operations. *See generally* Complaint.

Blendtec finds no support from the cases it cites. Blendtec cites to *AJZN, Inc. v. Yu*, as an example of a case where the court found the plaintiff had stated a claim for relief. No. CV 13-149 GMS, 2015 WL 331937, at *15-16 (D. Del. Jan. 26, 2015). But *AZJN* involved key facts that are not present here—in particular that the plaintiff there pleaded specific facts that would show the predecessor and successor entities shared common ownership. *Id.* at *16 (AJZN alleges Aerielle, controlled by GALIC and Yu, transferred its assets to AAC, also controlled by Yu, which then transferred its assets to AIPH, controlled by GALIC.") (internal citations omitted). The *AJZN* decision actually **undercuts** Blendtec's argument, showing the contrast between a pleading that alleges facts rather than threadbare conclusions, and also highlighting that the *de facto* merger doctrine requires that the predecessor and successor share the same owners. *Id.* at *15 ("Imposition of successor liability is only appropriate where the new entity is so dominated and controlled by the old company that separate existence must be disregarded.") (internal quotation marks omitted).

Blendtec's reliance on *Fuit v. Extreme Products Group, L.L.C.* is similarly unavailing. 2018 WL 1801914 (D. Utah Apr. 13, 2018). In that case, the court found material issues of fact about whether the successor might be liable, but the facts were unique. *Id.* at *5. The successor had worked with the predecessor to design, engineer, test, and assemble the allegedly defective inversion table at issue, and the lone member of the successor had sometimes represented to customers that he was an officer of the seller. *Id.* at *1. This prior relationship—and in particular the fact that the successor had previously presented himself as vice president of predecessor—distinguish *Fuit* from the instant case. Here, there are no plausible non-speculative allegations that MavorCo and BlendJet share common ownership.

\*   \*   \*

Blendtec cannot state a claim by relying on inferences being drawn from conclusory and speculative allegations. *See Sunward*, 811 F.2d at 521. Looking at the well-pleaded allegations in the Complaint, Blendtec has failed to state a claim for successor liability based on a *de facto* merger or mere continuation theory. The standard rule therefore applies: MavorCo cannot be held liable for wrongs allegedly committed by BlendJet. *See AJZN*, 2015 WL 331937, at *15-16.

### C.  Blendtec's Claim Based on Federal Common Law Fails and Should be Dismissed Because the "Substantial Continuity" Test is Inapplicable Here

Blendtec asserts that MavorCo's motion should be denied as to Count V of the Complaint because this count is governed by a distinct (and more lenient) standard referred to as the "substantial continuity" test.[4] This argument can be rejected wholesale.

---

[4] Under this standard, a successor can be liable for the predecessor's wrong with a showing only of: (i) a substantial continuity of identity between the predecessor and successor; (ii) notice to the successor of the predecessor's legal obligation; and (iii) the ability of the predecessor to provide adequate relief. *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 150-51 (3d Cir. 2014).

First, the Complaint itself contradicts Blendtec's new position that the "substantial continuity" standard governs its claim for relief at Count V. Specifically, Paragraph 115 of the Complaint states that the basis for the successor liability alleged in Count V **is the *de facto* merger and the mere continuation doctrines**. Complaint, ¶¶ 115-16. Blendtec cannot now argue Count V asserts an entirely different theory of relief—particularly since Count V does not mention the substantial continuity standard. Given that the Complaint **expressly relies** on the *de facto* merger and mere continuation doctrines in Count V, the Court should reject Blendtec's arguments that accuse MavorCo of waiving any arguments as to a substantial continuity standard.

Second, there is no basis in the law to apply the substantial continuity standard in this case. That standard applies to a limited set of cases where the underlying claim for liability is asserted under federal labor and employment statutes. *See, e.g.*, *Thompson*, 748 F.3d at 150-51 (substantial continuity test applies to labor-related disputes brought under National Labor Relations Act, Title VII, ERISA, and the Fair Labor Standards Act) (collecting cases); *Teed v. Thomas & Betts Power Sols., L.L.C.*, 711 F.3d 763, 764 (7th Cir. 2013) ("[W]hen liability is based on a violation of a federal statute relating to labor relations or employment," this "more favorable" standard applies) (collecting cases). The standard does not apply in trademark cases, and Blendtec cites no examples to the contrary. *See* Opp. at 27 (Blendtec's opposition citing only to an ERISA case, *BAC Local Union 15 Welfare v. Williams Restoration Co., Inc.*, 2017 WL 3026117 (D. Kan. July 17, 2017)).[5]

---

[5] Nor does Blendtec even offer a reason that this substantial continuity standard should apply **in lieu of** state law principles here. The substantial continuity standard applies **in lieu of** state law on successor liability where it is shown that federal interests warrant replacing the state law doctrine with a unified federal law. *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 207 (2d Cir. 2006) (Sotomayor, J.) (substantial continuity standard will apply in lieu of state law only the relevant federal interest warrants displacing the relevant state law). Blendtec has not suggested that there

9

In the related context of claims for patent infringement, courts have found no federal interest that warrants supplanting state law with the substantial continuity standard. *Mickowski v. Visi-Trak Worldwide, LLC*, 415 F.3d 501, 515 (6th Cir. 2005) ("Because federal patent laws do not speak to the issue of successor liability, there is little basis to abrogate the general rule derived from state common law that substantial continuity is insufficient to impose liability."). The substantial continuity doctrine has no place in this case.

### D. Blendtec Concedes That Amendment Would Be Futile, and So Counts V and VI Should Be Dismissed with Prejudice

Blendtec has not opposed MavorCo's argument that Blendtec should not be granted leave to amend its pleading to add allegations supporting its successor liability claims. *See generally* Opp. Because Blendtec has not raised any opposition to this request for relief in MavorCo's opening motion, any such argument is waived. *Teece v. Utah*, No. 222-CV-00041-JNP-DAO, 2023 WL 1474860, at *1 (D. Utah Feb. 2, 2023) (failure to raise argument in opposition ordinarily constitutes waiver). Therefore, this Court should dismiss Counts V and VI with prejudice. *Dedeyn v. Gintzler Graphincs, Inc*., No. 23-CV-1291-LJV-LGF, 2025 U.S. Dist. LEXIS 7219, *49 (W.D.N.Y. Jan. 14, 2025) (denying leave to amend fraud claims was not abuse of discretion when defective allegations were made after full discovery in related case).

## II.  CONCLUSION

For the foregoing reasons, and those contained in MavorCo's opening brief, MavorCo respectfully requests that Blendtec's claims alleging successor liability against MavorCo be dismissed with prejudice under Rule 12(b)(6).

---

is a need to displace state law, and in fact it argues the opposite in urging the Court to apply the state-law doctrines of *de facto* merger and mere continuation. *See generally* Opp.

Dated: May 16, 2025

Respectfully submitted,

/s/ *Lucy Jewett Wheatley*
George B. Hofmann, IV (10005)
Kathryn Tunacik (13363)
**COHNE KINGHORN, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
Ghofmann@cohnekinghorn.Com
Ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP, LLC; and MavorCo Operations, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on May 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send an electronic notification to counsel of record for all parties, including the following:

Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

                                                  */s/ Lucy Jewett Wheatley*
                                                  Lucy Jewett Wheatley