George Hofmann (10005)
Kathryn Tunacik (13363)
**Cohne Kinghorn, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
ghofmann@ck.law
ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email:  lwheatley@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**McGuireWoods LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**McGuireWoods LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax:  (214) 932.6499
Email: jmaupin@mcguirewoods.com

***Attorneys for Defendants***
***MavorCo Holdings, LLC; MavorCo IP,***
***LLC; and MavorCo Operations, LLC***

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC., a Utah Corporation**<br><br>*Plaintiff*,<br><br>v.<br><br>**BLENDJET INC., a Delaware corporation, MAVORCO HOLDINGS, LLC, a Delaware limited liability company, MAVORCO IP, LLC, a Delaware limited liability company, and MAVORCO OPERATIONS, LLC, Delaware limited liability company,**<br><br>*Defendants*. | **STIPULATED MOTION TO CONTINUE HEARING**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

## RELIEF SOUGHT

Pursuant to DUCivR 7-1(a)(2), and based on the request of the MavorCo Defendants' counsel to which Plaintiff does not object, Plaintiff, Blendtec Inc. ("Plaintiff" or "Blendtec") and Defendants Mavorco Holdings, LLC, Mavorco IP, LLC, and Mavorco Operations, LLC (collectively "Defendants" or "MavorCo," and together with Blendtec, the "Parties"), by and through counsel, jointly and respectfully request that the Court continue the hearing on Blendtec's Motion for a Preliminary Injunction (Dkt. 25), MavorCo's Motion to Dismiss Blendtec's Claims for Successor Liability (Dkt. 43), and Blendtec's Motion to Strike MavorCo's Thirteenth Affirmative Defense (Dkt. 51), that is currently scheduled for August 7, 2025 at 1:30 pm (Dkt. 62) (the "Hearing"), to a date between **August 20–29, 2025**, at the Court's convenience.

In addition, the Parties respectfully request that the Court issue an order, in the form of the Proposed Order attached hereto as ***Exhibit 1***, clarifying whether the Court prefers for the Hearing on Blendtec's Motion for a Preliminary Injunction to be an evidentiary or non-evidentiary hearing. The Parties disagree about whether the hearing for Blendtec's Motion for a Preliminary Injunction should allow the presentation of evidence, and each Party's position on this issue is set forth in more detail below.

Defendant Blendjet remains in default, does not have legal counsel, and did not coordinate or confer on this Stipulated Motion.

## GROUNDS FOR RELIEF

1.      MavorCo's lead counsel, Lucy Jewett Wheatley, is unavailable due to previously scheduled international travel with her husband and four children from August 6 through August 16, 2025. Mrs. Wheatley's trip was scheduled ahead of the Court's Notice of the Hearing and is nonrefundable. Mrs. Wheatley has served as lead counsel throughout this litigation and is the most

familiar with the factual and legal issues. MavorCo states that her presence at the Hearing is not merely preferred, it is essential to ensure that MavorCo is effectively represented. Given the complexity and significance of the issues to be addressed, MavorCo further states that proceeding in her absence would materially prejudice MavorCo's ability to present its arguments.

2.      After receiving the Court's Notice of the Hearing, MavorCo attempted in good faith to obtain Blendtec's stipulation to a continuance, explaining Mrs. Wheatley's conflict due to international travel and requesting Blendtec's counsel's availability so that both Parties could propose mutually agreeable dates to the Court.

3.      While Blendtec maintains that time is of the essence for resolution of its pending Motion for a Preliminary Injunction, and while Blendtec takes no position on MavorCo's statements regarding the prejudice it believes will flow from the absence of its lead counsel at the hearing, Blendtec agreed to accommodate Defendants' request in the spirit of good faith and cooperation and on condition that the Parties would not seek for the hearing to be continued past the end of August 2025.

4.      The Parties have agreed to jointly request that the Court continue the Hearing, which is currently scheduled for August 7, 2025 at 1:30 pm, until a date during **August 20–29, 2025**, at the Court's convenience. David Meckler, a declarant for MavorCo, is unavailable in this time frame, and therefore the Parties agree that Mr. Meckler's declaration can be accepted into evidence in lieu of live testimony without the opportunity for live cross examination, without prejudice to Blendtec's ability to dispute or rebut the factual assertions therein.

5.      The Parties further agree that a brief continuance would not cause undue delay or prejudice to Blendtec, and MavorCo agrees not to argue that this continuance supports its legal position on the pending motion for preliminary injunction. Indeed, this request is made in good faith and not for the purpose of delay. Both Parties remains committed to proceeding in this action promptly, subject to

the Court's availability and the resolution of lead counsel's scheduling conflict.

