| | |
|---|---|
| George Hofmann (10005)<br>Kathryn Tunacik (13363)<br>**Cohne Kinghorn, P.C.**<br>111 E Broadway 11th Fl<br>Salt Lake City, UT 84111<br>Tel: (801) 363-4300<br>Fax: (801) 363-4378<br>ghofmann@ck.law<br>ktunacik@ck.Law | Kyle S. Smith (*Pro Hac Vice*)<br>M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP<br>501 Fayetteville St., Ste. 500<br>Raleigh, NC 27601<br>Tel: 919-835-5966<br>Fax: 919-755-6607<br>Email: ksmith@mcguirewoods.com |
| Lucy Jewett Wheatley (*Pro Hac Vice*)<br>M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP<br>800 East Canal Street<br>Richmond, VA 23219<br>Tel: (804) 775-4320<br>Fax: (804) 698-2130<br>Email: lwheatley@mcguirewoods.com | Jessica S. Maupin (*Pro Hac Vice*)<br>M<small>C</small>G<small>UIRE</small>W<small>OODS</small> LLP<br>2601 Olive Street, Suite 2100<br>Dallas, TX 75201<br>Tel: (214) 932.6400<br>Fax: (214) 932.6499<br>Email: jmaupin@mcguirewoods.com<br><br>***Attorneys for Defendants<br>MavorCo Holdings, LLC; MavorCo IP,<br>LLC; and MavorCo Operations, LLC*** |

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah Corporation<br><br>*Plaintiff*,<br><br>v.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP, LLC**, a Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, Delaware limited liability company,<br><br>*Defendants*. | **MAVORCO'S MOTION TO MAINTAIN UNDER SEAL PLAINTIFF'S UNREDACTED SUPPLEMENTAL BRIEF IN SUPPORT OF ITS PRELIMINARY INJUNCTION MOTION AND CERTAIN EXHIBITS THERETO**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to the Court's Order Granting Plaintiff Blendtec Inc.'s ("Plaintiff" or "Blendtec")

Motion for Leave to File Under Seal Blendtec's Supplemental Brief (Dkt. 73), DUCivR 5-3, and the

Standard Protective Order that applies in all civil cases in the U.S. District Court for the District of Utah (the "Standard Protective Order"), Defendants Mavorco Holdings, LLC, Mavorco IP, LLC, and Mavorco Operations, LLC (collectively "Defendants" or "MavorCo"), by and through counsel, hereby respectfully move this Court to maintain under seal the documents that were filed under seal by Blendtec, which include:

- The unredacted version of Blendtec's Supplemental Brief in Support of its Preliminary Injunction Motion (the "Supplemental Brief"); and
- Exhibits 1-62, 64, 67-74, and 76-81 to that Supplemental Brief (the "Sealed Exhibits").

**Background**

The Supplemental Brief and the Sealed Exhibits all pertain to discovery that was produced in the case *Blendtec Inc., v. BlendJet Inc.*, No. 2:21-cv-00668, in the U.S. District Court for the District of Utah (the "2021 Action") pursuant to the Standard Protective Order and designated as CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY by BlendJet. As reflected in this Court's Order of June 11, 2025, the court in the 2021 Action recently ordered that the discovery in that matter be made available to the parties in the instant litigation. *See* Dkt. 66. This Court granted the parties leave to file supplemental briefing on Plaintiff's pending preliminary injunction motion, with the specific purpose of "incorporate[ing] the 2021 discovery materials." *Id.*

Following this June 11 Order, MavorCo attempted to secure from Blendtec the pertinent discovery materials. MavorCo did not receive those materials until the week of June 20, 2025. Since receiving the materials, MavorCo has been working to get the discovery from the 2021 Action available for review, although to date, the productions are still in the process of being loaded and processed, which is taking significant time in light of the volume of the documents. BlendJet alone appears to have produced over 1.5 million pages in the 2021 Action.

On June 23, 2025, Blendtec filed its Supplemental Brief, and included as part of that filing a version of the Supplemental Brief under seal, along with the Sealed Exhibits. *See* Dkt. 70-71. Blendtec contemporaneously moved for the unredacted version of the Supplemental Brief and the Sealed Exhibits to be maintained under seal on the basis that those Sealed Exhibits and the related portions of the Supplemental Brief contain materials that had been designated as Confidential and/or Highly Confidential-Attorneys Eyes Only by BlendJet in the 2021 Action. The Court ordered all of the documents to be sealed on June 24, 2025. Dkt. 73. That Court Order also provided that, "Under DUCivR 5-3(b)(2)(C)(i), if Defendants seek to have the documents remain under seal, they must file a motion for leave to file under seal within seven days of service of the motion. If they do not file such a motion within seven days, 'the original motion may be denied, and the Document may be unsealed without further notice.'" *Id.* at 1 n.1.

