**EXHIBIT A**

**From:** Ryan Pamplin <ryan@blendjet.com>
**Sent:** Wednesday, April 30, 2025 4:16 PM
**To:** Miller, Mark
**Cc:** john@blendjet.com; patrick@mcgillco.com; Foster, Brett; Kapaloski, Tammy
**Subject:** Re: Request for consent to use Blendjet Documents for PI Motion Reply

EXTERNAL FROM OUTSIDE DORSEY. BE CAUTIOUS OF LINKS AND ATTACHMENTS.

Mr. Miller,

As you acknowledge in your message, BlendJet Inc. is presently unrepresented by counsel and therefore cannot make any representations to the Court. However, to the extent that BlendJet has any post-foreclosure rights in or to the documents produced in the 2021 Action, it does not agree to your request and cannot presently join any email or call with the court to discuss this matter.

BlendJet Inc. otherwise reserves all rights relating to this issue.

Sincerely,
Ryan



**blendjet**

**Ryan Pamplin**
Co-Founder

646-221-6685

Sent via Superhuman

On Tue, Apr 29, 2025 at 1:32 PM, <miller.mark@dorsey.com> wrote:

Messrs. Pamplin and Zheng,

We are writing to request your consent to Blendtec's use of documents produced by Blendjet in Case No. 2:21-cv-00668 (the first lawsuit) for purposes of rebutting the arguments and evidence, including sworn statements from Mr. Pamplin, submitted by Mavorco in opposition to Blendtec's Motion for Preliminary Injunction in the Case No. 2:25-cv-00096 (the second lawsuit). We will of course maintain the same conditionality designations for the documents as Blendjet made in the first lawsuit. Under the Court's Local Rules, the Court's same Standard Protective Order (attached) governs both cases, so the same protections will apply to Blendjet's documents in the second lawsuit. *See* DUCivRule 26-2(a)

("The Standard Protective Order, available on the court's website, applies in every case involving the disclosure of any information designated as confidential, unless the court orders otherwise. It is effective by operation of this rule at the time a case is filed and does not need to be entered in a case docket to be effective.").

We know you do not currently have counsel, and that you have been ordered to retain counsel by this Friday May 2, 2025. We have cc'd your prior counsel, Mr. McGill, in the event you need to consult with someone regarding this request. Blendtec's reply brief for its Motion for Preliminary Injunction in the second lawsuit is due May 9, and Blendtec seeks to use the documents from the first lawsuit in its reply brief. So time is of the essence. We respectfully ask that you let us know by close of business tomorrow (April 30) whether Blendjet will agree to Blendtec's use of documents produced by Blendjet in the first lawsuit for purposes of the preliminary injunction proceedings.

If you do not agree, we will need to seek the Court's intervention. In that event, we would invoke the Court's short form discovery procedures and seek a conference with the Court to resolve the issue. Thus, if you oppose Blendtec's use of Blendjet's documents in the second lawsuit, please confirm your consent to sending the following joint email to the Court requesting a discovery conference to resolve the matter, and that you or your counsel will be available for a conference call with the Court next week on May 5 or May 6.

*Dear Magistrate Judge Pead,*

*The parties are jointly requesting a discovery conference under Local Rule 37-1(d) to resolve a dispute about whether Plaintiff Blendtec should be allowed to use documents produced by Defendant Blendjet in this case (Case No. 2:21-cv-00668) for purposes of rebutting arguments and testimony, including testimony from Blendjet's Founder and CEO, made in opposing Blendtec's Motion for Preliminary Injunction in Case No. 2:25-cv-00096 in which Blendtec is also a defendant. The Court's same Standard Protective Order currently governs both cases. Blendjet has opposed Blendtec's request. The parties are available for a conference call to discuss this matter on Monday May 5, 2025 or Tuesday May 6, 2025 at the Court's convenience.*

Regards,

Mark Miller

Partner, Office Head, Salt Lake City

2



DORSEY & WHITNEY LLP
111 S. Main Street Suite 2100 | Salt Lake City, UT 84111-2176

P: (801) 933-4068

C: (801) 755-4028
WWW.DORSEY.COM :: SALT LAKE CITY :: BIO :: V-CARD

CONFIDENTIAL COMMUNICATION
*E-mails from this firm normally contain confidential and privileged material, and are for the sole use of the intended recipient. Use or distribution by an unintended recipient is prohibited, and may be a violation of law. If you believe that you received this e-mail in error, please do not read this e-mail or any attached items. Please delete the e-mail and all attachments, including any copies thereof, and inform the sender that you have deleted the e-mail, all attachments and any copies thereof. Thank you.*