George Hofmann (10005)
Kathryn Tunacik (13363)
**Cohne Kinghorn, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
ghofmann@ck.law
ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
Claire Hagan Eller (*Pro Hac Vice*)
**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com
Email: celler@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**McGuireWoods LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**McGuireWoods LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP, LLC; and MavorCo Operations, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah Corporation<br><br>*Plaintiff*,<br><br>v.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP, LLC**, a Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, Delaware limited liability company,<br><br>*Defendants*. | **MAVORCO'S REPLY IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME TO FILE A MOTION FOR LEAVE TO MAINTAIN DOCUMENTS UNDER SEAL**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

1

MavorCo's Motion for Extension of Time (D.I. 76) and the attached Motion for Leave to Maintain Documents Under Seal (D.I. 76-1) should be granted. Blendtec opposes this relief by arguing that MavorCo is trying to unduly delay the proceedings (it is not), and that there is no good cause to maintain any of the information at issue under seal (there is). As explained below, Blendtec cannot reasonably argue that MavorCo's Motion for Extension of Time, which was filed just *one day* after the deadline, would cause any undue delay or prejudice. Therefore, MavorCo's motion should be granted. With respect to whether the documents in question should be maintained under seal, MavorCo now limits its requested relief, and seeks to have the following documents maintained under seal:

- The unredacted version of Blendtec's Supplemental Brief in Support of its Preliminary Injunction Motion (the "Supplemental Brief"); and
- Exhibits 4, 7, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, 76-78, 80, and 81 to that Supplemental Brief (the "Narrowed Sealed Exhibits").[1]

1. **The Court Should Grant MavorCo's Request for a One-Day Extension of Time to Seek to Maintain Information Under Seal**

MavorCo submitted its request to maintain under seal certain filings submitted with Blendtec's Supplemental Brief just one day after the deadline and just eight days after Blendtec's initial motion to seal was filed. Courts may extend the time to file a motion for good cause "if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *Sanders v. Progressive Preferred Ins. Co.*, No. 2:21-cv-00146-JCB, 2021 U.S. Dist. LEXIS 234029, at *9 (D. Utah Dec. 6, 2021). Courts look to whether the delay prejudiced the nonmoving party, the length of delay and its impact on the proceedings, the reason for delay, and whether the movant acted in good faith. *Id.*

---

[1] The sealed versions of the Narrowed Sealed Exhibits can be found at D.I. 70-4, 70-7, 70-55 through 70-58, 70-60 through 70-63, 70-67 through 70-68, 70-72 through 70-74, and 70-76 through 70-77.

1

Blendtec opposes this requested relief, arguing that MavorCo's one-day delay somehow amounts to an underhanded effort to delay the entire proceeding. *See* D.I. 79 ("Opp. Br.") at 1-2. But under the applicable factors used to apply Rule 6(b)(1)(B), a one-day extension of time is warranted here. Importantly, the minor extension requested—one day—would neither prejudice Blendtec[2] nor delay the proceedings. In fact, Blendtec filed its opposition to MavorCo's motion within five days—earlier than required under the Local Rules—confirming that Blendtec suffered no hardship in quickly responding. *See* D.I. 79. MavorCo is now responding to that Opposition in similarly expeditious fashion, meaning that briefing has proceeded far more quickly than required under the Local Rules. There is no delay to the proceedings.

As to the cause for its one-day delay, MavorCo explained in its opening motion that it inadvertently missed the deadline, and further explained how the significant time required to receive and process the 2021 Action Discovery hindered its ability to fully review the documents at issue.[3]

---

[2] Blendtec—without any support—complains that it is prejudiced by "MavorCo's ongoing coordination [with] and unilateral access to Mr. Pamplin." Opp. Br. at 10. The argument appears to be that MavorCo has exclusive (mistakenly referred to as "unilateral") access to Mr. Pamplin and prevents him from cooperating with or communicating with Blendtec. This accusation is totally unfounded because: (1) Blendtec has repeatedly reached out directly to Mr. Pamplin by email, showing that Blendtec can and has accessed Mr. Pamplin; (2) MavorCo has never blocked or objected to those communications; (3) the more logical and likely reason that Mr. Pamplin may not readily communicate with Blendtec is that Blendtec has sued Mr. Pamplin's company (twice). In contrast, MavorCo is now BlendJet's co-defendant. Defendants generally do not aid the plaintiffs, but co-defendants often cooperate—this logical and typical fact pattern in no way supports successor liability.

[3] For example, many of the exhibits attached to Blendtec's Supplemental Brief are standalone documents devoid of context as to who may have created or received the information, what conversations occurred related to that information, or how that information might impact MavorCo. The sheer volume of discovery has contributed to the slowdown, as have collateral issues, such as Blendtec needing to resend multiple volumes of discovery on July 8 because it failed to provide correct passwords to access these documents. On the same day, Blendtec also reproduced several images to MavorCo because they were initially sent in a corrupt format and could not be opened.

