George Hofmann (10005)
Kathryn Tunacik (13363)
**Cohne Kinghorn, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
ghofmann@ck.law
ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
Claire Hagan Eller (*Pro Hac Vice*)
**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com
Email: celler@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**McGuireWoods LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**McGuireWoods LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP, LLC; and MavorCo Operations, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah Corporation<br><br>*Plaintiff*,<br><br>v.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP, LLC**, a Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, Delaware limited liability company,<br><br>*Defendants*. | **MAVORCO'S MOTION TO MAINTAIN DOCUMENTS UNDER SEAL**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Pursuant to the Court's Order (D.I. 82) Granting Plaintiff Blendtec Inc.'s ("Plaintiff" or "Blendtec") Motion for Leave to File Under Seal Blendtec's Response to MavorCo's Motion for Extension of Time to File a Motion for Leave to Maintain Documents Under Seal ("Blendtec's Response"), DUCivR 5-3, and the Standard Protective Order that applies in all civil cases in the U.S. District Court for the District of Utah (the "Standard Protective Order"), Defendants Mavorco Holdings, LLC, Mavorco IP, LLC, and Mavorco Operations, LLC (collectively "Defendants" or "MavorCo," and together with Blendtec, the "Parties"), by and through counsel, hereby respectfully moves this Court to maintain the following redacted portions of Blendtec's Response, on the page numbers listed below, under seal:

- Page 3;
- Page 5 (discussing Exhibits 80 and 81);[1]
- Page 6 (discussing Exhibits 70 and 71);
- Page 7 (discussing Exhibits 76–78);
- Page 8 (discussing Exhibits 56 and 57); and
- Page 9 (discussing Exhibit 71).

These redacted portions of Blendtec's Response describe, in detail, the sealed exhibits that are currently the subject of MavorCo's opposed Motion to Maintain Documents Under Seal. D.I. 76 (MavorCo's Motion for Extension of Time); *see also* D.I. 86 (Order granting MavorCo's Motion for Extension of Time and setting deadlines for the Parties' briefing to maintain documents under seal). As stated in further detail below, Exhibits 56, 57, 70, 71, and 81 contain information that is protected by

---

[1] Exhibit numbers reference the exhibits that Blendtec's filed under seal attached to its Supplemental Brief in Support of its Preliminary Injunction Motion ("Blendtec's Supplemental Brief"). D.I. 72.

1

the attorney-client and/or work product privileges and should not be made public, and all of these exhibits contain confidential business information on MavorCo's assets such as marketing strategies, financial information, and intellectual property enforcement and protection strategy. For the same reasons that the exhibits themselves should be maintained under seal,[2] the above-listed portions of Blendtec's Response that describe those exhibits, in detail, should also be maintained under seal. *See Ad Astra Recovery Servs. v. Heath*, No. 18-1145-JWB, 2020 U.S. Dist. LEXIS 186696, at *6 (D. Kan. Oct. 7, 2020) (Ordering that "redacted memoranda, which quote portions of these sealed exhibits, are to remain redacted and filed publicly.").

Therefore, MavorCo respectfully requests that the Court grant its Motion for Leave to Maintain the above-identified portions of Blendtec's Response Under Seal for the following reasons:

1. **The Portions of Blendtec's Response That Describe Exhibits 56, 57, 70, 71, and 81, Reveal Information That Has Been Clawed Back by BlendJet, and Should Not Be Made Public.**

The redacted portions of Blendtec's Response on pages 5 (discussing Exhibit 81), 6 (discussing Exhibits 70 and 71), and 8 (discussing Exhibits 56 and 57), should remain sealed because they contain information that is protected by the attorney-client and/or work product privileges, and which has been clawed back under Fed. R. Civ. P. 26(b)(5)(B). BlendJet (through its Chief Executive Officer Ryan Pamplin) has asserted the privilege. *See* Declaration of Lucy Wheatley & Exhibit A.

