George Hofmann (10005)
Kathryn Tunacik (13363)
**Cohne Kinghorn, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
ghofmann@ck.law
ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
Claire Hagan Eller (*Pro Hac Vice*)
**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email:  lwheatley@mcguirewoods.com
Email:  celler@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**McGuireWoods LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**McGuireWoods LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants
MavorCo Holdings, LLC; MavorCo IP,
LLC; and MavorCo Operations, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah Corporation<br><br>*Plaintiff*,<br><br>v.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP, LLC**, a Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, Delaware limited liability company,<br><br>*Defendants*. | **MAVORCO'S MOTION TO MAINTAIN UNDER SEAL PLAINTIFF'S UNREDACTED SUPPLEMENTAL BRIEF IN SUPPORT OF ITS PRELIMINARY INJUNCTION MOTION AND CERTAIN EXHIBITS THERETO**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Defendants Mavorco Holdings, LLC, Mavorco IP, LLC, and Mavorco Operations, LLC's (collectively "Defendants" or "MavorCo") bring this motion pursuant to the Court's Order Granting Motion for Extension of Time to File a Motion for Leave to Maintain Documents Under Seal (D.I. 86), DUCivR 5-3, and the Standard Protective Order that applies in all civil cases in the U.S. District Court for the District of Utah (the "Standard Protective Order"). MavorCo brings this motion concerning materials filed with Plaintiff Blendtec Inc.'s ("Plaintiff" or "Blendtec") Supplemental Brief in Support of Its Motion for a Preliminary Injunction ("Blendtec Supplemental Brief").

MavorCo respectfully moves this Court to maintain under seal:

1) The following exhibits to the Blendtec Supplemental Brief (the "Narrowed Sealed Exhibits"):

    a. Exhibit 4 (D.I. 72-4);

    b. Exhibit 7 (D.I. 72-7);

    c. Exhibits 55-58 (D.I. 72-55 through 72-58);

    d. Exhibits 60-62 (D.I. 72-60 through 72-62);

    e. Exhibit 64 (D.I. 72-63);

    f. Exhibits 70-71 (D.I. 72-67 through 72-68);

    g. Exhibits 76-78 (D.I. 72-72 through 72-74); and

    h. Exhibits 80-81 (D.I. 72-76 through 72-77).

2) The following unredacted portions of the Blendtec Supplemental Brief that discuss the Narrowed Sealed Exhibits. For the Court's reference, MavorCo is submitting a version of the Blendtec Supplemental Brief that highlights, in green, the specific lines that MavorCo respectfully submits should remain under seal. These include:

    a. The lines at Page 2 discussing Exhibit 4 and Exhibit 7;

      b. The lines at Page 6 discussing Exhibits 55–58;

      c. The lines at Page 7 discussing Exhibits 55 and 60–62;

      d. The lines at Page 8 quoting from Exhibit 62[1] and discussing Exhibit 64;

      e. The lines at Page 9 discussing Exhibits 70 and 71; and

      f. The lines at Page 10 discussing Exhibits 4, 76–78, and 80–81.

*See* **Exhibit 2** (highlighting the sections of the Blendtec Supplemental Brief that MavorCo requests remain under seal).

## Background

The Blendtec Supplemental Brief and the Narrowed Sealed Exhibits all pertain to discovery that was produced in the case *Blendtec Inc., v. BlendJet Inc.*, No. 2:21-cv-00668, in the U.S. District Court for the District of Utah (the "2021 Action") pursuant to the Standard Protective Order and designated as CONFIDENTIAL INFORMATION—ATTORNEYS' EYES ONLY by BlendJet. As reflected in this Court's Order of June 11, 2025, the court in the 2021 Action recently ordered that the discovery in that matter be made available to the parties in the instant litigation. *See* D.I. 66. This Court granted the parties leave to file supplemental briefing on Plaintiff's pending preliminary injunction motion, with the specific purpose of "incorporate[ing] the 2021 discovery materials." *Id.*

On June 23, 2025, Blendtec filed its Supplemental Brief, and included as part of that filing a version of the Supplemental Brief under seal, along with seventy-seven (77) sealed exhibits. *See* D.I. 70-71. Blendtec contemporaneously moved for the unredacted version of the Supplemental Brief and the sealed exhibits to be maintained under seal on the basis that those sealed exhibits and the related portions of the Supplemental Brief contain materials that had been designated as Confidential

---

[1] The Blendtec Supplemental Brief includes a redacted section at the top of page 8. Based on the citation in Blendtec's Supplemental Brief, it appears that this section quotes Exhibit 59. However, MavorCo believes this citation is incorrect, as the quoted portion in the redaction is a direct quote from Exhibit 62.

and/or Highly Confidential-Attorneys Eyes Only by BlendJet in the 2021 Action. The Court ordered all of the documents to be sealed on June 24, 2025. D.I. 73.

