Brett Foster (#6089)
Mark A. Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP, LLC**, a Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, a Delaware limited liability company,<br><br>Defendants. | **BLENDTEC'S RESPONSE TO MAVORCO'S MOTION TO MAINTAIN UNDER SEAL BLENDTEC'S UNREDACTED SUPPLEMENTAL BRIEF IN SUPPORT OF ITS PRELIMINARY INJUNCTION MOTION AND CERTAIN EXHIBITS THERETO**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br>Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

Blendtec hereby submits its response to MavorCo's Motion to Maintain Under Seal Plaintiff's Unredacted Supplemental Brief in Support of its Preliminary Injunction Motion and Certain Exhibits Thereto (the "Motion to Maintain Seal"). MavorCo filed its Motion to Maintain Seal as ECF No. 90.

## I.     BACKGROUND

MavorCo seeks to maintain under seal seventeen (17) exhibits filed by Blendtec in connection with its Supplemental Brief in Support of its Preliminary Injunction Motion. *See* ECF 90 (Motion to Maintain Seal) at 1. Blendjet produced the exhibits at issue years ago in the 2021 Action. MavorCo seeks to maintain the exhibits under seal on two independent grounds.

First, MavorCo claims that twelve of the seventeen exhibits should remain under seal because the documents are privileged. *Id.* at 4. Blendtec disputes that the privilege has been properly asserted or that any of the documents are privileged. Blendtec has filed a Rule 26(b)(5)(B) Motion on this issue. The Court need not decide the privilege issue on MavorCo's Motion to Maintain Seal, however, because the motion can be decided based solely on MavorCo's second claimed ground for maintaining the seal.

Second, MavorCo seeks to keep the documents under seal for the independent reason that each document contains MavorCo's confidential and proprietary information. *See* ECF 90 (Motion to Maintain Seal) at 6. Blendtec does not oppose MavorCo's request to maintain the seventeen exhibits at issue under seal on this specific ground.[1]

## II.    The Court Need Not Decide the Privilege Issue in Connection with MavorCo's Motion to Maintain Documents Under Seal.

Blendtec filed a Rule 26(b)(5)(B) motion related to Defendants' insufficient and improper attempt to eliminate highly relevant evidence from this case based on a manufactured claim of

---

[1] MavorCo argues that "many of the Narrowed Sealed Exhibits have at most, questionable relevance to the issues in the preliminary injunction motion." ECF 90 (Motion to Maintain Seal) at 4. On the contrary, the sealed exhibits directly support Blendtec's preliminary injunction motion and rebut the mischaracterizations that Ryan Pamplin submitted to the Court in a declaration. *See* ECF 81 (Blendtec's Response to MavorCo's Motion for Extension of Time to File a Motion for Leave to Maintain Documents Under Seal) at 2-8.

privilege. *See* ECF No. 93 (Blendtec's FRCP 26(b)(5)(B) Motion) (incorporated herein by this reference). As Blendtec shows in that motion, Blendjet did not properly assert the privilege or trigger a claw-back. *Id*. p. 2-4. Further, MavorCo cannot assert the privilege on behalf of Blendjet unless it is Blendjet's successor, which MavorCo denies. *Id*. at p. 4-5. Finally, even if MavorCo were to acknowledge its status as Blendjet's successor, and properly invoke the privilege, the assertion would fail because none of the documents are privileged. *Id*. at p. 5-10. Because Blendtec does not oppose MavorCo's Motion to Maintain Seal based on its claim that the documents contain its confidential and proprietary information, however, the Court need not decide the privilege issue here. The Court should address the privilege issue in its order addressing Blendtec's Rule 26(b)(5)(B) Motion.

### III. Blendtec Does Not Oppose MavorCo's Claim that the Documents at Issue Contain Its Confidential and Proprietary Information.

The "party seeking to keep records sealed bears the burden of justifying that secrecy." *United States v. Pickard*, 733 F.3d 1297, 1307 (10th Cir. 2013). This is a "heavy burden." *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1136 (10th Cir. 2011). The party seeking to seal a document must "come forward with evidence as to the nature of the public or private harm that would result if it were so filed." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, 2007 WL 101858, at fn. 10 (D. Kan. 2007). "Vague and conclusory statements" do not meet this heavy burden." *Elevate Federal Credit Union v. Elevations Credit Union*, 67 F.4th 1058, 1085 (10th Cir. 2023). The proponent of sealing "must analyze in detail, document by document, the proprietary of secrecy, providing reasons and legal citations." *Furr v. Ridgewood Surgery & Endoscopy Ctr.*, 2016 WL 3227399, at *3 (D. Kan. 2016).

MavorCo claims a proprietary interest in each of the documents at issue based on its

acquisition of Blendjet's business and assets. Specifically, MavorCo takes the position that Blendjet documents disclosing Blendjet's "marketing strategies, financial information, . . . intellectual property enforcement and protection strategy . . . [and] competitive information", regardless of their age, constitute MavorCo's confidential and proprietary information. Motion at 4, 6. Blendtec does not dispute that, as Blendjet's successor, MavorCo may claim a proprietary interest in such documents. As such, although Blendtec does not believe that MavorCo has met its heavy burden of showing the harm that would result if the court unseals the records, some of which are 7+ years old and predate MavorCo's acquisition of Blendjet by many years, Blendtec does not oppose MavorCo's Motion to Maintain Under Seal on the ground that the documents contain MavorCo's confidential and proprietary information.

DATED this 25th day of July, 2025.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Mark A. Miller (#9563)
Tamara L. Kapaloski (#13471)
*Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of July, 2025, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send electronic notification to counsel of record.

<em>/s/ Tamara L. Kapaloski</em>