Brett Foster (#6089)
Mark A. Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP, LLC**, a Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, a Delaware limited liability company,<br><br>Defendants. | **BLENDTEC'S MOTION TO MAINTAIN UNDER SEAL DOCUMENTS FILED BY MAVORCO AS ECF NO. 98**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br>Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

Pursuant to Local Rule 5-3(b)(2) and the Standard Protective Order governing this case, Plaintiff Blendtec Inc. ("Plaintiff" or "Blendtec") hereby moves this Court to maintain under seal documents filed by Defendant MavorCo as ECF No. 98. Specifically, Blendtec requests that Exhibits 1, 6-7, 12, 15-17, and 20-22 to MavorCo's Supplemental Brief in Opposition to Plaintiff's

1

Motion for a Preliminary Injunction and portions of MavorCo's Supplemental Brief that either quote and/or describe these exhibits.

## I. LEGAL STANDARD

The "presumption of access" to judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." *Dovbysh v. Mutual of Enumclaw Ins. Co.*, No. 2:21-cv-690-HCN-DBP, 2022 WL 17128816, at *2 (D. Utah Nov. 22, 2022). A party may overcome the presumption of public access where, for example, the records contain "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). *See also Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801, n.8 (10th Cir. 2017) ("[e]ven a cursory review of the documents in question confirms that they do contain sensitive, proprietary information") (sealing documents). "Confidential financial information is often sealed where its disclosure could cause competitive harm." *AH Aero Serv., LLC v. Heber City*, 2020 WL 5135819, at *5 (D. Utah Oct. 19, 2020).

## II. ARGUMENT

Blendtec respectfully requests that the following documents remain under seal:

1. <u>Exhibit 1 (ECF No. 98-1, BLENDTEC125015)</u>: Blendtec designated this document as AEO under the Standard Protective Order governing the 2021 Action. This exhibit contains confidential information related to competitive brands in the marketplace and Blendtec's confidential enforcement policies. Blendtec does not publicly disclose this information. If this exhibit were to be publicly disclosed, competitors would have access to this sensitive information which would lead to competitive harm to Blendtec.

2. <u>Exhibit 6 (ECF 98-6, BLENDTEC278882-907)</u>: Blendtec designated this document as AEO under the Standard Protective Order governing the 2021 Action. This exhibit contains confidential information related to Blendtec's customer service and other quality control processes. Blendtec does not publicly disclose this information. If this exhibit were to be publicly disclosed, competitors would have access to this sensitive information which would lead to competitive harm to Blendtec.

3. <u>Exhibit 7 (ECF 98-7, BLENDTEC181483-525)</u>: Blendtec designated this document as AEO under the Standard Protective Order governing the 2021 Action. This exhibit contains a confidential information presentation that Blendtec made to a retail partner in April of 2011. Among other confidential and sensitive information, this exhibit contains Blendtec's marketing, sales, and financial information, as well as a competitive analyses. Blendtec does not publicly disclose this information. If this exhibit were to be publicly disclosed, competitors would have access to this sensitive information which would lead to competitive harm to Blendtec. *See, e.g., Wolverine Fuels Sales, LLC v. Phx. Coal Sales, Inc.*, 2025 U.S. Dist. LEXIS 36270, at *3 ("sensitive financial and business information may harm the parties' competitive standing if disclosed").

4. <u>Exhibit 12 (ECF 98-11, BLENDTEC042785-87)</u>: Blendtec designated this document as AEO under the Standard Protective Order governing the 2021 Action. This exhibit contains confidential information related to Blendtec's business strategies, marketing strategies, and competitive information. Blendtec does not

publicly disclose this information. If this exhibit were to be publicly disclosed, competitors would have access to this sensitive information which would lead to competitive harm to Blendtec. *See, e.g., Braun*, 719 F. App'x at 801, n.8 (granting motion to seal "documents whose disclosure would harm" a party's "competitive interests").

5. <u>Exhibit 15 (ECF 98-12, BYU00030-48)</u>: BYU designated this document as AEO under the Standard Protective Order governing the 2021 Action. This exhibit contains confidential information related to a survey conducted by BYU students on behalf of Blendtec. This exhibit contains confidential information related to Blendtec's branding and marketing strategies and competitive information. Blendtec does not publicly disclose this information. If this exhibit were to be publicly disclosed, competitors would have access to this sensitive information which would lead to competitive harm to Blendtec. *See, e.g., SCO Grp., Inc. v. Int'l Bus. Machs. Corp.*, 879 F.3d 1062, 1086 n.25 (10th Cir. 2018) (courts have discretion to keep under seal "sensitive confidential . . . strategic business and marketing" information).

6. <u>Exhibit 16 (ECF 98-13, BLENDTEC005614-15)</u>: Blendtec designated this document as AEO under the Standard Protective Order governing the 2021 Action. This exhibit contains confidential information related to Blendtec's branding and marketing strategies and competitive information. Blendtec does not publicly disclose this information. If this exhibit were to be publicly disclosed, competitors

would have access to this sensitive information which would lead to competitive harm to Blendtec.

7. <u>Exhibit 17 (ECF 98-14, BLENDTEC030263-68)</u>: Blendtec designated this document as AEO under the Standard Protective Order governing the 2021 Action. This exhibit contains confidential information related to Blendtec's customer service team and processes. Blendtec does not publicly disclose this information. If this exhibit were to be publicly disclosed, competitors would have access to this sensitive information which would lead to competitive harm to Blendtec.

8. <u>Exhibit 20 (ECF 98-15, BLENDTEC022374-75)</u>: Blendtec designated this document as AEO under the Standard Protective Order governing the 2021 Action. This exhibit contains confidential information related to Blendtec's marketing and competitive strategies. Blendtec does not publicly disclose this information. If this exhibit were to be publicly disclosed, competitors would have access to this sensitive information which would lead to competitive harm to Blendtec.

9. <u>Exhibit 21 (ECF 98-16, BLENDTEC302896-98)</u>: Blendtec designated this document as AEO under the Standard Protective Order governing the 2021 Action. This exhibit contains confidential information related to Blendtec's marketing and competitive strategies. Blendtec does not publicly disclose this information. If this exhibit were to be publicly disclosed, competitors would have access to this sensitive information which would lead to competitive harm to Blendtec.

10. <u>Exhibit 22 (ECF 98-17, BLENDTEC152306-33)</u>: Blendtec designated this document as AEO under the Standard Protective Order governing the 2021 Action.

This exhibit contains confidential information related to Blendtec's marketing strategies and product warranties, among other things. Blendtec does not publicly disclose this information. If this exhibit were to be publicly disclosed, competitors would have access to this sensitive information which would lead to competitive harm to Blendtec.

11. <u>MavorCo's unredacted version of its Supplemental Brief (ECF 98)</u>: This should remain under seal because it quotes from and/or describes the foregoing exhibits.

### III. CONCLUSION

For these reasons, Blendtec respectfully requests that the sealed exhibits identified above and the sealed version of MavorCo's Supplemental Brief be maintained under seal.

DATED this 28th day of July, 2025.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Mark A. Miller (#9563)
Tamara L. Kapaloski (#13471)
*Attorneys for Plaintiff Blendtec Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of July, 2025, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send electronic notification to counsel of record.

/s/ Tamara L. Kapaloski