George Hofmann (10005)
Kathryn Tunacik (13363)
**Cohne Kinghorn, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
ghofmann@ck.law
ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
Claire Hagan Eller (*Pro Hac Vice*)
**McGuireWoods LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com
Email: celler@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**McGuireWoods LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**McGuireWoods LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP, LLC; and MavorCo Operations, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC., a Utah Corporation** *Plaintiff*, v. **BLENDJET INC., a Delaware corporation, MAVORCO HOLDINGS, LLC, a Delaware limited liability company, MAVORCO IP, LLC, a Delaware limited liability company, and MAVORCO OPERATIONS, LLC, Delaware limited liability company,** *Defendants.* | **MAVORCO'S MOTION FOR LEAVE TO MAINTAIN UNDER SEAL THE UNREDACTED VERSION OF BLENDTEC'S FRCP 26(b)(5)(B) MOTION AND EXHIBIT 5 THERETO** Civil No. 2:25-cv-00096-RJS-DBP Judge Robert J. Shelby Magistrate Judge Dustin B. Pead |

Pursuant to DUCivR 5-3, Defendants MavorCo Holdings, LLC, MavorCo IP, LLC, and MavorCo Operations, LLC (collectively "Defendants" or "MavorCo"), by and through counsel, hereby respectfully move this Court for leave to maintain under seal the unredacted version of Blendtec's FRCP 26(b)(5)(B) Motion, along with Exhibit 5 thereto. D.I. 93.

## Background

On July 21, 2025, Blendtec filed under seal a FRCP 26(b)(5)(B) Motion (D.I. 93) disputing the privilege of certain sealed exhibits that were filed and discussed in Blendtec's Supplemental Brief in Support of Its Preliminary Injunction Motion ("Supplemental Brief") (D.I. 72). In support of this FRCP 26(b)(5)(B) Motion, Blendtec also filed Exhibit 5 under seal. D.I. 93-1.

In its FRCP 26(b)(5)(B) Motion, Blendtec argues that Exhibits 4, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, and 81, to its Supplemental Brief are not privileged. *See* D.I. 93. While these Exhibits are not attached to Blendtec's instant FRCP 26(b)(5)(B) Motion, the Motion discusses these Exhibits in substance, arguing over their privileged status. MavorCo redacted from its publicly filed version of the FRCP 26(b)(5)(B) Motion the portions that describe substantively the contents of Exhibits 4, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, and 81 to Blendtec's Supplemental Brief, and by way of this instant Motion, MavorCo seeks to have those redacted portions be maintained under seal. Of note, these Exhibits 4, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, and 81, to Blendtec's Supplemental Brief, in turn, are themselves the subject of a separate motion to be maintained under seal, which MavorCo filed on July 18, 2025. D.I. 89-90. That motion to maintain under seal remains pending, although on July 25, 2025, Blendtec filed its response stating that it does not oppose MavorCo's request to maintain these documents permanently under seal. D.I. 99.

**Argument**

The unredacted version of Blendtec's FRCP 26(b)(5)(B) Motion and Exhibit 5 thereto should be maintained permanently under seal because (A) information contained therein is subject to a claim of attorney-client and/or work product privilege within the scope of Federal Rule of Civil Procedure 26(b)(5)(B) and the Standard Protective Order, and (B) these documents contain highly sensitive, confidential business information.

### A. Blendtec's FRCP 26(b)(5)(B) Motion and Certain Portions of Exhibit 5 Are Subject to a Claim of Privilege, and Should Be Maintained Under Seal.

First, these materials should be maintained under seal because they contain privileged information. Under Federal Rule of Civil Procedure 26(b)(5)(B), a party must submit information that is subject to a claim of privilege "under seal for a determination of the claim." Fed. R. Civ. P. 26(b)(5)(B). Similarly, the Standard Protective Order that applies in all civil cases in the U.S. District Court for the District of Utah (the "Standard Protective Order")[1] provides that the receiving party of information that is the subject of a privilege dispute, "may move the court, under seal," for resolution of the dispute. Standard Protective Order at 6; *see also* DUCivR 5-3(b)(2) (identifying that privilege is a basis for filing a motion for leave to file under seal).

The unredacted version of Blendtec's FRCP 26(b)(5)(B) Motion substantively discusses several exhibits that are subject to a claim of attorney-client privilege and/or attorney work product. *See* D.I. 90, Ex. 1 & Ex. A. In this motion, Blendtec disputes that any privilege exists over these documents, and in the process describes the content of these documents including the

---

[1] In this motion, MavorCo cites to the Standard Protective Order that applies to cases filed on or after December 1, 2023, which can be found at the following link: https://www.utd.uscourts.gov/sites/utd/files/Standard%20Protective%20Order%20.pdf.

