Brett Foster (#6089)
Mark A. Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>        Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation,<br>**MAVORCO HOLDINGS, LLC**, a Delaware limited liability company,<br>**MAVORCO IP, LLC**, a Delaware limited liability company, and<br>**MAVORCO OPERATIONS, LLC**, a Delaware limited liability company,<br><br>        Defendants. | **BLENDTEC'S OPPOSITION TO MAVORCO'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO BLENDTEC'S RULE 26(b)(5)(B) MOTION**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br>Judge Robert J. Shelby<br>Magistrate Judge Dustin B. Pead |

Blendtec hereby submits its opposition to MavorCo's Motion for Extension of Time to File Memorandum Opposing Plaintiff's FRCP 26(b)(5)(B) Motion (the "Motion to Extend"). For the reasons set forth herein, Blendtec opposes MavorCo's motion to extend the deadline by two weeks, and respectfully requests that, to the extent the Court is inclined to extend the briefing schedule, that it order a shortened schedule such that the issue can be resolved by the Court before the hearing

1

on the Motion for Preliminary Injunction set for August 21, 2025. If the Court is inclined to grant an extension, Blendtec proposes the following deadlines: **Defendant's response to the Rule 26(b)(5)(B) Motion is due on August 8, 2025, and Blendtec's reply is due on August 14, 2025**. As grounds for this request, Blendtec states as follows:

1. At issue in Blendtec's Rule 26(b)(5)(B) Motion (filed under seal as ECF 93) are twelve documents that are highly relevant to the preliminary injunction motion that is scheduled to be heard on August 21, 2025. Blendjet produced the twelve documents at issue _years ago_ in the 2021 Action, and Blendtec filed them under seal _over six weeks ago_ with its Supplemental Brief in Support of its Preliminary Injunction Motion.[1]

2. On July 9, 2025, MavorCo prodded Ryan Pamplin, the former CEO of Blendjet, to "assert privilege over these documents or otherwise claw[] these back." ECF 91-1. MavorCo copied Blendtec on this communication. *See id*.

3. On July 14, 2025, Mr. Pamplin responded stating that the documents "_may be_ protected by the attorney-client privilege, common interest privilege, and/or the work product doctrine" and that Mr. Pamplin would "like the parties to withdraw these . . . while I take steps to confer with my attorneys about _whether they are subject to any privilege_." *See* ECF No. 91-2 (emphasis added).

4. Blendtec responded to Mr. Pamplin that same day, requesting that he state his

---

[1] The twelve documents for which MavorCo claims Blendjet has asserted privilege were filed under seal on June 23, 2025 as ECF 72-4 (Exhibit 4), ECF 72-55 (Exhibit 55), ECF 72-56 (Exhibit 56), ECF 72-57 (Exhibit 57), ECF 72-58 (Exhibit 58), ECF 72-60 (Exhibit 60), ECF 72-61 (Exhibit 61), ECF 72-62 (Exhibit 62), ECF 72-64 (Exhibit 64), ECF 72-67 (Exhibit 70), ECF 72-68 (Exhibit 71), and ECF 72-77 (Exhibit 81).

2

authority to assert the privilege on behalf of Blendjet, identify Blendjet's lawyers, and advise as to when Blendjet's lawyers would enter an appearance. *Id.*[2] Mr. Pamplin never responded further.

5.      MavorCo subsequently moved to maintain the documents under seal on the ground that they are privileged. *See* ECF 76-1, ECF 83, ECF 87, and ECF 88.

6.      As MavorCo has taken the position that the documents are privileged and have been clawed back, Blendtec filed a Rule 26(b)(5)(B) motion on July 21, 2025 (ECF No. 93), requesting that the Court determine the privilege issue.

7.      As set forth in detail in Blendtec's Rule 26(b)(5)(B) Motion, none of the documents appear to be privileged on their face.[3] Most of the documents involve no lawyers at all and none of them seek or provide the legal advice of a lawyer. *See* ECF 93 at 7-10. Further, it is beyond question that Blendjet waived any claim to privilege for three of the documents at issue years ago. *Id.* at 6. In any event, contrary to what MavorCo argues in its Motion to Extend, Blendjet has not asserted any privilege for the documents or triggered a claw-back.[4] *Id.* at 2-4. MavorCo is orchestrating a manufactured claim of privilege now because the documents are devastating to its arguments in opposition to Blendtec's preliminary injunction motion.

8.      Defendants failed to confer with Blendtec about the Motion to Extend or attempt to

---

[2] Blendjet has defaulted in this action. *See* ECF 50.

[3] While Blendtec presents in its Rule 26(b)(5)(B) motion procedural challenges to any assertion of privilege – *i.e.*, (1) a non-functioning corporation cannot assert the privilege, (2) Mr. Pamplin, who concedes that he is not a current Blendjet executive, cannot assert the privilege on behalf of Blendjet, and (3) MavorCo can only assert the privilege if it is a successor in interest, which it contests – contrary to Blendjet's argument, Blendtec presented its arguments as to why each of the subject documents are not privileged.

[4] Nonetheless, out of an abundance of caution, Blendtec promptly sequestered the documents at issue.

3

reach a stipulated briefing schedule before filing the motion. Blendtec likely would have agreed to an extension as long as the Court would have the chance to rule on the motion before the hearing on the Motion for Preliminary Injunction. Instead, at 8:30 p.m. on the deadline to file a response to Blendtec's Rule 26(b)(5)(B) Motion, Mavorco filed its Motion to Extend without any prior notice. *See* **Exhibit 1** (ECF Notice of filing of Motion to Extend on August 4, 2025, at 8:30 p.m. MDT).

9. Pursuant to the briefing schedule MavorCo requests, Blendtec's Rule 26(b)(5)(B) Motion will not even be fully briefed before the August 21 preliminary injunction hearing and there is no chance that the motion will be decided by the Court before the hearing. The documents at issue contain evidence and admissions by Blendjet that are highly relevant to the preliminary injunction motion. MavorCo's attempt to block crucial evidence from the preliminary injunction hearing is improper, highly prejudicial to Blendtec, and has no basis in law or fact.

10. For these reasons, Blendtec respectfully opposes the Motion to Extend. To the extent that the Court is inclined to grant MavorCo's Motion to Extend, Blendtec requests a shortened briefing schedule pursuant to which the Rule 26(b)(5)(B) Motion may be decided prior to the August 21 hearing. The Court should require Defendants to respond to the Rule 26(b)(5)(B) Motion by **August 8, 2025**, and Blendtec to file its Reply by **August 14, 2025**.

Respectfully submitted this 5th day of August, 2025.

DORSEY & WHITNEY LLP

/s/ *Tamara L. Kapaloski*
Brett Foster (#6089)
Mark A. Miller (#9563)
Tamara L. Kapaloski (#13471)
*Attorneys for Plaintiff Blendtec Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2025, I electronically filed the foregoing with the Clerk of Court using the Court's CM/ECF system, which will send electronic notification to counsel of record.

/s/ Tamara L. Kapaloski