George Hofmann (10005)
Kathryn Tunacik (13363)
**Cohne Kinghorn, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
ghofmann@ck.law
ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
Claire Hagan Eller (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com
Email: celler@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants
MavorCo Holdings, LLC; MavorCo IP,
LLC; and MavorCo Operations, LLC*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **BLENDTEC INC.**, a Utah Corporation<br><br>    *Plaintiff*,<br><br>v.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP, LLC**, a Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, Delaware limited liability company,<br><br>    *Defendants*. | **MAVORCO'S OPPOSITION TO PLAINTIFF'S FRCP 26(b)(5)(B) MOTION**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Defendants MavorCo Holding, LLC, MavorCo IP, LLC, and MavorCo Operations, LLC (collectively "MavorCo") hereby submit this Opposition to Plaintiff Blendtec Inc.'s ("Plaintiff" or "Blendtec") FRCP 26(b)(5)(B) Motion (Dkt. 93) (the "Motion"). For the reasons stated below, Blendtec's Motion should be denied.

## I.    INTRODUCTION

Blendtec's Motion asks this Court to find that no attorney-client privilege exists in connection with the operation of a business that has sold blenders under the BLENDJET Marks[1] for more than a decade. Blendtec asserts that neither Defendant BlendJet, Inc. ("BlendJet"), Ryan Pamplin, as BlendJet's founder and CEO, nor MavorCo, the purchaser of BlendJet's assets including its intellectual property and the current seller of remaining BlendJet-branded inventory, can assert the attorney-client privilege over confidential, attorney-client communications concerning the business related to those assets. In essence, Blendtec seems to believe that they, the legal adversary to BlendJet and MavorCo, are somehow the only party with the ability to waive the attorney-client privilege. But that is not the law.

As the party that originally produced Exhibits 56, 57, 58, 60, 61, 62, and 64[2] (the "Exhibits") in the 2021 Action, BlendJet is now asserting they are privileged, a claim that MavorCo supports as each of these exhibits reflect the provision of legal advice from BlendJet's counsel on a variety of matters, primarily relating to the enforcement of BlendJet's patents and trademarks against third party infringers. For its part, while MavorCo did not produce the

---

[1] The trademark BLENDJET (U.S. Reg. No. 5,750,510) and the swirl design trademark (U.S. Reg. No. 5,950,040) are collectively referred to as the "BLENDJET Marks."
[2] The sealed versions of these exhibits can be found at D.I. 72-4, 72-56 through 72-58, 72-60 through 72-63, 72-67, 72-68, 72-77.

1

documents in the 2021 Action (and has not produced any documents in this action), MavorCo's argument that it is not BlendJet's successor in liability does not foreclose MavorCo's ability to argue that the Exhibits are privileged, should the need arise. When presented with arguments similar to Blendtec's, courts around the country have rejected them, and this Court should do so here for the same reasons.

Therefore, MavorCo respectfully requests that this Court deny Blendtec's Motoin.

## II.     ARGUMENT

**A.     MavorCo Does Not Oppose BlendJet's Request to Clawback the Exhibits Produced in the 2021 Action.**

As Blendtec acknowledges, the Exhibits were produced by BlendJet in the 2021 Action. Mot. at 1. MavorCo was not a party to the 2021 Action, which was dismissed with prejudice on June 30, 2025. *Id.* MavorCo does not oppose BlendJet's request to claw back the documents and assert that they are privileged. Indeed, based on MavorCo's own review, the Exhibits do appear to contain confidential legal advice, or were created for the purpose of obtaining legal advice. Thus, they are privileged, for all the reasons set forth by BlendJet in its own opposition brief.

Furthermore, as part of its acquisition of BlendJet's assets in foreclosure, MavorCo acquired all of BlendJet's intellectual property, including its patents and trademarks. *See* D.I. 43 at 2-3; Mot. at 1 ("MavorCo, a newly formed entity, acquired Blendjet's assets, including its website, social media accounts, trademarks, patents and inventory.") The Exhibits appear to concern confidential, privileged communications about the trademarks and patents that MavorCo now owns. Thus, MavorCo has a vested interest in preventing their disclosure.

**B.     MavorCo Is Not Bound by the Actions of BlendJet.**

As set forth in its Motion to Dismiss, MavorCo is not BlendJet's successor-in-interest.  D.I.

2

43. Thus, MavorCo is not bound by any actions BlendJet took in the 2021 Action with respect to the Exhibits (or otherwise), nor is MavorCo liable or responsible for any such actions. Fact discovery has not yet begun in the present action, and MavorCo has yet to produce any documents of its own. While the Exhibits were not produced by MavorCo, MavorCo does not waive the right to assert privilege on its own behalf over the Exhibits once fact discovery commences in this action.

