THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| BLENDTEC INC., a Utah Corporation,<br><br>                Plaintiff,<br><br>v.<br><br>BLENDJET INC., a Delaware corporation,<br>MAVORCO HOLDINGS, LLC, a Delaware limited liability company,<br>MAVORCO IP, LLC, a Delaware limited<br>liability company, and MAVORCO OPERATIONS, LLC, Delaware limited<br>liability company,<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:25-cv-00096-RJS-DBP<br><br>Chief District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Before the court are Motions to Seal filed by the parties.[1] Among these motions is one concerning an attempted claw-back of documents based on claims of privilege[2] That matter is addressed in a separate order. In this order the court addresses the other motions to seal.

After years of litigation, Plaintiff agreed to dismiss a 2021 Action that was before this court so it could pursue claims against BlendJet and MavorCo who acquired the BlendJet Marks from BlendJet.[3] In the 2021 Action, the court granted an unopposed motion regarding discovery permitting all discovery from the 2021 Action be made available for the current case.[4] Some of

---

[1] ECF No. 84, 87, 88, 100, and 101. The court refers to Defendants collectively as MavorCo and Plaintiff as Blendtec.

[2] Blendtec's FRCP 26(b)(5)(B) Motion. ECF No. 91.

[3] *Blendtec v. BlendJet* Case No. 2:21-cv-668 TC

[4] Order Granting Unopposed Motion Regarding Discovery Case No. 2:21-cv-688 TC ECF No. 215.

the current disputes regarding the sealing of information concerns discovery from the 2021

Action. The court first notes the general principles regarding sealing documents and addresses

the respective motions in turn below.

###   I.        General Principles

The Local Rules provide the framework for filing documents and cases under seal. The

overriding premise as set forth in the Local Rules is that court "records are presumptively open

to the public."[5] This includes pleadings, motions, memoranda, exhibits, and other documents. As

such, the sealing of such items is "highly discouraged."[6] To prevent the "overdesignation of

sealed Documents in the court record", the Local Rules provide guidance for counsel to follow.[7]

This includes refraining from filing motions or memoranda under seal simply because an

attached exhibit contains protectable information, redacting personal identifiers, and redacting

confidential portions of a Document when they are not directly pertinent to the issues before the

court.[8]

---

[5] DUCivR 5-2 (2024).

[6] DUCivR 5-3.

[7] *Id.*

[8] The Local Rules provide:

> If the sole basis for proposing that the Document be sealed is that another party designated it as confidential or for attorneys' eyes only, then so state that reason in the motion. If the designating party seeks to have the Document remain under seal, the designating party must file a Motion for Leave to File Under Seal in accordance with DUCivR 5-3(b)(2) within 7 days of service of the motion. If the designating party does not file a motion within 7 days, the original motion may be denied, and the Document may be unsealed without further notice.

The court addressed the 7-day deadline to file a motion to maintain under seal in a separate order entered on July 15, 2025. ECF No. 86.

Notwithstanding the presumption of open court records and the common-law right of access to judicial records,[9] the right of access is not absolute.[10] "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[11] "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[12]

## II.    MavorCo's Motion for Leave to File Sealed Document (ECF No. 84).

MavorCo moves the court maintain permanently under seal its Reply Brief in Support of its Motion for Extension of Time to file a motion for leave to maintain documents under seal. MavorCo argues that good cause exists to maintain the unredacted version of its Reply Brief under seal because the redacted portions contain privileged and or confidential information. In essence the content of this information contains "sensitive, proprietary, and competitive information".[13] The public interest in this information is minimal and this court has allowed such competitive business information to remain under seal.[14]

The court agrees with MavorCo that the public interest in this business information is small and therefore the Motion is GRANTED.

---

[9] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) ("Courts have long recognized a common-law right of access to judicial records.").

[10] *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).

[11] *Id.* (citation modified).

[12] *Id.* (citation modified).

[13] MAVORCO'S MOTION FOR LEAVE TO FILE UNDER SEAL MAVORCO'S UNREDACTED REPLY BRIEF IN SUPPORT OF ITS MOTION FOR EXTENSION OF TIME at 2, ECF No. 84.

[14] *See*, *e.g., Eagle View Techs., Inc. v. Nearmap US, Inc.*, No. 2:21-CV-00283, 2024 WL 4135344, at *2 (D. Utah Sept. 10, 2024) (concluding that "The public's interest in access to the more detailed information contained in the opposition is minimal at this stage, and it is outweighed by Nearmap's competitive business interests. Therefore, the unredacted version of the opposition shall remain sealed until otherwise ordered.").

III.    **MavorCo's Motion to Seal (Maintain Documents Under Seal) (ECF No. 87).**

MavorCo seeks to maintain certain redacted portions of Blendtec's Response under seal.[15] These redacted portions describe in detail sealed exhibits that contain confidential information such as "marketing strategies, financial information, and intellectual property enforcement and protection strategy."[16] The court finds countervailing interests in this competitive business information that outweighs the public interest in the information. Thus, this Motion is GRANTED.

