THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **BLENDTEC INC.**, a Utah corporation,<br><br>　　Plaintiff,<br><br>vs.<br><br>**BLENDJET INC.**, a Delaware corporation, **MAVORCO HOLDINGS, LLC**, a Delaware limited liability company, **MAVORCO IP**, **LLC** Delaware limited liability company, and **MAVORCO OPERATIONS, LLC**, a Delaware limited liability company.<br><br>　　Defendants. | **SCHEDULING ORDER**<br><br>Civil No. 2:25-cv-00096-RJS-DBP<br><br>Judge Robert J. Shelby<br>Chief Magistrate Judge Dustin B. Pead |

Under Fed. R. Civ. P. 16(b), the Local Rules of Practice, and the Order to Propose Schedule, if applicable, an Attorney Planning Meeting has been held and the Attorney Planning Meeting Report has been completed. The following deadlines may not be modified without a court order consistent with Fed. R. Civ. P. 16(b)(4) and DUCivR 83-5.

**DEADLINES ARE 11:59 P.M. ON THE DATE INDICATED UNLESS EXPRESSLY STATED OTHERWISE**

**1. PRELIMINARY MATTERS**

| | | | |
|---|---|---|---|
| a. | | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | *10/20/25* |
| b. | | Participants: *(include the name of the party and attorney, if applicable)*<br><br>● Brett Foster, counsel for Plaintiff Blendtec, Inc. | |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | • Lucy Jewett Wheatley and Claire Eller, counsel for the MavorCo Defendants. |   |   |
| c. |   | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | <u>11/03/25</u> |   |
| d. |   | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

2. **PROTECTIVE ORDER**

|   |   |   |   |   |
|---|---|---|---|---|
| a. |   | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. |   | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)*<br><br>Discovery in this matter will require the exchange of nonpublic, competitively sensitive, and proprietary information, including detailed sales data, customer and vendor information, marketing plans and strategies, product design and development materials, and similar trade-secret and commercially sensitive information. Public disclosure or unrestrained dissemination of this information would risk concrete competitive harm, undermine ongoing business relationships, and potentially violate confidentiality obligations owed to third parties.<br><br>With respect to the parties' privilege logs, the parties recognize that Dorsey & Whitney has represented Blendtec in a prior litigation filed in this district against BlendJet Inc. (Case No. 2:21-cv-668), and that McGuireWoods LLP has represented MavorCo in the transaction that resulted in MavorCo acquiring certain assets from BlendJet Inc. The parties have agreed that privileged communications between these law firms and their clients need not be listed on the parties' respective privilege logs. In addition, the parties agree that privileged communications occurring after February 11, 2025, the date the original complaint was filed, need not be listed on the privilege logs. |   |   |

|  |  |  |  |  |
|---|---|---|---|---|
| c. |  | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court. The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)* Not applicable. |  |  |
| d. |  | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)* Not applicable. |  |  |

3. **DISCOVERY PLAN**

|  |  |  |  |  |
|---|---|---|---|---|
| a. |  | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. |  | Discovery Subjects: *(describe the subject areas in which discovery will be needed)* Among other things, discovery will be conducted by Plaintiff on issues related to its trademark infringement and related claims against Defendants. Plaintiff will also conduct discovery related to its successor liability claims against MavorCo, including but not limited to documents related to the transaction between Blendjet and MavorCo, the relationship between MavorCo and Blendjet, communications between MavorCo and Blendjet and between MavorCo and Blendjet's current and former employees, owners, or representatives, and MavorCo's sales documents and financial statements among other things. |  |  |

|    |    |    |
|----|----|----|
|    |    | MavorCo will conduct discovery on all issues related to their affirmative defenses and counterclaims. |
|    |    | Although the foregoing represents the anticipated scope of discovery at this early juncture, the parties expressly reserve the right to seek discovery to the full extent provided by Rule 26 of the Federal Rules of Civil Procedure. |
| c. |    | <u>Discovery Phases</u>:<br>• Will discovery be conducted in phases? If so, please explain.<br><br>   The parties will engage in fact discovery, followed by expert discovery.<br><br>• Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates.<br><br>   The parties do not anticipate any need for discovery to be limited or focused on particular issues. |
| d. |    | <u>Electronically Stored Information</u>: (describe how the parties will handle discovery of electronically stored information)<br><br>The parties agree to negotiate and stipulate to an ESI Protocol that will govern all aspects of the discovery of electronically-stored information in this case – including, but not limited to, setting conventions for the discovery of custodial and non-custodial ESI, production of metadata, and the format of production of ESI. |

