THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| BLENDTEC INC., a Utah Corporation,<br><br>Plaintiff,<br>v.<br><br>BLENDJET INC., a Delaware corporation, MAVORCO HOLDINGS, LLC, a Delaware limited liability company, MAVORCO IP, LLC, a Delaware limited liability company, and MAVORCO OPERATIONS, LLC, Delaware limited liability company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MAVORCO'S MOTION TO MAINTAIN UNDER SEAL PLAINTIFF'S UNREDACTED MOTION FOR DEFAULT JUDGMENT AND THE EXHIBITS THERETO<br><br>Case No. 2:25-cv-96 RJS DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Before the court is Defendants' Motion to Seal Plaintiff's Unredacted Motion for Default Judgment and Exhibits.[1] Specifically MavorCo seeks to maintain under seal Plaintiff's Motion for Default Judgment which contains unredacted dollar figures on certain pages and the attached exhibits. MavorCo avers the redacted sums and exhibits reveal sensitive financial information pertaining to the calculation of Blendtec's requested corrective advertising damages and disgorgement of profits.

"Whether judicial records and other case-related information should be sealed or otherwise withheld from the public is a matter left to the sound discretion of the district court."[2] Courts have long recognized a common-law right of access to judicial records.[3] This

---

[1] ECF No. 161.

[2] *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978)).

[3] *Nixon V. Warner Commc'ns, Inc*, 435 U.S. 589, 597, 98 S.Ct. 1306; *Lanphere & Urbaniak v. Colorado*, 21 F.3d 1508, 1511 (10th Cir. 1994).

right, however, is not absolute. The "presumption of access ... can be rebutted if countervailing interests heavily outweigh the public interests in access."[4] "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption."[5] This court has found certain interests outweigh the presumption of access.[6]

A party may overcome the presumption of public access where, for example, the records contain "business information that might harm a litigant's competitive standing,"[7] "Confidential financial information is often sealed where its disclosure could cause competitive harm."[8]

Here, the court is persuaded by Defendants that the information should remain under seal as it contains sensitive information that the public has a minimal interest in. This type of information is similar to sales, pricing, and market share data that has been sealed by another court.[9] Therefore, having considered the motion filed by Defendants to Maintain Under Seal Plaintiff's Unredacted Motion for Default Judgment and the Exhibits Thereto, the court hereby GRANTS the Motion and orders that Plaintiff's Unredacted Motion for Default Judgment, which contains unredacted dollar figures on Pages i, 8, 9, and 10 (the "Redacted Sums"), as well as the exhibits thereto, are permanently sealed.

---

[4] *Rushford v. New Yorker Magazine, Inc*., 846 F.2d 249, 253 (4th Cir. 1988).

[5] *Id.*

[6] *Dovbysh v. Mut. of Enumclaw Ins. Co*., No. 2:21-cv-690-HCN-DBP, 2022 WL 17128816, at *2 (D. Utah Nov. 22, 2022).

[7] *Nixon.*, 435 U.S. at 598; *see also Braun v. Medtronic Sofamor Danek, Inc*., 719 F. App'x 782, 801 n.8 (10th Cir. 2017) ("Even a cursory review of the documents in question confirms that they do contain sensitive, proprietary information concerning Medtronic's business practices and potentially sensitive technical and financial data…. For most of the documents in question, we see no reason why they should not be sealed.").

[8] *AH Aero Serv., LLC v. Heber City*, 2020 WL 5135819 at *5 (D. Utah Oct. 19, 2020).

[9] *In re EpiPen*, No. 17-md-2785-DDC-TJJ, 2019 WL 2490670, at *1 (D. Kan. June 14, 2019) (unpublished) (granting motion to seal "sales, pricing, and market share data," absent showing information was substantively relevant).

IT IS SO ORDERED.

DATED this 21 January 2026.

_____
Dustin B. Pead
United States Magistrate Judge