6.      The Parties do not agree, however, about whether the hearing for Blendtec's Motion for a Preliminary Injunction should allow the presentation of evidence. More specifically, it is MavorCo's position that, based on the Court's Notice of Hearing and scheduling, and MavorCo's position that the Parties do not dispute any material facts, the presentation of evidence at the hearing is unnecessary and the motion can be decided solely based on the Parties' written briefs, declarations, and the exhibits thereto. Conversely, it is Blendtec's position that many of the material facts are in dispute, and Blendtec is entitled to an evidentiary hearing to present evidence to support its position and Blendtec must have an opportunity to present rebuttal evidence and cross-examine one of MavorCo's witnesses, Ryan Pamplin, Blendjet's former CEO .

7.      Each Party's position is set forth in more detail below:

**MavorCo's Position:**

8.      The Court's Notice of Hearing does not indicate that the Hearing will include the presentation of evidence.

9.      The Court has scheduled the Hearing for three substantive motions—Blendtec's Motion for a Preliminary Injunction, MavorCo's Motion to Dismiss Blendtec's Claims for Successor Liability, and Blendtec's Motion to Strike MavorCo's Thirteenth Affirmative Defense—beginning at 1:30 PM in the afternoon.

10.      In addition to hearing oral argument on these three motions, if the Court were to permit the Parties to present evidence, including live witness testimony, it could potentially involve the direct and cross-examination of up to five declarants who provided declarations in support of the Parties' briefing on Blendtec's Motion for a Preliminary Injunction.

11.      Given the text of the Hearing Notice, and the limited time allotted for the Hearing on all

three motions, MavorCo understands that the Court did not intend for this Hearing to be an evidentiary hearing.

12.     This understanding is further supported by the fact that both Parties' arguments with respect to the Preliminary Injunction focus solely on the application of the law to the facts and the weight that should be given to specific evidence, rather than on any material factual disputes. As such, conducting an evidentiary hearing would be unnecessary.

13.     Therefore, MavorCo believes that Blendtec's Motion for a Preliminary Injunction can be decided based solely on the submitted papers. MavorCo respectfully requests that the Court proceed with the Hearing, allowing all parties to present oral arguments only.

14.     MavorCo further opposes Blendtec's request below to submit supplemental briefing should the Court decide to hear Blendtec's Motion for a Preliminary Injunction based solely on oral arguments. This request is nothing more than an attempt by Blendtec to completely rebrief its deficient Motion, now with the benefit of hindsight after reviewing MavorCo's Opposition. Blendtec argues that it should be permitted additional briefing in order to rely on documents produced in the 2021 Action. MavorCo does not have access to those documents, and Blendtec has still (despite agreeing to do so weeks ago) not produced those documents to MavorCo.  Therefore, allowing Blendtec to rebrief the Preliminary Injunction Motion based on those documents would be highly prejudicial to MavorCo. Moreover, in its originally-filed motion, Blendtec represented to the Court that it was BlendJet's public use of the BlendJet mark that was the basis for the Motion, and that Blendtec's seven+ year delay in filing its Motion could be excused by recent events. Any document production from the 2021 Action is unlikely to shed light on these issues. Granting Blendtec's request for more briefing would only serve to unnecessarily prolong the litigation, drive up costs for MavorCo, and waste this Court's valuable resources.

**Blendtec's Position:**

15.    Blendtec does not agree that the Parties' arguments focus solely on the application of

the law to the facts and the weight that should be given to specific evidence. On the contrary, there are

significant material factual disputes at issue. For example, Mavorco included nine pages of factual

"background" in its opposition to the PI Motion. MavorCo's presentation of these "facts" is highly

relevant to several issues in the preliminary injunction analyses, including MavorCo's claim that

Blendtec delayed and engaged in bad faith litigation tactics. Material factual disputes also exist related

to several of the likelihood of confusion factors, including Blendjet's intent in adopting the accused

marks and evidence of actual consumer confusion, among others. The nine-pages of factual assertions

in Mavorco's briefing are directly contradicted by Blendjet's own documents produced in the 2021

Action. Further, in Opposition to the Preliminary Injunction Motion, Mavorco submitted factual

declarations, including one from Blendjet's former CEO and current Advisor, Ryan Pamplin. These

declarations include factual assertions that are contradicted by Blendjet's own documents that Blendjet

produced in the 2021 Action. At the time that Blendtec submitted its Preliminary Injunction Motion

and its Reply, however, it could not use discovery in the 2021 Action. Since then, the Court in the 2021

Action has Ordered discovery in that case to be available to the parties in the 2025 Action, and Blendtec

requests an evidentiary hearing so that it can respond to the factual arguments made by MavorCo and

the factual assertions submitted by Mr. Pamplin. Blendtec will be highly prejudiced if it cannot use

Blendjet's own documents to rebut the lengthy and one-sided version of facts that MavorCo presented

to the Court.