**Relevant Legal Standards**

The common-law right of access to judicial records is not absolute. The "'presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access.'" *Dovbysh v. Mutual of Enumclaw Insurance Co.*, No. 2:21-cv-690-HCN-DBP, 2022 WL 17128816, at *2 (D. Utah Nov. 22, 2022). A party may overcome the presumption of public access where, for example, the records contain "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) ("Even a cursory review of the documents in question confirms that they do contain sensitive, proprietary information concerning Medtronic's business practices and potentially sensitive technical and financial data…. For most of the documents in question, we see no reason why they should not be sealed."). "Confidential financial information is

3

often sealed where its disclosure could cause competitive harm." *AH Aero Service, LLC v. Heber City*, 2020 WL 5135819 at *5 (D. Utah Oct. 19, 2020).

## Argument

MavorCo respectfully requests that the documents originally filed under seal by Blendtec remain under seal. The Sealed Exhibits consist of documents that were produced by BlendJet and had been designated as containing Confidential – Attorneys' Eyes Only information. BlendJet is currently unrepresented by counsel in this matter.

Because MavorCo now owns some of BlendJet's former assets—including intellectual property that appears to be the subject of the Sealed Exhibits and related briefing—MavorCo believes that it may have grounds to move this Court to maintain these materials under seal. For example, the Sealed Exhibits contain discussions regarding how BlendJet developed the technologies underlying the assets MavorCo now owns, along with monetary valuations pertinent to those same assets. In addition, the Sealed Exhibits contain documents that appear to be privileged on their face. MavorCo is unaware of the circumstances under which such documents were produced. Given that BlendJet is unrepresented, it is unclear as to whether BlendJet is aware that potentially privileged documents were produced in the first instance or are set to be filed publicly.

At present MavorCo has not been able to review the full set of discovery from the 2021 Action. Consequently, MavorCo lacks much of the information that it needs to understand the full nature of the Sealed Exhibits: for example, information about related documents, about the different people involved in the communications, and about related conversations that might have bearing on waiver issues. MavorCo also intends to communicate with BlendJet regarding the nature of these documents and whether any MavorCo assets are implicated by public disclosure.

Nor was MavorCo able to collect this information from Blendtec. Blendtec did not seek to meet and confer with MavorCo prior to filing its papers related to whether the Sealed Exhibits and unredacted Supplemental Brief should be maintained under seal. Rather, Blendtec—fully aware that BlendJet is in financial distress and is currently unrepresented—is pressing this Court to unseal the Sealed Exhibits and make this information publicly available. *See* Dkt. 74. Further, of the seventy-seven (77) documents designated Confidential-Attorneys' Eyes Only that Blendtec filed with its Supplemental Brief, many have at most questionable relevance to the issues in the preliminary injunction motion. This raises questions about whether Blendtec is trying to take advantage of BlendJet's financial distress and publicly reveal information that it believes will competitively damage BlendJet or impair MavorCo's assets.

MavorCo has been diligently working to obtain, process, and load the discovery materials from the 2021 Action, and expects that it will be able to begin reviewing those materials in the next few days. Once MavorCo is able to review that discovery, it will be better positioned to determine whether the Sealed Exhibits contain highly sensitive information and if the public disclosure of that information would harm MavorCo's competitive standing. MavorCo therefore requests that the Court refrain from unsealing the Sealed Exhibits and the unredacted version of the Supplemental Brief until MavorCo has had a reasonable opportunity to review the discovery material and determine whether good cause exists to maintain these materials under seal.

\*   \*   \*

MavorCo therefore respectfully asks that this Court enter an Order that:

1. The unredacted version of the Supplemental Brief filed by Blendtec (Dkt. 70) be maintained under seal;

2. Exhibits 1-62, 64, 67-74, and 76-81 to that Supplemental Brief be maintained under seal; and

3. MavorCo be granted leave to file, within thirty (30) days, a supplemental motion seeking to maintain certain of these materials under seal.

Respectfully submitted, this 2nd day of July, 2025.

/s/ Kathryn Tunacik
George B. Hofmann, IV (10005)
Kathryn Tunacik (13363)
**COHNE KINGHORN, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
Ghofmann@cohnekinghorn.Com
Ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants
MavorCo Holdings, LLC; MavorCo IP, LLC; and
MavorCo Operations, LLC*

### CERTIFICATE OF SERVICE

     I hereby certify that on July 2, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for all parties to this action registered with the CM/ECF system.

Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

       */s/ Kathryn Tunacik*
       Kathryn Tunacik