In addition, MavorCo has significantly narrowed the scope of relief it is seeking. In this Reply, MavorCo has removed the majority of Blendtec's exhibits from the scope of its motion, further showing that a one-day extension will not negatively impact the proceedings or unduly drag out the process.

In light of MavorCo's good faith and given that this one-day delay will not prejudice Blendtec, MavorCo respectfully request that the Court grant its request for extension of time.

2. **Exhibits 4, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, and 81, and the Unredacted Copy of Blendtec's Supplemental Brief, Contain Privileged Material, Have Been Clawed Back by BlendJet, and Should Not Be Made Public**

Exhibits 4, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, and 81, along with the unredacted version of Blendtec's Supplemental Brief, should remain sealed because they contain information that is protected by the attorney-client and/or work product privileges, and which has been clawed back under Fed. R. Civ. P. 26(b)(5)(B). BlendJet (through its Chief Executive Officer Ryan Pamplin) has asserted the privilege. *See* Declaration of Lucy Wheatley & Exhibit A. For this reason, the Court should reject Blendtec's efforts to make publicly available these documents that are subject to claims of attorney-client privilege. *See Hicks v. Milton*, No. 2:24-MC-00176, 2024 WL 2832542, at *3 (D. Utah June 4, 2024) ("Even if Lucas could not assert the privilege, Hicks, LLC and Peter have appeared in this matter, and both assert the privilege on behalf of the LLC. Where the LLC and its undisputed manager are properly asserting attorney-client privilege on behalf of the LLC, Defendants' argument about whether Lucas can assert the privilege fails.").

Given that BlendJet has asserted privilege over these documents, the documents may not be made publicly available. Federal Rule of Civil Procedure 26(b)(5) provides that where a party (here, BlendJet) makes a privilege claim over previously produced information, the receiving party (here,

3

Blendtec and MavorCo) "must" take prompt and immediate steps to protect the secrecy of that information and avoid using or disclosing that information, and that any such information must be filed under seal. *See* Fed. R. Civ. P. 26(b)(5)(B) ("After being notified, a party must promptly return, sequester, or destroy the specified information …; must not use or disclose the information until the claim is resolved; … and may promptly present the information to the court under seal for a determination of the claim."). The applicable Standard Protective Order governing actions in this District includes similar requirements. That Order acknowledges that inadvertent disclosures may occur and requires that where the disclosing party (BlendJet) asserts privilege over previously disclosed documents, the receiving party (Blendtec and MavorCo) "shall return to the producing party such document or thing," subject to its rights to follow the procedures in Rule 26(b)(5)—which includes the requirement of filing under seal—to argue that the document should be produced.

Finally, Blendtec's arguments in the opposition brief that there are no privileged materials at issue relies on erroneous legal principles. For example, Blendtec argues that none of the exhibits filed with its Supplemental Brief appear to be privileged, apparently by assessing only whether communications are directly with outside counsel and by applying a highly restrictive view of what constitutes "privileged information." If the Court considers the merits of any privilege claims, Blendtec's arguments can be rejected because they misstate the law. *See, e.g.*, *Compass Prods. Int'l*, 18-cv-12296-VM-BCM, 2020 WL 3448012, at *3 (S.D.N.Y. June 24, 2020) (communications between nonlawyer employees privileged where discussion involved issues on which to obtain legal advice); *Brigham Young Univ. v. Pfizer, Inc.*, No. 2:06-CV-890 TS, 2011 WL 2795892, at *3 (D. Utah July 14, 2011) (communications between nonlawyer employees were privileged because "the essential elements of the privilege ... do not require an attorney to have either authored or received

4

the document at issue in order to maintain the privilege"); *Williams v. Sprint/United Mgmt. Co.*, 238 F.R.D. 633, 638-39 (D. Kan. 2006) (collecting cases). Communications where non-attorney employees convey legal advice from attorneys are also privileged. *Plumb v. Whitaker*, No. 2:20-CV-00574-TC-JCB, 2021 WL 5007751, at *1 (D. Utah Oct. 28, 2021) ("[T]he attorney's advice does not necessarily lose its privileged status merely because a non-lawyer employee … communicates the attorney's advice to other non-lawyer employees …."). MavorCo agrees with BlendJet that the documents in question appear on their face to be privileged.

3. **Separately, the Unredacted Copy of Blendtec's Supplemental Brief and Exhibits 4, 7, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, 76-78, 80, and 81 Should Be Maintained Under Seal Because They Contain Sensitive Competitive Information and the Public Has Minimal Interest in their Disclosure at this Stage.**

Setting aside the issue of privilege, Blendtec's unredacted Supplemental Brief and many exhibits thereto should be maintained under seal given the highly sensitive nature of the information set forth therein. The Revised Sealed Exhibits are discussed in more detail below. MavorCo incorporates into each of these arguments its request to maintain Blendtec's unredacted Supplemental Brief under seal since that Brief contains and discusses the information set out in these exhibits.