Given that BlendJet has asserted privilege over the underlying exhibits, the above-listed portions of Blendtec's Response that describe these exhibits should not be made publicly available. Federal Rule of Civil Procedure 26(b)(5) provides that where a party (here, BlendJet) makes a privilege claim over previously produced information, the receiving party (here, Blendtec and

---

[2] These reasons are stated in MavorCo's Reply in Support of Its Motion for Extension of Time to File a Motion for Leave to Maintain Documents Under Seal. D.I. 85.

MavorCo) "must" take prompt and immediate steps to protect the secrecy of that information and avoid using or disclosing that information, and that any such information must be filed under seal. *See* Fed. R. Civ. P. 26(b)(5)(B) ("After being notified, a party must promptly return, sequester, or destroy the specified information …; must not use or disclose the information until the claim is resolved; … and may promptly present the information to the court under seal for a determination of the claim."). The applicable Standard Protective Order governing actions in this District includes similar requirements. That Order acknowledges that inadvertent disclosures may occur and requires that where the disclosing party (BlendJet) asserts privilege over previously disclosed documents, the receiving party (Blendtec and MavorCo) "shall return to the producing party such document or thing," subject to its rights to follow the procedures in Rule 26(b)(5)—which includes the requirement of filing under seal—to argue that the document should be produced.

Finally, the underlying exhibits, and the portions of Blendtec's Reply that describe these exhibits, undoubtedly contain privileged materials. *See, e.g., Compass Prods. Int'l v. Charter Commc'ns, Inc.*, 18-cv-12296-VM-BCM, 2020 WL 3448012, at *3 (S.D.N.Y. June 24, 2020) (communications between nonlawyer employees privileged where discussion involved issues on which to obtain legal advice); *Brigham Young Univ. v. Pfizer, Inc.*, No. 2:06-CV-890 TS, 2011 WL 2795892, at *3 (D. Utah July 14, 2011) (communications between nonlawyer employees were privileged because "the essential elements of the privilege ... do not require an attorney to have either authored or received the document at issue in order to maintain the privilege"); *Williams v. Sprint/United Mgmt. Co.*, 238 F.R.D. 633, 638-39 (D. Kan. 2006) (collecting cases); *see also Plumb v. Whitaker*, No. 2:20-CV-00574-TC-JCB, 2021 WL 5007751, at *1 (D. Utah Oct. 28, 2021) ("[T]he attorney's advice does not necessarily lose its privileged status merely because a non-lawyer

3

employee … communicates the attorney's advice to other non-lawyer employees ….").

2. **Separately, The Portions Blentec's Response That Describe Exhibits 56, 57, 70, 71, 76-78, 80, and 81 Should Be Maintained Under Seal Because They Contain Sensitive Competitive Information and the Public Has Minimal Interest in their Disclosure at this Stage.**

Setting aside the issue of privilege, the redacted portion of Blendtec's Response on page 3, 5 (discussing Exhibits 80 and 81), 6 (discussing Exhibits 70 and 71), 7 (discussing Exhibits 76–78), 8 (discussing Exhibits 56 and 57), and 9 (discussing Exhibit 71), reveals highly sensitive confidential information contained in the Exhibits and should be maintained under seal.

***Information pertaining to financial performance and possible future business ventures*: Exhibits 76-78, and 81.** MavorCo now owns many of the assets previously owned by BlendJet, including the intellectual property used in its portable blending products. MavorCo, therefore, could potentially pursue business dealings with other companies interested in buying products that incorporate former BlendJet assets. The information contained Blendtec's Response that describes Exhibits 76-78, and 81 in detail is the sort of competitive information that is highly valuable to MavorCo because it could impact future business ventures. For example, the portion of Blendtec's Response that discusses **Exhibits 76-78** contains detailed financial information that provides insight into the BlendJet assets that now belong to MavorCo. For the same reasons that these exhibits should be maintained under seal, the portions of Blendtec's Response that discuss these exhibits, in detail, should also be maintained under seal.