As stated above, MavorCo now moves for this Court to maintain under seal the Narrowed Sealed Exhibits and the above-identified redacted portions of Blendtec's Supplemental Brief that describe (and in some instances quote) those exhibits in detail.

### Relevant Legal Standards

The common-law right of access to judicial records is not absolute. The "'presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access.'" *Dovbysh v. Mutual of Enumclaw Insurance Co.*, No. 2:21-cv-690-HCN-DBP, 2022 WL 17128816, at *2 (D. Utah Nov. 22, 2022). A party may overcome the presumption of public access where, for example, the records contain "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) ("Even a cursory review of the documents in question confirms that they do contain sensitive, proprietary information concerning Medtronic's business practices and potentially sensitive technical and financial data…. For most of the documents in question, we see no reason why they should not be sealed."). "Confidential financial information is often sealed where its disclosure could cause competitive harm." *AH Aero Service, LLC v. Heber City*, 2020 WL 5135819 at *5 (D. Utah Oct. 19, 2020).

### Argument

MavorCo respectfully requests that the Narrowed Sealed Exhibits originally filed under seal by Blendtec, along with the above-identified redacted portions of Blendtec's Supplemental Brief that quote and describe in detail those exhibits, remain under seal. The Narrowed Sealed Exhibits

consist of documents that were produced by BlendJet and had been designated as containing Confidential – Attorneys' Eyes Only information.

Because MavorCo now owns some of BlendJet's former assets—including intellectual property that is the subject of the Narrowed Sealed Exhibits and related briefing—MavorCo believes that it has grounds to move this Court to maintain these materials under seal. For example, the Narrowed Sealed Exhibits reveal confidential business information about MavorCo's assets such as marketing strategies, financial information, and intellectual property enforcement and protection strategy. In addition, and as stated in further detail below, many of these exhibits have been clawed back by BlendJet under a claim of privilege. For the same reasons that the exhibits should be maintained under seal, the above-listed portions of Blendtec's Supplemental Brief that quote and describe those exhibits in detail should also remain sealed. *See Ad Astra Recovery Servs. v. Heath*, No. 18-1145-JWB, 2020 U.S. Dist. LEXIS 186696, at *6 (D. Kan. Oct. 7, 2020) (Ordering that "redacted memoranda, which quote portions of these sealed exhibits, are to remain redacted and filed publicly."). Finally, many of the Narrowed Sealed Exhibits have at most, questionable relevance to the issues in the preliminary injunction motion. This raises questions about whether Blendtec is trying to take advantage of BlendJet's financial distress and publicly reveal information that it believes will competitively damage BlendJet or impair MavorCo's assets.

As such, MavorCo respectfully requests that this Court maintain Blendtec's Supplemental Brief and the Narrowed Sealed Exhibits under seal.

1. **Exhibits 4, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, and 81, Reveal Information That Has Been Clawed Back by BlendJet, and Should Not Be Made Public.**

The above-listed redacted portions of Blendtec's Supplemental Brief relating to 4, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, and 81, along with these Narrowed Sealed Exhibits, should remain

sealed because they contain information protected by the attorney-client and/or work product privileges, and which has been clawed back under Fed. R. Civ. P. 26(b)(5)(B). BlendJet (through its Chief Executive Officer Ryan Pamplin) asserted the privilege. *See* Declaration of Lucy Wheatley, which is attached hereto as **Exhibit 1**, & its **Exhibit A**.

Given that BlendJet asserted privilege over these exhibits, the exhibits and related portions of Blendtec's Supplemental Brief should not be made publicly available. Federal Rule of Civil Procedure 26(b)(5) provides that where a party (here, BlendJet) makes a privilege claim over previously produced information, the receiving party (here, Blendtec and MavorCo) "must" take prompt and immediate steps to protect the secrecy of that information and avoid using or disclosing that information, and that any such information must be filed under seal. *See* Fed. R. Civ. P. 26(b)(5)(B). The applicable Standard Protective Order imposes similar obligations and incorporates Rule 26(b)(5)—which includes the requirement of filing under seal.