3

information that is subject to claims of attorney-client privilege and/or work-product protection. *See* D.I. 93. To protect this privileged information during the course of the parties' motion practice, and in accordance with DUCivR 5-3(b)(2)(C)(i), MavorCo respectfully requests an Order granting leave to maintain under seal the unredacted version of Blendtec's FRCP 26(b)(5)(B) Motion. *See* Fed. R. Civ. P. 26(b)(5)(B) (stating that information presented to the court for resolution of a privilege dispute must be presented "to the court under seal").

Exhibit 5 to Blendtec's FRCP 26(b)(5)(B) Motion similarly contains privileged information, warranting that this document be maintained under seal. This document consists of BlendJet's Responses and Objections to Blendtec's Second Set of Discovery, which were served in the 2021 Action. D.I. 93–1. BlendJet's Response to Interrogatory No. 13[2] substantively discusses one of the clawed-back documents that is currently the subject of the parties' dispute regarding the claim of privilege. *See id.* at 4 (discussing Exhibit No. 71 to Blendtec's Supplemental Brief). Therefore, for the same reasons stated directly above, the portion of Exhibit 5 to Blendtec's FRCP 26(b)(5)(B) Motion which contains BlendJet's Response to Blendtec's Interrogatory No. 13, should be maintained under seal to avoid publicly revealing privileged information.

**B. Blendtec's FRCP 26(b)(5)(B) Motion and Exhibit 5 Thereto Should Be Maintained Entirely Under Seal Because They Contain Sensitive Competitive Information and the Public Has Minimal Interest in Its Disclosure at This Stage.**

Second, and independently, the unredacted version of Blendtec's FRCP 26(b)(5)(B) Motion and Exhibit 5 thereto should be maintained permanently under seal because they contain and discuss sensitive and competitive business information.

---

[2] Blendtec relies on "Blendtec's Interrogatory No. 15" in its FRCP 26(b)(5)(B) Motion. *See* D.I. 93 at 6. However, MavorCo believes this reference was made in error and that Blendtec meant to reference its Interrogatory No. 13.

The common-law right of access to judicial records is not absolute. The "'presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access.'" *Dovbysh v. Mutual of Enumclaw Insurance Co.*, No. 2:21-cv-690-HCN-DBP, 2022 WL 17128816, at *2 (D. Utah Nov. 22, 2022). A party may overcome the presumption of public access where, for example, the records contain "business information that might harm a litigant's competitive standing," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) ("Even a cursory review of the documents in question confirms that they do contain sensitive, proprietary information concerning Medtronic's business practices and potentially sensitive technical and financial data…. For most of the documents in question, we see no reason why they should not be sealed."). "Confidential financial information is often sealed where its disclosure could cause competitive harm." *AH Aero Service, LLC v. Heber City*, 2020 WL 5135819 at *5 (D. Utah Oct. 19, 2020).

Because MavorCo now owns some of BlendJet's former assets—including intellectual property that is the subject of the redacted portions of Blendtec's FRCP 26(b)(5)(B) Motion and Exhibit 5—MavorCo has grounds to move this Court to maintain these materials under seal. Moreover, good cause exists to maintain the redacted portions of Blendtec's FRCP 26(b)(5)(B) Motion and Exhibit 5 under seal for several reasons.

First, the redacted portions of Blendtec's FRCP 26(b)(5)(B) Motion quote, and describe in detail, the same disputed exhibits listed above. *See supra* at 2.[3] These documents contain highly sensitive and confidential information about marketing strategies, future business ventures, and

---

[3] For ease of reference, these are Exhibits 4, 55, 56, 57, 58, 60, 61, 62, 64, 70, 71, and 81 to Blendtec's Supplemental Brief. D.I. 72.

5

intellectual property enforcement and protection strategy. To support its position in the FRCP 26(b)(5)(B) Motion, Blendtec provides descriptions of the content of these documents. These descriptions of sensitive, proprietary, and competitive information should be maintained under seal because MavorCo would suffer competitive harm if this information is made public. *See Ad Astra Recovery Servs. v. Heath*, No. 18-1145-JWB, 2020 U.S. Dist. LEXIS 186696, at *6 (D. Kan. Oct. 7, 2020) (Ordering that "redacted memoranda, which quote portions of these sealed exhibits, are to remain redacted and filed publicly."); *see also* D.I. 90 (further explaining why the exhibits that are the subject of the redacted portions of Blendtec's FRCP 26(b)(5)(B) Motion should be maintained under seal).

Further, Blendtec stated in its Response to MavorCo's motion to maintain under seal the unredacted portions of Blendtec's Supplemental Brief, and certain exhibits attached thereto, that "Blendtec does not oppose MavorCo's request to maintain the seventeen exhibits at issue under seal" "for the independent reason that each document contains MavorCo's confidential and proprietary information." D.I. 99 at 2. These exhibits, which Blendtec agrees can be permanently sealed, are the same exhibits that portions of Blendtec's FRCP 26(b)(5)(B) Motion quote and describe in detail. *Compare* D.I. 90, *with* D.I. 93.