C.  **Blentec Presents a False Dichotomy Between Privilege and Successor Liability.**

In its Motion, Blendtec argues that unless MavorCo concedes it is liable BlendJet's alleged past infringement, MavorCo has no ability to ever claim privilege on its own behalf over the Exhibits. Mot. at 5. This is not the law.

In the case of *Soverain Software*, the plaintiff (Soverain) claimed privilege over documents created by its predecessor company. *Soverain Software LLC v. Gap, Inc.*, 340 F. Supp. 2d 760, 762-63 (E.D. Tex. 2004). In opposing this claim, the defendant raised the same argument Blendtec makes here, asking the court to find that, absent acquiring the liabilities of the predecessor company, Soverain "could not be a successor for privilege purposes." *Id.* at 764.

The court rejected this argument, finding that "[t]he desire of the purchaser of . . . assets to not acquire . . . liabilities should not lead, by that fact, to the waiver of all privileges attendant to the assets." *Id.*; *see also United States v. Adams*, 2018 U.S. Dist. LEXIS 41165, at *13-14 ("[O]ther than [Seller's] liabilities, and a bank account which was primarily used to make payments to [Seller's attorney] and the [founder's] family, there was nothing left to [Seller] after the sale to [Purchaser]."); *UTStarcom, Inc. v. Starent Networks, Corp.*, No. CIV.A. 07-CV-2582, 2009 WL 4908579, at *4-5 (N.D. Ill. Feb. 20, 2009) (finding purchaser could assert privilege even though it

3

"did not assume all of the liabilities associated with CommWorks, and did not assume CommWorks' debts" through the asset purchase agreement).

As stated in MavorCo's Motion to Dismiss Blendtec's Claims for Successor Liability (D.I. 43), MavorCo acquired substantially all of BlendJet's assets under a foreclosure agreement, but it did not assume BlendJet's liabilities. D.I. 43 at 2–3; *see also* D.I. 61. Blendtec argues that neither Pamplin, BlendJet, nor MavorCo can assert a claim of privilege over documents associated with BlendJet's decades-long business of selling BlendJet-branded blenders. Mot at 2–4. If the Court accepts Blendtec's premise, no party would be able to assert privilege over any BlendJet documents. Faced with the same argument—except in the context of assets that were acquired through a bankruptcy sale instead of a foreclosure sale, as was the case here—that "any privilege that may have attended those assets is waived," and in other words, no one can assert it, the *Soverain* court refused to adopt such a principle and held that: "It would seem that such a rule could severely curtail the options of bankruptcy courts[,] . . . particularly in a situation involving intellectual property where attorney-client communications are especially vital." *Soverain*, 340 F. Supp. 2d at 764. This Court should do the same here.

*   *   *

For the foregoing reasons, MavorCo respectfully requests that Plaintiff's Motion be denied.

Respectfully submitted, this 8th day of August 2025.

/s/ Lucy Jewett Wheatley
George B. Hofmann, IV (10005)
Kathryn Tunacik (13363)
**COHNE KINGHORN, P.C.**
111 E Broadway 11th Fl
Salt Lake City, UT 84111
Tel: (801) 363-4300
Fax: (801) 363-4378
Ghofmann@cohnekinghorn.Com
Ktunacik@ck.Law

Lucy Jewett Wheatley (*Pro Hac Vice*)
Claire Hagan Eller (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
800 East Canal Street
Richmond, VA 23219
Tel: (804) 775-4320
Fax: (804) 698-2130
Email: lwheatley@mcguirewoods.com
Email: celler@mcguirewoods.com

Kyle S. Smith (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
501 Fayetteville St., Ste. 500
Raleigh, NC 27601
Tel: 919-835-5966
Fax: 919-755-6607
Email: ksmith@mcguirewoods.com

Jessica S. Maupin (*Pro Hac Vice*)
**MCGUIREWOODS LLP**
2601 Olive Street, Suite 2100
Dallas, TX 75201
Tel: (214) 932.6400
Fax: (214) 932.6499
Email: jmaupin@mcguirewoods.com

*Attorneys for Defendants*
*MavorCo Holdings, LLC; MavorCo IP, LLC; and*
*MavorCo Operations, LLC*

## CERTIFICATE OF SERVICE

      I hereby certify that on August 8, 2025, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record for all parties to this action registered with the CM/ECF system.

Brett Foster (#6089)
Mark Miller (#9563)
Tamara Kapaloski (#13471)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
foster.brett@dorsey.com
miller.mark@dorsey.com
kapaloski.tammy@dorsey.com

*Attorneys for Plaintiff Blendtec Inc.*

                                                  */s/ Lucy Jewett Wheatley*
                                                  Lucy Jewett Wheatley