IV.    **MavorCo's Motion to Maintain Documents Under Seal (ECF No. 88).**

Defendants moves the court to maintain under seal certain exhibits to Blendtec's Supplemental Brief.[17] MavorCo further seeks to maintain under seal certain portions of Blendtec's Supplemental Brief that discuss these exhibits. The Exhibits and requested portions of Blendtec's brief "consist of documents that were produced by BlendJet and had been designated as containing Confidential – Attorneys' Eyes Only information."[18] Specifically, the information pertains to certain business strategies such as marketing and intellectual property enforcement and protection strategies, and confidential business information.

---

[15] These pages are listed as "Page 3; • Page 5 (discussing Exhibits 80 and 81); Page 6 (discussing Exhibits 70 and 71); Page 7 (discussing Exhibits 76–78); Page 8 (discussing Exhibits 56 and 57); and Page 9 (discussing Exhibit 71)."

[16] MAVORCO'S MOTION TO MAINTAIN DOCUMENTS UNDER SEAL at 3, ECF No. 87.

[17] The Exhibits listed are "a. Exhibit 4 (D.I. 72-4); b. Exhibit 7 (D.I. 72-7); c. Exhibits 55-58 (D.I. 72-55 through 72-58); d. Exhibits 60-62 (D.I. 72-60 through 72-62); e. Exhibit 64 (D.I. 72-63); f. Exhibits 70-71 (D.I. 72-67 through 72-68); g. Exhibits 76-78 (D.I. 72-72 through 72-74); and h. Exhibits 80-81 (D.I. 72-76 through 72-77)." MAVORCO'S MOTION TO MAINTAIN UNDER SEAL PLAINTIFF'S UNREDACTED SUPPLEMENTAL BRIEF IN SUPPORT OF ITS PRELIMINARY INJUNCTION MOTION AND CERTAIN EXHIBITS THERETO at 2, ECF No. 88.

[18] *Id.* at 5.

In response, Blendtec "does not oppose MavorCo's Motion to Maintain Seal based on its claim that the documents contain its confidential and proprietary information."[19] However, these documents are part of the privilege claims addressed in the court's order addressing Blendtec's Rule 26(b)(5)(B) motion.

Based on Blendtec's response, and for good cause shown, MavorCo's Motion to Maintain Documents Under Seal is GRANTED. The claims of protection by the attorney-client or work product privilege are addressed in the court's other order.

### V.     Blendtec's Motion to Maintain Documents Under Seal (ECF No. 100).

Blendtec moves the court to maintain under seal documents filed by Defendant MavorCo (ECF No. 98), specifically "Exhibits 1, 6-7, 12, 15-17, and 20-22 to MavorCo's Supplemental Brief in Opposition to Plaintiff's Motion for a Preliminary Injunction and portions of MavorCo's Supplemental Brief that either quote and/or describe these exhibits."[20] In support of this request, Blentec sets forth the sensitive nature of these documents. For example, Exhibit 1 contains confidential information related to competitive brands in the marketplace and Blendtec's confidential enforcement policies. Exhibit 6 "contains confidential information related to Blendtec's customer service and other quality control processes."[21] And Exhibit 7 "contains Blendtec's marketing, sales, and financial information, as well as a competitive analyses."[22]

---

[19] BLENDTEC'S RESPONSE TO MAVORCO'S MOTION TO MAINTAIN UNDER SEAL BLENDTEC'S UNREDACTED SUPPLEMENTAL BRIEF IN SUPPORT OF ITS PRELIMINARY INJUNCTION MOTION AND CERTAIN EXHIBITS THERETO at

[20] BLENDTEC'S MOTION TO MAINTAIN UNDER SEAL DOCUMENTS FILED BY MAVORCO AS ECF NO. 98 at 1-2, ECF No. 100.

[21] *Id.* at 3.

[22] *Id.*

In sum, after considering the request, the court finds Blendtec has met its burden to restrict access to this information. Most of this information is competitive business information that courts have sealed.[23] Accordingly, Blendtec's Motion is GRANTED.

**VI.    MavorCo's Motion to Seal (Maintain Documents Under Seal) (ECF No. 101).**

MavorCo seeks to maintain under seal the unredacted version of Blendtec's FRCP 26(b)(5)(B) Motion along with Exhibit 5 to that motion. MavorCo argues they should be maintained under seal because they contain privileged information. The undredacted version of Blendtec's Rule 26(b)(5)(B) Motion substantively discusses information that is the subject of attorney-client and/or attorney work product.

The court finds MvorCo has met its burden to maintain under seal the unredacted version of Blendtec's FRCP 26(b)(5)(B) Motion along with Exhibit 5. Any public interest in the information is outweighed by proprietary business information including business strategies. Accordingly, this Motion is GRANTED.

### Conclusion and Order

For the reasoning set forth above,

the respective Motions to Seal, ECF Nos 84, 87, 88, 91, 100, and 101 are granted.

IT IS SO ORDERED.

DATED this 26 September 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

[23] *See*, *e.g.*, *Eagle View Techs.,* 2024 WL 4135344, at *2.