**4. FACT DISCOVERY**

|    |    |    |    |
|----|----|----|----|
| a. | Fact Discovery Limitations— |    |    |
|    | 1. | Maximum number of depositions by Plaintiff:[1] | <u>10</u> |
|    | 2. | Maximum number of depositions by Defendant: | <u>10</u> |

---

[1] Expert witness depositions do not count toward the limit on the maximum number of depositions for either party. Fed. R. Civ. P. 30(b)(6) depositions count as one deposition for this limit regardless of the number of witnesses designated to cover the Fed. R. Civ. P. 30(b)(6) deposition topics.

|   |   |   |   |
|---|---|---|---|
|   | 3. | Maximum number of hours for each deposition:[2] (*unless extended by agreement of parties*) | *7* |
|   | 4. | Maximum interrogatories by any party to any party: | *25* |
|   | 5. | Maximum requests for admissions by any party to any party: | *30* |
|   | 6. | Maximum requests for production by any party to any party: | *50* |
|   |   |   |   |
| b. | Other Fact Discovery Deadlines— |   |   |
|   | 1. | Deadline to serve written discovery: | *03/20/26* |
|   | 2. | Deadline for fact discovery to close: | *04/30/26* |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**[3]

| a. | Deadline to file a motion to amend pleadings— |   |   |
|---|---|---|---|
|   | 1. | Plaintiffs: | *01/09/26* |
|   | 2. | Defendants: | *01/09/26* |
|   |   |   |   |
| b. | Deadline to file a motion to join additional parties— |   |   |
|   | 1. | Plaintiffs: | *01/09/26* |
|   | 2. | Defendants: | *01/09/26* |

6. **EXPERT DISCOVERY**

| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— |   |   |
|---|---|---|---|
|   | 1. | Parties bearing the burden of proof: | *05/28/26* |
|   | 2. | Parties not bearing the burden of proof: | *06/29/26* |
|   |   |   |   |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— |   |   |
|   | 1. | Parties bearing the burden of proof: | *05/28/26* |
|   | 2. | Parties not bearing the burden of proof: | *06/29/26*[4] |

---

[2] The 7-hour time limit on depositions refers to the amount of time spent on the record. An expert shall be deposed for no more than 7 hours on the record for each expert report and declaration that he or she serves, absent leave of the Court for good cause shown. The parties will cooperate to decide on the time limits for witnesses designated under Fed. R. Civ. P. 30(b)(6).

[3] Counsel must still comply with the requirements of Fed. R. Civ. P. 15(a).

[4] The parties are proposing to set the deadline for filing the notice of designation for the party not bearing the burden of proof and corresponding expert reports for June 29, 2026 (one month after the deadline for opening expert reports) based on Plaintiff Blendtec's current representation that it will not conduct a new likelihood of confusion survey and will instead rely solely on the survey it has already conducted and produced. However, should Blendtec subsequently conduct and produce a new survey, the parties agree that MavorCo shall have sixty (60) days from the date of service of such new survey to serve its expert report on the issues for which MavorCo does not bear the burden of proof. In such event, Blendtec will agree

|   | 3. | Rebuttal reports, if any: |   | *07/28/26* |
|---|---|---|---|---|
| c. | Deadline for expert discovery to close: |   |   | *08/25/26* |

### 7. OTHER DEADLINES AND TRIAL-RELATED INFORMATION[5]

| | | | | |
|---|---|---|---|---|
| a. | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | | | *10/15/26* |
| b. | Deadline for filing a request for a scheduling conference for the purpose of setting a trial date if no dispositive motion are filed: | | | *10/22/26* |

At the time of argument on motions for summary judgment, the court will discuss the scheduling of trial. Counsel should come to the hearing prepared to discuss possible trial dates. If the schedule set forth herein is not extended, the parties can generally expect that trial will be set sometime during the 2nd quarter of 2027.

DATED this 23 October 2025.

_____
Dustin B. Pead
United States Magistrate Judge

---

and stipulate that the deadline for rebuttal expert reports and all subsequent case deadlines shall be extended by thirty (30) days, and the parties will jointly move the Court to amend the case schedule accordingly.

[5] The court will enter the date in Section 7.b.