16.    Mr. Pamplin coordinated with MavorCo in submitting a declaration in Opposition to

Blendtec's  Preliminary  Injunction  Motion.  Mr.  Pamplin's  Declaration  includes  many

mischaracterizations of fact that MavorCo relied on in the Motions at issue. Despite this, MavorCo has

advised Blendtec that Mr. Pamplin will not attend the hearing. This is highly prejudicial to Blendtec. If Mr. Pamplin is not made available for cross-examination (either at the hearing or before the hearing via deposition), Blendtec will request that the Court strike his declaration, and all arguments based on his Declaration, from the Preliminary Injunction record and the records relating to the other Motions at issue. Blendtec requests leave to file a motion to strike on this basis.

17.     In addition, if the Court is inclined to forego an evidentiary hearing, Blendtec believes that it should be allowed supplemental briefing so that it can submit Blendjet's documents produced in the 2021 Action (that are now available to the parties in the 2025 Action) to rebut the factual statements and arguments made by MavorCo in the Motions at issue.  Because Blendtec's need for cross-examination or supplemental briefing is narrowly focused on rebutting the misleading and false statements in the declaration of Mr. Pamplin that MavorCo relies on, MavorCo's accusation that Blendtec is seeking to "completely rebrief" its motion is baseless.  Moreover, because the documents Blendtec will use in cross-examination or supplemental briefing are Blendjet's own documents, it is difficult to believe MavorCo's claim that it "does not have access to those documents," when MavorCo was able to obtain the cooperation of Blendjet's former CEO to present a lengthy declaration and is now the owner of Blendjet's assets.  Regardless, Blendtec informed MavorCo that it will provide all documents from the 2021 Action (which the Court granted leave to do only days ago) and is engaged in that process now.  Blendtec expects to begin producing those documents soon and certainly well before the hearing, so allowing cross-examination or supplemental briefing will not prejudice MavorCo in any way.

**CONCLUSION**

For the foregoing reasons, the Parties jointly and respectfully request that the Court continue the Hearing, currently scheduled for August 7, 2025, to a date during **August 20–29, 2025**, that is convenient for the Court, and issue an order clarifying whether the Hearing on Blendtec's Motion for a Preliminary Injunction will be an evidentiary or non-evidentiary hearing.

Respectfully submitted, this 6th day of June, 2025.

| | |
|---|---|
| /s/ Lucy Jewett Wheatley | /s/ Mark Miller |
| George B. Hofmann, IV (10005) | Brett Foster (#6089) |
| Kathryn Tunacik (13363) | Mark Miller (#9563) |
| **COHNE KINGHORN, P.C.** | Tamara Kapaloski (#13471) |
| 111 E Broadway 11th Fl | **DORSEY & WHITNEY LLP** |
| Salt Lake City, UT 84111 | 111 S. Main Street, Suite 2100 |
| Tel: (801) 363-4300 | Salt Lake City, UT 84111 |
| Fax: (801) 363-4378 | Telephone: (801) 933-7360 |
| Ghofmann@cohnekinghorn.Com | Facsimile: (801) 933-7373 |
| Ktunacik@ck.Law | foster.brett@dorsey.com |
| | miller.mark@dorsey.com |
| Lucy Jewett Wheatley (*Pro Hac Vice*) | kapaloski.tammy@dorsey.com |
| **MCGUIREWOODS LLP** | |
| 800 East Canal Street | ***Attorneys for Plaintiff Blendtec Inc.*** |
| Richmond, VA 23219 | |
| Tel: (804) 775-4320 | |
| Fax: (804) 698-2130 | |
| Email: lwheatley@mcguirewoods.com | |
| | |
| Kyle S. Smith (*Pro Hac Vice*) | |
| **MCGUIREWOODS LLP** | |
| 501 Fayetteville St., Ste. 500 | |
| Raleigh, NC 27601 | |
| Tel: 919-835-5966 | |
| Fax: 919-755-6607 | |
| Email: ksmith@mcguirewoods.com | |
| | |
| Jessica S. Maupin (*Pro Hac Vice*) | |
| **MCGUIREWOODS LLP** | |
| 2601 Olive Street, Suite 2100 | |

Dallas, TX 75201
Tel: (214) 932.6400
Fax:  (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP, LLC;*
*and MavorCo Operations, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for all parties to this action registered with the CM/ECF system.

/s/ *Lucy Jewett Wheatley*
Lucy Jewett Wheatley