*Information pertaining to financial performance and possible future business ventures*: **Exhibits 4, 76-78, and 81.** MavorCo purchased many of the assets previously owned by BlendJet, including the intellectual property used in its portable blending products. MavorCo, therefore, could potentially pursue business dealings with other companies interested in buying products that incorporate former BlendJet assets. The information contained in Exhibits 4, 76-78, and 81 is the sort of competitive information that is highly valuable to MavorCo because it could impact future business ventures. ███████████

The secrecy of this information is also paramount ▇▇▇ If this list was publicly disclosed, MavorCo would be harmed to the extent that its competitors would be able to use this information for their own benefit, and to the extent that ▇▇▇ which could negatively impact MavorCo's position in business negotiations. **Exhibits 76-78** contain detailed financial information that provides insight into the BelndJet assets that now belong to MavorCo. Similarly, **Exhibit 81** contains information related to BlendJet's financial performance ▇▇▇. The exhibit further discusses ▇▇▇ MavorCo would be competitively injured if this information is made public because MavorCo's competitors would be given access to ▇▇▇ that MavorCo now owns, as well as to ▇▇▇ to the extent that MavorCo chooses to pursue further transactions in the future.

While MavorCo has a strong interest in maintaining Exhibits 4, 76-78, and 81 under seal, the public has no reasonable interest in accessing this information. *In re EpiPen*, No. 17-md-2785-DDC-TJJ, 2019 WL 2490670, at *1 (D. Kan. June 14, 2019) (unpublished) (granting motion to seal "sales, pricing, and market share data," but indicating the redaction request would be revisited "should this information prove important to the court's resolution" of substantive issues). And while Blendtec argues that Exhibits 4, 76-78, and 81 contain information that they view as relevant to their motion

---

[4] Blendtec asserts that Exhibit 4 has been publicly disclosed and contains a transcript of a publicly available interview of Mr. Pamplin. *See* Opp. Br. at 5 n.3. Blendtec appears to be confused, as Exhibit 4 does not contain any transcript, nor is there any indication that it has ever been publicly disclosed.

for a preliminary injunction[5], Blendtec provides no argument that these documents should not be maintained under seal. *See* Opp. Br. at 5 & n.3.[6] Given this balancing of interests, the Court should maintain these records under seal. *See, e.g.*, *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that courts "have refused to permit their files to serve … as sources of business information that might harm a litigant's competitive standing"); *Ennis v. Alder Prot. Holdings, LLC*, No. 2:19-CV-512 CW, 2023 WL 11829727, at *1 (D. Utah Sept. 18, 2023) (ordering records to remain under seal that contained financial information that included "allegedly sensitive and competitive business information").

***Information about product design***: **Exhibit 7** should be maintained under seal because it contains communications between BlendJet personnel related to ▮▮▮▮▮▮▮▮▮▮▮▮. The document contains the employees' candid discussions about ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. MavorCo has an interest in keeping this information under seal because this discussion pertains to a product and technology which MavorCo now owns. If this information were made public, MavorCo's competitors would benefit from reviewing ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Blendtec argues only that Exhibit 7 bears

---

[5] As will be discussed in MavorCo's supplemental brief in opposition to the motion for a preliminary injunction, the documents that MavorCo seeks to maintain under seal have minimal, if any, relevance to granting an injunction.

[6] Blendtec asserts that Exhibit 81 is relevant here because it ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Opp. Br. at 5. This assertion completely mischaracterizes the Exhibit, and Blendtec's description of Exhibit 81 in the sealed version of its opposition brief suggests that Blendtec simply misread this document. *See id.* (sealed and unredacted version of Blendtec's response opposing MavorCo's motion).

relevance to the issue of BlendJet's intent and makes no other arguments that there is any public interest in accessing this information, or that MavorCo would not be harmed by its public disclosure. *See* Opp. Br. at 4-5. Balancing the applicable interests, Exhibit 7 should be maintained under seal in order to protect this proprietary information about ███████████████████████████ ███████████████████████. *See, e.g.*, *Meghinasso v. Mercedes-Benz USA*, No. C17-5930-LK, 2022 WL 392928, at *4 (W.D. Wash. Feb. 9, 2022) (regarding documents containing product design and/or testing information: "The Court finds that good cause exists to maintain the document under seal because it contains confidential and proprietary engineering information that could be used by Defendants' competitors to Defendants' competitive detriment.").