While MavorCo has a strong interest in maintaining Exhibits 76-78, and 81 under seal, the public has no reasonable interest in accessing this information. *In re EpiPen*, No. 17-md-2785-DDC-TJJ, 2019 WL 2490670, at *1 (D. Kan. June 14, 2019) (unpublished) (granting motion to seal "sales, pricing, and market share data," but indicating the redaction request would be revisited "should this

4

information prove important to the court's resolution" of substantive issues). Moreover, the documents that MavorCo seeks to maintain under seal have minimal, if any, relevance to granting an injunction. Given this balancing of interests, the Court should maintain the redacted portions of Blendtec's Response that relate to the underlying exhibits under seal. *See, e.g.*, *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that courts "have refused to permit their files to serve … as sources of business information that might harm a litigant's competitive standing"); *Ennis v. Alder Prot. Holdings, LLC*, No. 2:19-CV-512 CW, 2023 WL 11829727, at *1 (D. Utah Sept. 18, 2023) (ordering records to remain under seal that contained financial information that included "allegedly sensitive and competitive business information").

*Information about IP enforcement and protection strategy:* **Exhibits 56, 57, and 71.** This set of exhibits, along with the redacted portions of Blendtec's Response that describe them, contains detailed information about enforcement efforts by BlendJet to enforce intellectual property rights in the assets that MavorCo has since acquired. Legal strategy is considered highly sensitive and is routinely maintained under seal. *Gabet v. Amazon.com Inc*, No. 1:22-CV-02246-JPH-MKK, 2025 WL 1592989, at *2 (S.D. Ind. Feb. 14, 2025) (sealing documents that could potentially expose sensitive legal strategies and advice); *Bunsow De Mory LLP v. N. Forty Consulting LLC*, 2020WL7872199, at *2-3 (N.D. Cal. Sept. 21, 2020) (sealing business strategies and details about protection and enforcement of intellectual property).

*Information about marketing strategy*: **Exhibits 70 and 80**. The information contained in Exhibits 70 and 80, and described in relation to those exhibits in Blendtec's Response, include marketing strategy developed by BlendJet to promote the products that MavorCo has since acquired. Notably, Exhibit 70 was already ordered to be maintained under seal in the prior litigation between

Blendtec and BlendJet. *See Blendtec Inc. v. BlendJet Inc*., 2:21-cv-00668 (D. Utah June 27, 2023), D.I. 166. MavorCo has a strong competitive interest in maintaining the secrecy of this information under seal. Other courts have found that materials similar to those included in Exhibits 70 and 80 warrant sealing in order to protect competitive intelligence, and the Court should rule similarly here. *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) ("[M]aterial concerning the defendants' marketing strategies" was "highly proprietary" and could "remain under seal"); *AH Aero Service, LLC v. Heber City*, 2020 WL 5135819 at *5 (D. Utah Oct. 19, 2020) ("Confidential financial information is often sealed where its disclosure could cause competitive harm.").

\*     \*     \*

For the foregoing reasons, MavorCo respectfully asks that this Court order that the redacted portions of Blendtec's Response to MavorCo's Motion for Extension of Time to File a Motion for Leave to Maintain Documents Under Seal on pages 3, 5 (discussing Exhibits 80 and 81), 6 (discussing Exhibits 70 and 71), 7 (discussing Exhibits 76–78), and 8 (discussing to Exhibits 56 and 57), be maintained under seal.

Respectfully submitted, this 15th day of July, 2025.

/s/ *Lucy Jewett Wheatley*
George B. Hofmann, IV (10005)
Kathryn Tunacik (13363)
**COHNE KINGHORN, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
Ghofmann@cohnekinghorn.Com
Ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
Claire Hagan Eller (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com
Email: celler@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP, LLC; and*
*MavorCo Operations, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 15, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for all parties to this action registered with the CM/ECF system.

Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

                                          */s/ Lucy Jewett Wheatley*
                                          Lucy Jewett Wheatley