Finally, the underlying exhibits and related portions of Blendtec's Supplemental Brief undoubtedly contain privileged materials. *Compass Prods. Int'l v. Charter Commc'ns, Inc.*, 18-cv-12296-VM-BCM, 2020 WL 3448012, at *3 (S.D.N.Y. June 24, 2020) (communications between nonlawyer employees privileged where discussion involved issues on which to obtain legal advice); *Brigham Young Univ. v. Pfizer, Inc.*, No. 2:06-CV-890 TS, 2011 WL 2795892, at *3 (D. Utah July 14, 2011) (communications between nonlawyer employees were privileged because "the essential elements of the privilege ... do not require an attorney to have either authored or received the document at issue in order to maintain the privilege"); *Williams v. Sprint/United Mgmt. Co.*, 238 F.R.D. 633, 638-39 (D. Kan. 2006) (collecting cases); *see also Plumb v. Whitaker*, No. 2:20-CV-00574-TC-JCB, 2021 WL 5007751, at *1 (D. Utah Oct. 28, 2021) ("[T]he attorney's

5

advice does not necessarily lose its privileged status merely because a non-lawyer employee … communicates the attorney's advice to other non-lawyer employees ….").

2.  **Separately, Exhibits 4, 7, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, 76-78, 80, and 81 Contain Sensitive Competitive Information and the Public Has Minimal Interest in Their Disclosure at This Stage, and Should Remain Under Seal.**

Setting aside the issue of privilege, the above-listed redacted portions of Blendtec's Supplemental Brief relating to Exhibits 4, 7, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, 76-78, 80, and 81, along with these Narrowed Sealed Exhibits, should be maintained under seal given the highly sensitive nature of the information set forth therein.

*Information pertaining to financial performance and possible future business ventures*: **Exhibits 4, 76-78, and 81.** MavorCo purchased many of the assets previously owned by BlendJet, including the intellectual property used in its portable blending products. MavorCo could pursue business dealings with other companies interested in buying products that incorporate former BlendJet assets. The information contained in Exhibits 4, 76-78, and 81 is the sort of competitive information that is highly valuable to MavorCo because it could impact future business ventures. ▆▆▆▆▆▆▆▆▆▆▆▆ The secrecy of this information is also paramount ▆▆▆▆▆▆▆▆▆▆ If this list was publicly disclosed, MavorCo would be harmed to the extent that its competitors could use this information for their own benefit, and ▆▆▆▆▆▆▆▆ which could negatively impact MavorCo's position in business negotiations. **Exhibits 76-78** contain detailed financial information that provides insight

6

into the BelndJet assets that now belong to MavorCo. Similarly, **Exhibit 81** contains information related to BlendJet's financial performance ▮▮▮▮▮ The exhibit further discusses ▮▮▮▮▮. MavorCo would be competitively injured if this information is made public because MavorCo's competitors would be given access to ▮▮▮▮▮ that MavorCo now owns, as well as to ▮▮▮▮▮ to the extent that MavorCo chooses to pursue further transactions in the future.

While MavorCo has a strong interest in maintaining Exhibits 4, 76-78, and 81 under seal, the public has no reasonable interest in accessing this information. *In re EpiPen*, No. 17-md-2785-DDC-TJJ, 2019 WL 2490670, at *1 (D. Kan. June 14, 2019) (unpublished) (granting motion to seal "sales, pricing, and market share data," absent showing information was substantively relevant). Given this balance of interests, the Court should maintain these records under seal. *See, e.g., Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 598 (1978) (recognizing that courts "have refused to permit their files to serve … as sources of business information that might harm a litigant's competitive standing"); *Ennis v. Alder Prot. Holdings, LLC*, No. 2:19-CV-512 CW, 2023 WL 11829727, at *1 (D. Utah Sept. 18, 2023) (ordering records to remain under seal that contained financial information that included "allegedly sensitive and competitive business information").

***Information about product design***: **Exhibit 7** should be maintained sealed because it contains communications among BlendJet personnel about ▮▮▮▮▮. The document contains the employees' candid discussions about ▮▮▮▮▮ ▮▮▮▮▮ MavorCo has an interest in keeping this information sealed because the discussion

pertains to a product and technology which MavorCo now owns. If unsealed, MavorCo's competitors would benefit from reviewing █████████████████████████████████████████████████████████████████████████████████████████ ████████████████████████. Balancing the applicable interests, Exhibit 7 should be maintained sealed to protect this proprietary information about ████████████████████████████ █████████████████████████████. *See Meghinasso v. Mercedes-Benz USA*, No. C17-5930-LK, 2022 WL 392928, at *4 (W.D. Wash. Feb. 9, 2022) (regarding documents containing product design and/or testing information: "The Court finds that good cause exists to maintain the document under seal because it contains confidential and proprietary engineering information that could be used by Defendants' competitors to Defendants' competitive detriment.").