The public interest in accessing the unredacted version of Blendtec's FRCP 26(b)(5)(B) Motion is relatively small. Only limited portions of Blendtec's FRCP 26(b)(5)(B) Motion are redacted, meaning that the public will have access to the majority of Blendtec's FRCP 26(b)(5)(B) Motion and will not be deprived of access to this judicial record. *See Dovbysh*, 2022 WL 17128816, at *2. The relief sought is narrowly tailored under the circumstances because MavorCo is requesting to seal only those portions of the Blendtec's FRCP 26(b)(5)(B) Motion necessary to protect its substantial commercial interests. *See* DUCivR 5-3(a)(2) (requiring counsel to

implement redactions in order to avoid the over designation of judicial records).

Second, Exhibit 5 to Blendtec's FRCP 26(b)(5)(B) Motion is BlendJet's Responses and Objections to Blendtec's Second Set of Discovery, which were served in the 2021 Action and designated as containing Confidential – Attorneys' Eyes Only information by BlendJet. Like the redacted portions of Blendtec's FRCP 26(b)(5)(B) Motion, Exhibit 5 reveals highly sensitive confidential business information about MavorCo's assets such as marketing strategies, future business ventures, financial information, and intellectual property enforcement and protection strategy—the vast majority of which has nothing to do with the issues raised in Blendtec's FRCP 26(b)(5)(B) Motion. Notably, the same document submitted as Exhibit 5 to Blendtec's FRCP 26(b)(5)(B) Motion was filed under seal in the 2021 Action. *See* 2021 Action D.I. 70 (filing sealed document); 2021 Action D.I. 86 (granting motion for leave to file under seal). If the highly sensitive, proprietary, and competitive information contained in Exhibit 5 is not maintained under seal, the public disclosure of such information would competitively harm MavorCo.

Finally, the balance of interests at hand weighs in favor of maintaining the unredacted version of Blendtec's FRCP 26(b)(5)(B) Motion and Exhibit 5 thereto under seal. *See, e.g.*, *Eagle View Techs., Inc. v. Nearmap US, Inc.*, No. 2:21-CV-00283, 2024 WL 4135344, at *2 (D. Utah Sept. 10, 2024) ("The public's interest in access to the more detailed information contained in the opposition is minimal at this stage, and it is outweighed by Nearmap's competitive business interests. Therefore, the unredacted version of the opposition shall remain sealed until otherwise ordered.").

\*   \*   \*

For the foregoing reasons, MavorCo respectfully requests that the Court enter an Order restricting public access to and/or sealing the unredacted version of Blendtec's FRCP 26(b)(5)(B) Motion, along with Exhibit 5 thereto.

Respectfully submitted, this 28th day of July, 2025.

        */s/ Lucy Jewett Wheatley*
        George B. Hofmann, IV (10005)
        Kathryn Tunacik (13363)
        **COHNE KINGHORN, P.C.**
        111 E Broadway 11th Fl
        Salt Lake City, UT 84111
        Tel: (801) 363-4300
        Fax: (801) 363-4378
        Ghofmann@cohnekinghorn.Com
        Ktunacik@ck.Law

        Lucy Jewett Wheatley (*Pro Hac Vice*)
        Claire Hagan Eller (*Pro Hac Vice*)
        **MCGUIREWOODS LLP**
        800 East Canal Street
        Richmond, VA 23219
        Tel: (804) 775-4320
        Fax: (804) 698-2130
        Email: lwheatley@mcguirewoods.com
        Email: celler@mcguirewoods.com

        Kyle S. Smith (*Pro Hac Vice*)
        **MCGUIREWOODS LLP**
        501 Fayetteville St., Ste. 500
        Raleigh, NC 27601
        Tel: 919-835-5966
        Fax: 919-755-6607
        Email: ksmith@mcguirewoods.com

        Jessica S. Maupin (*Pro Hac Vice*)
        **MCGUIREWOODS LLP**
        2601 Olive Street, Suite 2100
        Dallas, TX 75201
        Tel: (214) 932.6400
        Fax: (214) 932.6499
        Email: jmaupin@mcguirewoods.com

        ***Attorneys for Defendants***
        ***MavorCo Holdings, LLC; MavorCo IP, LLC; and***
        ***MavorCo Operations, LLC***

## CERTIFICATE OF SERVICE

      I hereby certify that on July 28, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for all parties to this action registered with the CM/ECF system.

Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*__Attorneys for Plaintiff Blendtec Inc.__*

                                              */s/ Lucy Jewett Wheatley*
                                              Lucy Jewett Wheatley