***Information about IP enforcement and protection strategy:*** **Exhibits 55, 56, 57, 58, 60, 61, 62, 64, 71.** This set of exhibits contains information describing enforcement efforts by BlendJet to enforce intellectual property rights in the assets that MavorCo has since acquired. **Exhibit 55**, **Exhibit 57**, and **Exhibit 60** contain information about ███████████████████████████ ███████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████.[7] **Exhibit 56** similarly contains discussions about ███████████████████████████████████████, and ███████████████████████. **Exhibit 58** contains ███████████████████████████████████████

---

[7] As noted separately, many of these documents appear on their face to be privileged under the attorney-client privilege and/or the work product doctrines, as they contain the privileged communications, or they contain communications made for the purpose of obtaining legal advice. *See Hicks*, 2024 WL 2832542, at *4 (rejecting an argument similar to Blendtec's and clarifying the scope of the attorney client privilege). *See also See* Utah Rules of Professional Conduct, Rule 4.4(b) ("A lawyer who receives a document or electronically stored information relating to the representation of the lawyer's client and knows or reasonably should know that the document or electronically stored information was inadvertently sent shall promptly notify the sender."); DUCivR 83-1.1(d)(1) & DUCivR83-1.2(a)(1) (attorneys must comply with Utah Rules of Professional Conduct).

███████████████████████████████████████████████████. **Exhibit 61** and **Exhibit 62** continue to discuss ███████████████████████████ and include ███████████████████████████████████████████████████. Similarly, **Exhibit 64** consists of ███████████████████████████████████████████████████ ████████████████████████████. Finally, **Exhibit 71** contains ████████████ ███████████████████████████████████████████████████ █████████████████████████████████ that MavorCo has since acquired. MavorCo has an interest in keeping these documents under seal given that they directly concern intellectual property that MavorCo acquired from BlendJet, including intellectual property that is not at issue in this case.

MavorCo has an interest in maintaining this information under seal because it contains ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████. Legal strategy is considered highly sensitive and is routinely maintained under seal, and Blendtec has offered no argument otherwise. *Gabet v. Amazon.com Inc*, No. 1:22-CV-02246-JPH-MKK, 2025 WL 1592989, at *2 (S.D. Ind. Feb. 14, 2025) (sealing documents that could potentially expose sensitive legal strategies and advice); *Bunsow De Mory LLP v. N. Forty Consulting LLC*, 2020 WL 7872199, at *2-3 (N.D. Cal. Sept. 21, 2020) (sealing business strategies and details about protection and enforcement of intellectual property).

*Information about marketing strategy*: Exhibits 70, 80. The information contained in Exhibits 70 and 80 including marketing strategy developed by BlendJet to promote the products that MavorCo has since acquired. **Exhibit 70**, for example, contains communications related to ████

9

█████████████████████████. This document was already ordered to be maintained under seal in the prior litigation between Blendtec and BlendJet. *See Blendtec Inc. v. BlendJet Inc.*, 2:21-cv-00668 (D. Utah June 27, 2023), D.I. 166. **Exhibit 80** consists of █████████████ █████████████████████████████████████████████████████████████ █████████████████████ to promote the products now owned by MavorCo. In addition, many pages of this presentation include ████████████████████████████ ███████████████████████████████. MavorCo has a strong competitive interest in maintaining the secrecy of these documents. In acquiring assets from BlendJet, MavorCo was also purchasing ███████████████████████████████████████ █████████ Blendtec offers no specific reason that these documents should be unsealed beyond arguing relevance. *See* Opp. Br. At 2-6, 9. Other courts have found that materials similar to those included in Exhibits 70 and 80 warrant sealing in order to protect competitive intelligence, and the Court should rule similarly here. *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) ("[M]aterial concerning the defendants' marketing strategies" was "highly proprietary" and could "remain under seal"); *AH Aero Service, LLC v. Heber City*, 2020 WL 5135819 at *5 (D. Utah Oct. 19, 2020) ("Confidential financial information is often sealed where its disclosure could cause competitive harm.").

\* \* \*

For the foregoing reasons, MavorCo respectfully asks that this Court order that the unredacted version of Blentect's Supplemental Brief, and Exhibits 4, 7, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, 76-78, 80, and 81 to that Supplemental Brief be maintained under seal.

Respectfully submitted, this 14th day of July, 2025.

/s/ Lucy Jewett Wheatley
George B. Hofmann, IV (10005)
Kathryn Tunacik (13363)
**COHNE KINGHORN, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
Ghofmann@cohnekinghorn.Com
Ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
Claire Hagan Eller (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com
Email: celler@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

***Attorneys for Defendants***
***MavorCo Holdings, LLC; MavorCo IP, LLC; and MavorCo Operations, LLC***

## CERTIFICATE OF SERVICE

  I hereby certify that on July 14, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for all parties to this action registered with the CM/ECF system.

Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

                 */s/ Lucy Jewett Wheatley*
                 Lucy Jewett Wheatley