***Information about IP enforcement and protection strategy:*** **Exhibits 55, 56, 57, 58, 60, 61, 62, 64, 71.** This set of exhibits contains information describing efforts by BlendJet to enforce intellectual property rights in the assets that MavorCo has since acquired. **Exhibits 55, 57, and 60** contain information about ███████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████.[2] **Exhibit 56** similarly contains discussions about ██████████████████████████████████████████████, and ██████████████████████████. **Exhibit 58** contains ████████████████████████████████████████████████████

---

[2] As noted separately, many of these documents appear on their face to be privileged under the attorney-client privilege and/or the work product doctrines, as they contain the privileged communications, or they contain communications made for the purpose of obtaining legal advice. *See Hicks*, 2024 WL 2832542, at *4 (clarifying the scope of the attorney client privilege). *See also See* Utah Rules of Professional Conduct, Rule 4.4(b) (attorneys' obligations upon claw-back); DUCivR 83-1.1(d)(1) & DUCivR83-1.2(a)(1).

██████████████████████████████████████████████████. **Exhibits 61 and 62** continue to discuss ████████████████████████████████ as well as ██████ ████████████████████████████. Similarly, **Exhibit 64** consists of ███████ ████████████████████████████████████████████████████████████████. Finally, **Exhibit 71** contains ████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████ that MavorCo has since acquired. MavorCo has an interest in keeping these documents under seal given that they directly concern intellectual property that MavorCo acquired from BlendJet, including intellectual property that is not at issue in this case.

MavorCo has an interest in maintaining this information under seal because it contains ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████. Legal strategy is considered highly sensitive and is routinely maintained under seal, and Blendtec has offered no argument otherwise. *Gabet v. Amazon.com Inc*, No. 1:22-CV-02246-JPH-MKK, 2025 WL 1592989, at *2 (S.D. Ind. Feb. 14, 2025) (sealing documents that could potentially expose sensitive legal strategies and advice); *Bunsow De Mory LLP v. N. Forty Consulting LLC*, 2020WL7872199, at *2-3 (N.D. Cal. Sept. 21, 2020) (sealing business strategies and details about protection and enforcement of intellectual property).

***Information about marketing strategy*: Exhibits 70, 80**. The information contained in Exhibits 70 and 80 including marketing strategy developed by BlendJet to promote the products that MavorCo has since acquired. **Exhibit 70**, for example, contains communications related to

9

██████████████████████████████████. Importantly, this document was already ordered to be maintained under seal in the prior litigation between Blendtec and BlendJet. *See Blendtec Inc. v. BlendJet Inc.*, 2:21-cv-00668 (D. Utah June 27, 2023), D.I. 166. **Exhibit 80** consists of ████████████████████████████████████████████████████████████████████████████████████████████████████████████ to promote the products now owned by MavorCo. In addition, many pages of this presentation include ████████████████████████████████████████████████████████████████████████████████████████████. MavorCo has a strong competitive interest in maintaining the secrecy of these documents. In acquiring assets from BlendJet, MavorCo was also purchasing ████████████████████████████████████████████████████████████████████████. Other courts have found that materials similar to those included in Exhibits 70 and 80 warrant sealing in order to protect competitive intelligence, and the Court should rule similarly here. *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649-50 (S.D.N.Y. 2011) ("[M]aterial concerning the defendants' marketing strategies" was "highly proprietary" and could "remain under seal"); *AH Aero Service, LLC v. Heber City*, 2020 WL 5135819 at *5 (D. Utah Oct. 19, 2020) ("Confidential financial information is often sealed where its disclosure could cause competitive harm.").

\*   \*   \*

For the foregoing reasons, MavorCo respectfully asks that this Court order that the Narrowed Sealed Exhibits and the above-identified redacted portions of Blendtec's Supplemental Brief that quote and describe those exhibits in detail be maintained under seal.

Respectfully submitted, this 18th day of July, 2025.

/s/ *Lucy J. Wheatley*
George B. Hofmann, IV (10005)
Kathryn Tunacik (13363)
**COHNE KINGHORN, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
Ghofmann@cohnekinghorn.Com
Ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
Claire Hagan Eller (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com
Email: celler@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP, LLC; and*
*MavorCo Operations, LLC*

11

## CERTIFICATE OF SERVICE

   I hereby certify that on July 18, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for all parties to this action registered with the CM/ECF system.

Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

            */s/ Lucy J. Wheatley*
            Lucy Jewett Wheatley